Keith Mathews
*Pro Hac Vice*
Associated Attorneys of New England
PO Box 278
Manchester, NH 03105
Ph. 603-622-8100
keith@aaone.law

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORONAVIRUS REPORTER, CALID INC on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>APPLE INC.,<br>FEDERAL TRADE COMMISSION<br>Defendants. | CAND Docket: 19-cv-03074-YGR<br><br><br><br><br><br>**PLAINTIFF'S OBJECTION TO APPLE INC.'S RULE 6-3 MOTION TO ENLARGE TIME TO RESPOND TO PLAINTIFFS' COMPLAINT** |

**PLAINTIFFS' OBJECTION TO APPLE INC.'S RULE 6-3 MOTION TO ENLARGE TIME TO RESPOND TO PLAINTIFFS' COMPLAINT**

Apple emailed Plaintiffs' counsel on Monday, requesting assent for a thirty-day extension to file a fifth motion to dismiss for failure to state a claim. Not obtaining Plaintiff's assent, Apple proceeded to file a motion for enlargement of time, stating to the Court it would file a MTD "or Answer." While in isolation the Defendant's request would of course seem reasonable, the sum total of extensions requested by Apple against the Plaintiffs lay bare that Apple's tactic with this case is to delay in bad faith which runs contrary to the intent of the Federal Rules of Civil Procedure. This case has not been answered in nearly eight months, causing prejudice to the Plaintiffs. Were Apple to receive an additional thirty days to file yet another MTD, an Answer to this case would be filed no earlier than January 2022, a full year after filing the claim. In light of a pending preliminary injunction, this is particularly inappropriate and prejudicial.

Dr. Robert Roberts is 81 years old; he was 79 when he requested Apple distribute the app he authored. This case was filed due to the unlawful blocking of his app from the app store, preventing the accomplished cardiologist from contributing to the world wide coronavirus response. Dr. Roberts is not one to waste time, his MBCK test is used when seconds – not minutes – matter in a patient's life. Apple, on the other hand, plainly, unethically desires to rob this doctor of time.  Justice delayed in this case is Justice prevented. Dr. Roberts works day and night at the University of Arizona to continue to leave his mark on society. Although he submitted this app as a "startup," he did indicate to Apple in writing that he had institutional resources from the University of Arizona available to support the app. We need to promptly move forward into discovering and adjudicating why Apple felt it could block him, and the University of Arizona, from helping with the pandemics.

Additionally, it is noted that in March 2020, Coronavirus Reporter put Apple on notice that litigation, and specifically and an injunctive request were pending. Plaintiff waited a reasonable six months or so to assess the direction of the pandemic, and filed the claim in January 2021. Immediately, Plaintiff began discussions with Apple regarding a policy change to open the App Store review to due process. Apple only responded to that proposal last week – stating discussions would be "unproductive."[1]

It is abundantly clear to Plaintiff that Apple, flaunting its "good guy" reputation, will ask for every extension of time humanly possible, and resist multi-national efforts to open the App Store, to get every last day out of their "most lucrative business model in history." But there are other "good guys" in the world, and Apple is encroaching on their rights. The Court is in the position to alter how the world uses the smartphones they pay for; this is a significant decision to say the least. In fairness to the Court, the public, and the Plaintiffs, an Answer would be most beneficial in fairly adjudicating the pending motion for preliminary injunction. It should be produced without delay.

To delay relief to an independent scientist working on cures, remedies, or other mitigating discovery for any amount of time is both unfair and detrimental to him and society at large. Here this is not just an extension of a couple of weeks but the continuation of dilatory tactics that Apple has employed since the origination of this suit. This matter was originally filed in New Hampshire the 19th of January, 2021. (See. *Coronavirus Reporter et al. v. Apple*, Inc., 1:21-cv-00047-LM Doc. 1). On February 5th, 2021 Plaintiff assented to Apple's first extensions to extend time for an answer until April 12th, 2021 which was granted (See. Id. Docs. 7, 8). Apple then filed a motion to transfer venue on March 11th. (See. Id. Doc. 19).  Plaintiff amended

