1  GIBSON, DUNN & CRUTCHER LLP
   MARK A. PERRY (SBN 212532)
2   mperry@gibsondunn.com
   RACHEL S. BRASS (SBN 219301)
3   rbrass@gibsondunn.com
   555 Mission Street, Suite 3000
4  San Francisco, CA 94105-0921
   Telephone: (415) 393-8200
5  Facsimile:  (415) 374-8429

6  *Attorneys for Apple Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| CORONAVIRUS REPORTER, CALID INC., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., FEDERAL TRADE COMMISSION,<br><br>Defendants. | Case No. 3:21-CV-05567-EMC<br><br>**DEFENDANT APPLE INC.'S NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING** |
|---|---|

Pursuant to Civil Local Rule 3-13, Defendant Apple Inc. ("Apple") hereby notifies the Court of the pendency of *Primary Productions LLC v. Apple Inc.*, No. 2:21-cv-00137-JDL (D. Me. May 17, 2021). *Primary Productions* is related to the above-captioned action. The District of Maine has ordered *Primary Productions* transferred to the Northern District of California, noting that *Primary Productions* is "similar" to an earlier iteration of this action. A true and correct copy of the Order on Motion to Transfer Venue is attached hereto as Exhibit A.

*Primary Productions* meets the criteria listed in Rule 3-13(a) because it "involves all or a material part of the same subject matter and all or substantially all of the same parties." Specifically, *Coronavirus Reporter* and *Primary Productions* (all plaintiffs represented by the same counsel) each bring nine identical counts against Apple: Sherman Act Section 2 claims for monopolization and attempted monopolization (Counts I, II, and IV); an essential facility claim (Count III); a Section 1 unreasonable-restraint claim (Count V); a tying claim (Count VI); two contract claims (Counts VII and VIII); and a Racketeering Influenced Corrupt Organization Act claim (Count IX). The three classes proposed by each action—and thus the parties to be involved in the case—are likewise essentially identical. Moreover, the latest complaint in *Primary Productions* includes allegations about plaintiffs in *Coronavirus Reporter*, *see, e.g.*, Am. Compl. ¶ 260, ECF No. 21, *Primary Productions*. Filings made by the *Coronavirus Reporter* plaintiffs have similarly referred to a "related case in Maine," which is *Primary Productions*. Mot. for Prelim. Inj. ¶¶ 53, 64, ECF No. 20, *Coronavirus Reporter*. For the Court's convenience, Apple has attached hereto as Exhibit B a true and correct copy of a redlined version of the Amended Complaint in *Primary Productions* compared to the Complaint in *Coronavirus Reporter*.

Given the overlap in subject matter, claims, putative classes, likely witnesses, counsel, and case posture, Apple believes that there will be significant coordination and efficiency benefits to consolidating these two cases. Apple therefore requests that they be consolidated and assigned to Judge Edward M. Chen. At a minimum, they should be related.\*

---

\* If the Court does not wish to consolidate the cases, Apple intends to file a motion to extend time to file a response in *Primary Productions* as soon as that case receives a Northern District of California docket number. Apple's response is currently due August 16, 2021, and the transferor court did not vacate that deadline. Apple's motion would seek to align the response deadlines in *Coronavirus*

Dated: August 16, 2021

Respectfully submitted,

By:    /s/ *Rachel S. Brass*
         Rachel S. Brass

GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (SBN 212532)
 mperry@gibsondunn.com
RACHEL S. BRASS (SBN 219301)
 rbrass@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: (415) 393-8200
Facsimile: (415) 374-8429

*Attorneys for Apple Inc.*

---

*Reporter* and *Primary Productions*, such that Apple's response to both complaints would be due on August 23, 2021. Apple also intends, at the same time, to file an administrative motion to relate the two cases under Local Rule 3-12(b).