Keith Mathews
Associated Attorneys of New England
PO Box 278
Manchester, NH 03105
Ph. 603-622-8100
keith@aaone.law

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORONAVIRUS REPORTER,<br>CALID INC,<br>PRIMARY PRODUCTIONS LLC,<br>DR. JEFFREY D. ISAACS,<br>on behalf of themselves and all others similarly situated<br><br>      Plaintiffs,<br><br>vs.<br><br>APPLE INC.,<br>FEDERAL TRADE COMMISSION<br><br>      Defendants. | Case No. 3:21-cv-05567-EMC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT APPLE, INC.'S ADMINISTRATIVE MOTION**<br><br>The Honorable Edward M. Chen |

## PLAINTIFFS' OBJECTION TO APPLE'S ADMINISTRATIVE MOTION TO CONSOLIDATION

1. Plaintiffs hereby object to Apple's "administrative" motion to consolidate their objection to Plaintiffs' Motion to Strike with other pending motions. While Apple refers to this as administrative streamlining, the Court must be noticed that this is a blatant attempt to obfuscate the Motion to Strike away from public scrutiny and align the docket in favorable terms to the Defendant. This obfuscation would prejudice Plaintiffs as it could complicate grounds for appeal and result in erroneous press coverage and other ramifications. The docket should be clear as to Apple's position regarding the Motion to Strike; their objection should not be hidden away for the public to infer what pertains to the Motion to Strike, and what pertains to other pending dispositive motions that are futile in light of the *Epic* ruling.

2. Indeed, Apple lost the *Epic* case with regards to California's Unfair Competition Law. Rather than concede that Plaintiffs have a similar claim under UCL, which renders their 12b6 wholly moot and insufficient, apparently Apple wishes to evade a head-on challenge to the issue. They do so with yet another "administrative" motion and yet another request for a continuance – approximately the twelfth request by Apple for a time extension.

3. Worse yet, Apple refused a proper meet and confer on both their pending 12b6, and the pending Motion to Strike. Under the Rules of Professional Conduct, it is now wholly inappropriate for Apple to request yet another extension (stated as one business day, but four full billing days for Gibson Dunn to further gain an advantage over Plaintiffs).

4. Apple should assent to the Motion to Strike, and retract their 12b6 which is futile in light of the *Epic* UCL verdict and a whole host of additional reasons.

5. The Court should not entertain a twelfth request (including Maine and New Hampshire dilatory events) for Apple and their massive law firm to gain leverage over Plaintiffs. Plaintiffs simply sought to develop helpful apps, including Covid-19 apps and top 10 caller ID apps, and voiced antitrust concerns that are being reverberated around the world. For doing

so, they have been bombarded with daily, aggressive, and threatening emails from Apple's counsel.

6. The Court should not allow Apple to engage in relentless, unchecked, and unethical litigation maneuvering. Apple's most recent correspondence last week unconscionably instructs Dr. Isaacs not to participate in litigation correspondence[1]. That email, by Counsel Brass at Gibson Dunn, represents an act of witness intimidation insofar as it improperly instructs a party to a lawsuit not to proceed with necessary court proceeding functions. Gibson Dunn should be removed from this case under California Bar ethics standards: their repeat RICO violations against parties in this case interfere with their ability to represent Apple.

7. For the foregoing reasons, Apple should not be exempted from their requirement to concisely identify what basis, if any, they have for opposing Plaintiff's motion to strike.

Respectfully submitted, this 7th day of October, 2021.

/s/ Keith Mathews
Keith Mathews, *Pro Hac Vice*
Counsel for Coronavirus Reporter, Primary Productions, CALID Inc, and Proposed Class Members
Associated Attorneys of New England
PO Box 278
Manchester, NH 03105
Ph. 603-622-8100
keith@aaone.law

---

[1] Gibson Dunn has informed Dr. Isaacs that he cannot participate in meet & confers and other litigation correspondence, because his so-called "hybrid representation" is impermissible. There is no hybrid representation, this is pure fabrication by Gibson Dunn meant to sound remotely plausible. Dr. Isaacs represents himself and his patents and other intellectual property. This Counsel represents Dr. Roberts' corporation, Coronavirus Reporter, and other corporate entities.

## CERTIFICATE OF SERVICE

I, Keith Mathews, do declare as follows:

I certify that a copy of the foregoing **OBJECTION TO ADMINISTRATIVE MOTION** was delivered electronically to counsel for the Defendants with counsel, and emailed to those without known counsel.

Executed on this 7th day of September, 2021.

/s/ Keith Mathews
Keith Mathews, *Pro Hac Vice*
Associated Attorneys of New England
PO Box 278
Manchester, NH 03105
Ph. 603-622-8100
keith@aaone.law