Keith Mathews
Associated Attorneys of New England
PO Box 278
Manchester, NH 03105
Ph. 603-622-8100
keith@aaone.law

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORONAVIRUS REPORTER,<br>CALID INC,<br>PRIMARY PRODUCTIONS LLC,<br>DR. JEFFREY D. ISAACS,<br>on behalf of themselves and all others similarly<br>situated<br><br>          Plaintiffs,<br><br>vs.<br><br>APPLE INC.,<br>FEDERAL TRADE COMMISSION<br><br>          Defendants. | Case No. 3:21-cv-05567-EMC<br><br>**NOTICE OF RELATED PETITIONS**<br><br>**Hearing**<br><br>Date:      November 4, 2021<br>Time:     1:30PM<br>Place:    Courtroom 5, 17th Floor<br>           (videoconference)<br><br>The Honorable Edward M. Chen |

**NOTICE OF RELATED PETITIONS FOR WRIT OF CERTIORARI TO UNITED STATES SUPREME COURT**

NOTICE IS HEREBY GIVEN of related cases, 21–592 (US) & 21–[Pending] (US), lodged last week with the United States Supreme Court.

The petitions explain how Gibson Dunn has improperly brought Apple into a decade-and-a-half conflict over a USC Medical Dean's involvement in a federal bribery scandal, where an NIH officer used his control over federal funds to secure admission for his child into USC's medical school.

The petitions relate to this case because they describe how Gibson Dunn cited sealed, false, and expunged records from the USC Medical School, with whom they are co-defendant in RICO charges, to dismiss this "landmark Apple antitrust case." The petitions implore the Supreme Court to invoke original jurisdiction and assign a special master to ensure that those proceedings – and potentially this case – are not contaminated by Gibson Dunn's political retaliation against Dr. Isaacs. The petitions further request the High Court issue a declaratory judgement on the matter, to avoid burdening this Court with a complex ancillary issue that has been touched by five different venues over fourteen years.

As described therein, the Petitions document how USC took the unusual step of hiring Gibson Dunn in a student dispute, in order to retaliate against Dr. Jeffrey Isaacs. Isaacs, the programmer for Coronavirus Reporter, and part of Dr. Roberts' app team, had notified the White House in 2018 of an email spoliation matter involving World Bank President Jim Yong Kim. Within three months of said notice to the Executive Branch, Jim Yong Kim resigned from the Presidency. To retaliate, Gibson Dunn falsely stated that USC "never acquitted" Isaacs. Just several months ago, Gibson Dunn lied to the Ninth Circuit and outrageously claimed the acquittal "never had the intent of enforcement." In short, years before this Apple case even began, USC and Gibson Dunn have been defending RICO claims involving evidence destruction, political retaliation, and witness intimidation.

In the present case, Gibson Dunn's representation of Apple represents a true conflict, because the firm has improperly caused Apple to take a position, harmful to Dr. Isaacs, to support Gibson Dunn's defense in that firm's ongoing RICO charges. Counsel alerted the Court to this matter in a footnote in the pending injunction motion.

Specifically, Gibson Dunn's Objection to Preliminary Injunction raised the Isaacs-USC matter for the first time in this case, by incorrectly stating that Apple was

unaware of any medical credentials of CALID on March 7, 2020. That is the date when Plaintiff Coronavirus Reporter first submitted its first-mover COVID-19 tracking app to the App Store. Based upon the false assertion that CALID had no known credentials, the pleading then pretextually justifies a litigation search to "unseal" long-acquitted records of Isaacs. Gibson Dunn suggests that the acquitted matter is somehow relevant to dismissing case, despite the fact that Dr. Isaacs, the app programmer, is Dr. Roberts' junior and subordinate with regards to medical authority. Nonetheless, Gibson Dunn vengefully and illogically posits that a world-renowned physician, who invented the gold-standard test for heart attacks, couldn't bring Dr. Isaacs into his team, because Apple would then be permitted by the Sherman Act to deny any app written by Isaacs. There can be little doubt Gibson Dunn unethically (perhaps without their knowledge) used Apple to assert a false, damaging, and rather desperate claim against Dr. Isaacs.[1]

