GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (SBN 212532)
  mperry@gibsondunn.com
RACHEL S. BRASS (SBN 219301)
  rbrass@gibsondunn.com
JULIAN W. KLEINBRODT (SBN 302085)
  jkleinbrodt@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: (415) 393-8200
Facsimile:  (415) 374-8429

*Attorneys for Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CORONAVIRUS REPORTER, CALID INC., PRIMARY PRODUCTIONS LLC, DR. JEFFREY D. ISAACS, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., FEDERAL TRADE COMMISSION,<br><br>Defendants. | Case No. 3:21-CV-05567-EMC<br><br>**DEFENDANT APPLE INC.'S RESPONSE TO PLAINTIFFS' CCP § 1987 NOTICES [DKTS. 66–68]**<br><br>The Honorable Edward M. Chen |

After 11:00 p.m. on October 25, 2021, Plaintiffs filed three "notices" pursuant to California Code of Civil Procedure Section 1987. Dkts. 66–68. These notices purport to require that Mr. Eddy Cue, Apple's Senior Vice President of Services (Dkt. 66); Mr. Trystan Kosmynka, Apple's Senior Director of App Review (Dkt. 68); and Ms. Lina Khan, Chair of the Federal Trade Commission (Dkt. 67) appear for live examination at the hearing scheduled in this case for November 4, 2021. Plaintiffs' notices also suggest that they intend to call an additional, undisclosed witness for live examination. *See* Dkt. 66 at 2 ("Plaintiffs intend to call a total of four witnesses") (emphasis omitted).

Although Plaintiffs' "notices" have no effect in federal court and their filings are improper, Apple files this response in an abundance of caution to make clear that neither Mr. Cue nor Mr. Kosmynka will be appearing to testify (or be cross-examined) at the November 4 hearing. Apple explained this to Plaintiffs' counsel when they initially emailed these notices (and a previous subpoena for Mr. Cue) to Apple's counsel. Given that Plaintiffs proceeded to submit the notices to the Court, Apple sets forth its position on the record. First, because "state civil procedures do not apply in federal court," *Castillo-Antonio v. Hernandez*, 2019 WL 2716289, at *3 (N.D. Cal. June 28, 2019), the notices do not require Apple to produce either witness. Second, Apple also will move to quash the subpoena to Mr. Cue and for a protective order prior to next week's hearing, and object to Plaintiffs' improper request for production of documents. *See* Fed. R. Civ. P. 26(c) & 45(d). That motion will further explain the impropriety of Plaintiffs' state-law notices to Messrs. Cue and Kosmynka.[*]

More importantly, Plaintiffs have not sought, much less obtained, leave to present live testimony at the upcoming November 4 motions hearing. *See* N.D. Cal. L.R. 7-6 ("No oral testimony will be received in connection with any motion, unless otherwise ordered by the assigned Judge."). Plaintiffs filed their preliminary injunction motions on August 8, 2021, and September 24, 2021, making no mention of any plan for live testimony. Nor did they suggest they would seek live testimony in reply, even where Apple pointed out in its oppositions that Plaintiffs' motions were not supported by *any* evidence. Accordingly, the Court has scheduled a hearing for arguments from counsel on Apple's motion to dismiss and Plaintiffs' motions for a preliminary injunction and motion to strike— it is not an evidentiary hearing. Moreover, any motion for leave to present live testimony would be

---

[*] Apple takes no position with respect to the notice addressed to Chair Khan.

futile (as Apple will explain in opposition to such a motion, if Plaintiffs file one); the time to produce evidence in support of a motion was at the time it was filed, not through ambush at a hearing. *See* N.D. Cal. L.R. 65-2 ("Motions for preliminary injunctions unaccompanied by a temporary restraining order are governed by Civil L.R. 7-2."); N.D. Cal. L.R. 7-2(d) ("Each motion must be accompanied by affidavits or declarations."). For the same reason, Apple intends to object to any testimony from a surprise witness that Plaintiffs apparently intend to call to testify at the hearing. *See* Dkt. 66 at 2.

Apple will be prepared to address these issues, as and if necessary, at the hearing on November 4 or any hearing the Court may schedule on the forthcoming motion to quash and for a protective order.

Dated:   October 29, 2021

Respectfully submitted,

By:   */s/ Rachel S. Brass*
            Rachel S. Brass

GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (SBN 212532)
  mperry@gibsondunn.com
RACHEL S. BRASS (SBN 219301)
  rbrass@gibsondunn.com
JULIAN W. KLEINBRODT (SBN 302085)
  jkleinbrodt@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  (415) 393-8200
Facsimile:  (415) 374-8429

*Attorneys for Apple Inc.*