Gmail                                                                                    Jeffrey D I <jeffreydi@gmail.com>

## Re: Coronavirus Reporter et al. v. Apple Inc. et al., No. 3:21-CV-05567-EMC
1 message

**keith aaone.law** <keith@aaone.law>                                                    Sun, Oct 24, 2021 at 8:43 PM
To: "Brass, Rachel S." <RBrass@gibsondunn.com>, "Perry, Mark A." <MPerry@gibsondunn.com>

Rachel and Mark,

I am writing to follow up on the subpoena issue with Mr. Cue. Thank you for your response today. As it turns out, California Code of Procedure Section 1987 is a better way to go about this issue. I am attaching the three notices, pursuant to CCP 1987, for the injunction hearing. Please confirm receipt of these notices by 6PM tomorrow.

As the notice points out, our position since August 8 is that the hearing is an integral part of this motion, and that evidence (and therefore, testimony via cross-examination) would be presented at the hearing.

We sought to streamline this, and in the interests of judicial economy on August 11, I emailed you

> "I am touching base regarding the limited discovery needed by both parties in order to present our respective arguments on the injunction. I have intention of calling Eddy Cue and someone I would expect Apple to identify who has extensive knowledge of Apple's COVID program….
>
> From our end, we are open to questioning and production of specific, reasonable requests, assuming you grant us reasonably similar leeway. I have intention of calling Eddy Cue, and someone I would expect Apple to identify, who has extensive knowledge of Apple's COVID program. We would like documents about other COVID apps that applied early on for App Store distribution, as well as any internal Apple correspondence, and that with Google, about distributing COVID apps or making their own. In exchange, as mentioned, we will open up any info you need about how our product was developed."

Apple refused, on August 13, to engage in any discussion about injunction evidence:
> "Apple will not stipulate to the discovery you propose at this time."

Furthermore, on September 21, your email plainly refused to get & Confer on the evidence we note request from Mr. Kosmynka:

> "A meet and confer is not warranted on any of the issues you raised in your emails below."
in reply to Dr Isaacs email:


That denial of a Meet & Confer, necessary for the underlying preliminary injunction hearing, was in response to an email I had sent you for a Meet & Confer, reiterating a prior request by Plaintiff Dr. Isaacs:

> "I understand you filed the MTD , not having completed a M&C on at least half the elements raised in the MTD filed last hour.

>Additionally, I am awaiting M&C on -Leave to Amend PI and add myself as party (UCL)
>-Evidence spoliation mitigation
>-Leave to Amend SAC (RICO State issues, UCL)
>-Patent Infringement claim discussion - In the interest of settlement, I am willing to offer Apple a substantially reduced price on the Web Caller-ID patent, which frankly could be quite valuable to them."

Further evidencing you and your client's uncooperative nature, after refusing our M & C request you made clear that you would not accept any further requests from Dr. Isaacs, and in fact warned him not to contact you:

"In these circumstances, neither I nor my colleagues may communicate with Mr. Isaacs, directly or indirectly, regarding the litigation or related subjects.  *See* Cal. R. Prof. Conduct 4.2.  We have no intention of doing so."

For the aforementioned reasons, Plaintiffs fully intend to seek a full & fair hearing on this preliminary injunction, and cross-examination is not only appropriate, it is heavily indicated in the circumstances.

Please feel free to contact me if your client changes its mind and would instead prefer to work together on a stipulation for the hearing.

Best,
Keith

---

**From:** Brass, Rachel S. <RBrass@gibsondunn.com>
**Sent:** Sunday, October 24, 2021 4:43 PM
**To:** keith aaone.law <keith@aaone.law>; Perry, Mark A. <MPerry@gibsondunn.com>
**Cc:** Jeffrey Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu>; Michael Kernan <mkernan@kernanlaw.net>
**Subject:** RE: Coronavirus Reporter et al. v. Apple Inc. et al., No. 3:21-CV-05567-EMC

Dear Mr. Mathews,

I am responding to your e-mails of Friday, October 22, at 7:12 AM and 6:54 PM, and Saturday, October 23, at 7:59 PM.

First, we will accept service of the subpoena to Mr. Cue.

Second, we will be filing in due course a motion to quash the subpoena to Mr. Cue, and/or a motion for protective order.   We will also serve objections to the document subpoena.

Third, Mr. Cue will not be appearing at the hearing on November 4, and neither Mr. Cue nor Apple will be producing any documents at or before the hearing on November 4.

Fourth, Apple will oppose any effort by plaintiffs to call any witnesses or introduce any other evidence at the hearing on November 4.  As we have twice pointed out in opposing plaintiffs' motions for a preliminary injunction, those motions are supported by zero evidence.  That is a fatal defect that plaintiffs cannot rectify at the hearing (a point which should be obvious when one considers that the Court may decide the motions on the papers without holding any hearing).

Fifth, and finally, your assertion that Apple has refused to meet and confer on "these issues" is false. The subpoena was e-mailed on Friday morning. You sent follow-up e-mails on Friday evening and Saturday evening. We are responding on Sunday afternoon. We are willing to meet and confer with you on every issue raised in your three e-mails, although we have set forth our positions with clarity herein so that there will be no misunderstanding.

Rachel

Rachel S. Brass
Partner

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8293 • Mobile +1 415.264.5998
RBrass@gibsondunn.com • www.gibsondunn.com


-----Original Message-----
From: Keith Mathews <keith@aaone.law>
Sent: Saturday, October 23, 2021 4:59 PM
To: Brass, Rachel S. <RBrass@gibsondunn.com>; Perry, Mark A. <MPerry@gibsondunn.com>
Cc: Jeffrey Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu>
Subject: Coronavirus Reporter et al. v. Apple Inc. et al., No. 3:21-CV-05567-EMC

[WARNING: External Email]

Rachel and Mark,

I have not received a response from you on my requests yesterday. You are simply avoiding Meet & Confers and won't even respond to Dr. Isaacs. This is particularly inappropriate. As our motion for injunction stated back in August, it is based on "evidentiary materials to be presented at the hearing." We asked you in July to stipulate as to limited discovery, and you have consistently refused Meet & Confer's on this and related issues of missing evidence .


As my email yesterday was 13 days out from the scheduled hearing, I am hoping to reach a joint stipulation and not involve the Court in further motion practice. We suggest a witness list due Friday, with 1 hour per witness, and 30 minutes in arguments by each side. As we intend to call Commissioner Khan, Mr Cue, Dr Roberts, and Dr. Isaacs, we propose a 5 hour hearing. We will need the missing evidence for Caller-ID and the related Coronavirus Reporter documentation asked for in the subpoena.

 I propose the parties agree to exchange all subpoena evidence the morning of the hearing, to avoid videoconferencing problems with ESI presentation, etc. Your prompt response is requested as it would be unfair to postpone this injunction hearing because Apple counsel has refused to Meet & confer on these issues since July, or even respond to Dr. Isaacs.

Regards,

Keith

_____

 This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.
_____

**3 attachments**


**CueNotice.pdf**
176K


**TrystanNotice.pdf**
190K


**KhanNotice.pdf**
182K