---

[1] Plaintiff's developer specifically stipulated during a settlement call that this proposal would be exempt from such privilege under Evidence Rule 403. Dr. Robert's daughter a bioethics attorney in England was present for this call as were numerous other witnesses but Gibson Dunn of course now disputes this fact.

his complaint after which Apple filed an expedited motion to extend time to respond to the complaint until after its motion to change venue was heard, knowing that this would be several months Plaintiff objected. (See. Id. Doc. 21, 23). Apple, again refusing to answer the complaint filed a motion to dismiss on March 12, 2021. (See. Id. Doc. 26). On the 26th of March Plaintiff amended his complaint mooting that motion. (See. Id. Doc. 27). Two days later Apple filed a motion to extend time to answer the complaint, again seeking to extend the deadline until after the change in venue motion was granted. (See. Id. Doc. 28). After all of this motion practice Defendants' once again filed a motion to dismiss on May 10, 2021, this motion was eventually mooted by the Court's granting of the motion to transfer venue. (See Id. Doc. 32, 33).[2]

The following table, for the Courts' convenience, lists Apple's extensive motion practice, including no less than six motions to extend time, three filed as "expedited" or "emergency" requests:

*New Hampshire (case 21-cv-47-LM)*

| 02/05/2021 | 7 | Assented to MOTION to Extend Time to Answer to April 12, 2021 filed by Apple, Inc..(O'Shea, Kevin) (Entered: 02/05/2021) |
|---|---|---|
| 03/11/2021 | 19 | MOTION to Change Venue Pursuant to 28 U.S.C. § 1404(a) filed by Apple, Inc..Follow up on Objection on 3/25/2021. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law, # 2 Exhibit (Affidavit) (Declaration of Mark Rollins), # 3 Exhibit A (Developer Agreement), # 4 Exhibit B (DPLA), # 5 Exhibit C (DPLA), # 6 Exhibit D (App Store Review Guidelines), # 7 Exhibit E (Ensuring Credibility COVID Policy))(O'Shea, Kevin) (Entered: 03/11/2021) |
| 03/25/2021 | 21 | MOTION to Extend Time to Answer to Date to Be Set By Court Expedited Motion filed by Apple, Inc..Follow up on Objection on 4/8/2021. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Moore, Allyson) (Entered: 03/25/2021) |

---

[2] A case has also been filed against Apple for anti-trust violations in the District Court for the District of Maine by undersigned counsel. Primary Productions, LLC v. Apple Inc., 2:32-cv-137. That case was filed on May 17th, 2021, Apple has not Answered that complaint either, filing two extensions of time and a motion to dismiss.

| 04/12/2021 | 26 | MOTION to Dismiss for Failure to State a Claim filed by Apple, Inc..Follow up on Objection on 4/26/2021. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law In Support of Motion, # 2 Exhibit (Affidavit) O'Shea Declaration, # 3 Exhibit A to O'Shea Declaration)(O'Shea, Kevin) (Entered: 04/12/2021) |
| --- | --- | --- |
| 04/28/2021 | 28 | MOTION to Extend Time to Answer to After Decision on Pending Motion to Transfer Expedited Motion filed by Apple, Inc..Follow up on Objection on 5/12/2021. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(O'Shea, Kevin) (Entered: 04/28/2021) |
| 05/10/2021 | 32 | MOTION to Dismiss for Failure to State a Claim filed by Apple, Inc..Follow up on Objection on 5/24/2021. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law Memo in Support of Motion, # 2 Exhibit (Affidavit) O'Shea Declaration, # 3 Exhibit A to O'Shea Declaration, # 4 Exhibit B to O'Shea Declaration, # 5 Exhibit C to O'Shea Declaration, # 6 Exhibit D to O'Shea Declaration, # 7 Exhibit E to O'Shea Declaration, # 8 Exhibit F to O'Shea Declaration)(O'Shea, Kevin) (Entered: 05/10/2021) |