Apple's own *Kosmynka Declaration* (Dkt 34-1) evidences that on March 7, 2020, Apple was informed properly of CALID's healthcare credentials:

> "Dr Robert Roberts is Chief Medical Officer of CALID, Inc. … [he] a) invented the gold standard screening for heart attacks used for thirty years, b) is head of University of Arizona's Translational Research Center, c) gave astronaut John Glenn medical clearance for the first earth orbit… CALID's team also includes [a physician ]who has a decade ER experience and [an MD/MBA], who is also a computer scientist from Dartmouth and has developed apps that have served over 100 million users."

Despite knowing that Apple had been informed of Dr. Roberts' involvement on March 7, 2020, Gibson Dunn proceeded to justify dismissal of this lawsuit based CALID's credentials supposedly amounting to Dr. Isaacs' sealed, acquitted USC records. This was done to further the RICO enterprise alleged by Dr. Isaacs since 2019 – and as such, was meant to bring Apple into that conflict. Indeed, testimony at the injunction hearing should reveal that Apple's position is, in fact, quite different from Gibson Dunn's.

---

[1] The matter has been adjudicated by several competent authorities, including the American Academy of Medical Colleges, who agreed that Isaacs' record at USC had been sealed and acquitted. A New Hampshire Employment Tribunal concurred. Similarly, Dartmouth College's Program Director Christine Finn testified in a deposition that she agreed with the AAMC's ruling on the matter. Despite this, Dartmouth's lawyers – and USC's lawyers (Gibson Dunn) have used false pleadings forcing Isaacs to spend years trying to enforce the acquittal. Now, opposing counsel uses purported "Noerr-Pennington" immunity to harass Dr Isaacs via false pleadings and dismiss Sherman Act charges without a witness ever testifying. This is precisely why Plaintiffs have noticed the parties that Apple (Mr. Eddy Cue and Mr. Kosmynka) must testify at the preliminary injunction hearing as to the truth of Gibson Dunn's pleadings (on numerous additional grounds regarding contested  Sherman elements).

Counsel requested a Meet & Confer with Gibson Dunn for a proposed Motion for Sanctions, which took place on September 1, 2021. Counsel advised Gibson Dunn that they falsely misrepresented CALID's medical team credentials, by purposely omitting Dr. Roberts' involvement. Counsel advised that Dr. Isaacs' credentials were knowingly misrepresented because Gibson Dunn, apparent administrator of Isaacs' USC academic records, knows that he was "acquitted of all charges of any nature whatsoever." Finally, counsel informed Gibson Dunn that Isaacs' medical credentials were "not relevant" because he was merely the app programmer, and deferred to Dr. Roberts on any medical decisions. Gibson Dunn refused to withdraw the false pleadings, and in fact, re-filed them nearly verbatim in response to the Amended Motion for Preliminary Injunction.

Counsel has made repeated, unanswered requests to Gibson Dunn to show proof of Apple's consent to represent them, in light of the witness conflict. Pursuant to Rule 3.7 "Lawyer as Witness" of the State Bar of California, this is mandatory:

Rule 3.7 Lawyer as Witness
(Rule Approved by the Supreme Court, Effective November 1, 2018)

> (a)  A lawyer shall not act as an advocate in a trial in which the lawyer is likely to be a witness unless: (3)  the lawyer has obtained informed written consent* from the client.

The first petition, Exhibit A, documents the aforementioned false statements made to the Ninth Circuit by Opposing Counsel Gibson Dunn. The second petition, Exhibit B, concerns Gibson Dunn's improper use of California Anti-SLAPP to prevent Dr. Isaacs from enforcing a decade-and-a-half old USC agreement that acquitted him of an academic "attributes of a student physician" (rather than "harassment," as Gibson Dunn falsely pleaded) controversy.

The relevant portions discussing this case – about two pages in total – are herein reproduced for the convenience of all parties.