From Maine (21-cv-137-JR)

| 06/03/2021 | 4 | MOTION to Extend Time to File Answer re 1 Complaint,, by APPLE INC Responses due by 6/24/2021. (BRANN, PETER) (Entered: 06/03/2021) |
| --- | --- | --- |
| 07/12/2021 | 17 | MOTION to Dismiss for Lack of Jurisdiction and Failure to State a Claim by APPLE INC Responses due by 8/2/2021. (Attachments: # 1 Affidavit Peter Brann, # 2 Exhibit A - Apple Developer Agreement, # 3 Exhibit B - Apple Developer Program License, # 4 Exhibit C - App Store Review Guidelines, # 5 Exhibit D - Coronavirus Reporter v Apple, # 6 Exhibit E - Epic Games v Apple, # 7 Exhibit F - Cameron v Apple, # 8 Exhibit G - SaurikIT LLC v Apple)(BRANN, PETER) (Entered: 07/12/2021) |
| 07/12/2021 | 18 | MOTION to Change Venue by APPLE INC Responses due by 8/2/2021. (Attachments: # 1 Affidavit Mark Rollins, # 2 Exhibit A - Developer Agreement, # 3 Exhibit B - DPLA, # 4 Exhibit C - App Store Review Guidelines)(BRANN, PETER) (Entered: 07/12/2021) |
| 08/06/2021 | 23 | MOTION to Extend Time to File Answer by APPLE INC Responses due by 8/27/2021. (BRANN, PETER) (Entered: 08/06/2021) |

To be clear, an Answer is not forthcoming from Apple, and a MTD would be entirely frivolous. Setting aside Apple's sanctionable claims that Dr. Roberts' claims are "in disregard for the law," Apple has also acknowledged that one (of nine) causes of action are verbatim identical to Epic claims that proceeded to bench trial, and/or are pending post-MTD status in *Cameron*. Furthermore, Apple, last week, asserted this lawsuit was so similar to *Cameron* as to warrant consolidation. Under the doctrine of judicial estoppel, a party is precluded from "having it both ways," and filing such plainly contradictory pleadings. Therefore, the court may find Apple estropped in arguing this motion to extend to file a MTD.

Given the litany of motions filed to extend it is clear that Apple intended to put off answering these claims for as long as possible. The Motions to Dismiss filed in the New Hampshire case are delay tactics as well as they had no prospect of success. This motion is not the first request for an extension, as the Defendants would have this Court believe, but the most recent in a long line of many. This is a request for an extension made nearly eight months after a complaint was filed, a full year without an Answer to the complaint is unacceptable and unjust.

Under *Ahanchian v. Xenon Pictures Inc.*, a motion for extension of time should be granted "in the absence of bad faith on the part of the party seeking relief prejudice to the adverse party." 624 F.3d 1253, 1258-59 (9th Cir. 2010). Here by delaying eight months we have both. Apple, Inc. has filed endless motions to avoid answering this complaint and delay justice for Dr. Roberts in bad faith. Given Dr. Roberts age he is running out of time to seek the justice he deserves.

## CONCLUSION

This extension is unreasonable as it is requested in bad faith and prejudicial to the Plaintiffs. The Defendants have filed a litany of motions to delay answering the Plaintiffs'

complaint and this behavior cannot be allowed to continue. Plaintiffs respectfully request that this Court deny the Defendant's motion to extend.

Respectfully submitted, this 11th day of August 2021.

/s/ Keith Mathews
Keith Mathews
*Pro Hac Vice*
NH Bar No. 20997
Associated Attorneys of New England
PO Box 278
Manchester, NH 03105
Ph. 603-622-8100
keith@aaone.law

## CERTIFICATE OF SERVICE

I, Keith Mathews, do declare as follows:

I certify that a copy of the foregoing was delivered electronically to counsel for the Defendants with counsel, and emailed to those without known counsel.

Executed on this 11th day of August 2021.

/s/ Keith Mathews
Keith Mathews
Attorney for Plaintiffs