*Exhibit A Excerpts:*

"In a landmark Apple developer class action antitrust case in the Northern California District, 21-cv-5567-EMC, Gibson Dunn has maliciously unsealed Dr. Isaacs' acquitted USC controversy once again, in an effort to dismiss that Sherman Act case on 12(b)(6) grounds. In February 2020, Dr. Isaacs was part of

a startup that invented the first COVID-19 smartphone tracking app. Apple censored all startups from publishing COVID apps, and hence blocked competing apps to favor their own app that, eighteen months later, remains unavailable in most of the United States. The startup was led by renowned cardiologist Dr. Robert Roberts, who invented the gold standard test for heart attacks that saved immeasurable lives. Despite this seemingly incontrovertible fact, Gibson Dunn employed their all-too-familiar DARVO tactics, and falsely claimed the "vexatious" lawsuit was filed "with disregard for the law." Unwilling to even let Dr. Isaacs work on a COVID app with a Fields' Medal scientist, Gibson Dunn argued that the startup had unacceptable medical credentials because of his acquitted 2006 Keck history." *Page vi.*

"Not only is the interpretation of the settlement agreement relevant, but it is also central to this case and nearly a dozen related cases, including now a landmark Apple antitrust case." *Page 7.*

"Worse yet, Gibson Dunn is actively quoting pleadings such as these in an attempt to shield Apple from antitrust liability and prevent Dr. Isaacs from even working on medical apps, let alone, practicing clinical medicine." *Page 9.*

"For this reason alone, and in the interest of judicial economy in this case, and related cases (including Apple), the United States Supreme Court should address this declaratory matter directly, under the All Writs Act." *Page 23.*

"Intervention by the United States Supreme Court is urgently indicated, because this controversy has grown malignantly to include multiple state medical authorities (AAMC & NH), educational institutions (USC, Dartmouth, Arizona), the World Bank, multinational law firm Gibson Dunn, and now reaches its tentacles into a landmark Apple antitrust actions (see simultaneously filed petition.)" *Page 27.*

**Exhibit B Excerpts:**

"Gibson Dunn seeks to dismiss a landmark Apple anti-trust lawsuit over Petitioner's contested medical credentials." *Page ii.*

"Dartmouth's counsel and Petitioner's attorney Keith Mathews reached a verbal agreement to "bury the hatchet" and meet to discuss re-enrollment with a Dartmouth program. After Isaacs dismissed Dartmouth from the underlying claim, Dartmouth failed to honor their verbal promise. The Court should assume the underlying claims against Dartmouth and Jim Yong Kim will be re-raised.

As such, this case involves retaliation against Petitioner by a party that is/was a United Nations senior consul or quasi-consul. Although Kim wasn't United Nations World Bank President at the time of evidence spoliation, USC, Folt, and Gibson Dunn enacted excessive political retaliation against Petitioner at least in part on Dartmouth and Kim's be- half. In light of a compelling fourteen year pattern of evidence spoliation, absurd anti-SLAPP filings, campus bans by entertainment lawyers, and Ninth Circuit determinations that students can't file retaliation claims, the Court may rightfully conclude that the Respondents-Defendants exert undue influence in the lower courts. A special master may be assigned to ensure the proper adjudication of this case, and the related Apple case, under the United States' Supreme Court's original jurisdiction. Gibson Dunn and Apple should not be able to 12(b)(6) a nationally important anti-trust action filed by a world renowned scientist, simply because Petitioner was part of said scientist's COVID-19 response team. The endless political persecution of Petitioner, now at the highest of institutional significance, must be restrained." *Page 32.*

Dated:          October 25, 2021

/s/ Keith Mathews
Keith Mathews
NH Bar No. 20997
Associated Attorneys of New England
PO Box 278
Manchester, NH 03105
Ph. 603-622-8100
keith@aaone.law

1

**CERTIFICATE OF SERVICE**

2
      I, Keith Mathews, do declare as follows:

3

4
I certify that a copy of the foregoing was delivered electronically to counsel for the
Defendants with counsel, and emailed to those without known counsel.

5

6
      Executed on this 25th day of October 2021.

7

8

9

10
                /s/ Keith Mathews

11
                Keith Mathews
                Attorney for Plaintiff Coronavirus Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28