GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (SBN 212532)
 mperry@gibsondunn.com
RACHEL S. BRASS (SBN 219301)
 rbrass@gibsondunn.com
JULIAN W. KLEINBRODT (SBN 302085)
 jkleinbrodt@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: (415) 393-8200
Facsimile:  (415) 374-8429

*Attorneys for Apple Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| CORONAVIRUS REPORTER, CALID INC., PRIMARY PRODUCTIONS LLC, DR. JEFFREY D. ISAACS, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., FEDERAL TRADE COMMISSION,<br><br>Defendants. | Case No. 3:21-CV-05567-EMC<br><br>**DEFENDANT APPLE INC.'S MOTION TO QUASH SUBPOENA AND NOTICES TO APPEAR AND MOTION FOR PROTECTIVE ORDER; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:      December 9, 2021<br>Time:     1:30 p.m. PT<br>Place:    Courtroom 5, 17th Floor<br><br>The Honorable Edward M. Chen |

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2      **PLEASE TAKE NOTICE** that on December 9, 2021, at 1:30 p.m., or as soon thereafter as the

3  matter may be heard, in the United States District Court, Northern District of California, 450 Golden

4  Gate Ave., San Francisco, Courtroom 5, 17th Floor, Federal Courthouse, Defendant Apple Inc.,

5  through its undersigned counsel, will, and hereby does, move to quash subpoena and notices to appear

6  directed to Apple executives by Plaintiffs, and move for a protective order.  This Motion is supported

7  by this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the

8  Declaration of Rachel S. Brass and exhibits thereto; the Proposed Order filed herewith; the pleadings

9  and papers on file herein; and such other matters that may be presented to the Court at the hearing.

10                                  By:    */s/ Rachel S. Brass*
11                                          Rachel S. Brass

12                                  GIBSON, DUNN & CRUTCHER LLP
13                                  MARK A. PERRY (SBN 212532)
                                 mperry@gibsondunn.com
14                                  RACHEL S. BRASS (SBN 219301)
                                 rbrass@gibsondunn.com
15                                  JULIAN W. KLEINBRODT (SBN 302085)
                                 jkleinbrodt@gibsondunn.com
16                                  555 Mission Street, Suite 3000
                                San Francisco, CA 94105-0921
17                                  Telephone: (415) 393-8200
                                Facsimile:  (415) 374-8429

18                                  *Attorneys for Apple Inc.*

19

20

21

22

23

24

25

26

27

28

DEFENDANT APPLE INC.'S MOTION TO QUASH AND FOR A PROTECTIVE ORDER
CASE NO. 3:21-CV-05567-EMC

### STATEMENT OF ISSUES TO BE DECIDED

I.   Whether notices to appear, issued under the California Code of Civil Procedure, have any effect in federal court.

II.   Whether a party can properly issue a subpoena demanding another party's executive testify at a scheduled court hearing in the absence of a court order permitting oral testimony.

III.   Whether enforcing a subpoena to a party's apex executive would be unduly burdensome, particularly where no other avenues of seeking the desired information were exhausted and there has been no showing that the executive has any firsthand knowledge of the underlying dispute.

IV.   Whether a document subpoena can properly be issued prior to a discovery conference under Federal Rule of Civil Procedure 26(f).

V.   Whether a protective order should issue staying all discovery where a dispositive motion to dismiss the meritless complaint is pending.

# TABLE OF CONTENTS

Page

STATEMENT OF ISSUES TO BE DECIDED ................................................................................ ii

I. INTRODUCTION ........................................................................................................................ 1

II. BACKGROUND ......................................................................................................................... 1

III. LEGAL STANDARD ................................................................................................................ 4

IV. ARGUMENT ............................................................................................................................. 4

    A.     Plaintiffs' Notices to Appear Have No Legal Effect ................................................ 5

    B.     The Court Should Quash the October 22 Subpoena .................................................. 5

          1.     Plaintiffs Have Not Moved For, Let Alone Obtained, An Order
                 Permitting Oral Testimony ............................................................................ 5

          2.     The October 22 Subpoena Is Premature Under Rule 26 ................................ 6

          3.     Plaintiffs' October 22 Subpoena Is Unduly Burdensome ............................. 8

    C.  The Court Should Enter A Protective Order Against Further Discovery ......................... 11

V. CONCLUSION ........................................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

CASES

*Anderson v. Cty. of Contra Costa*,
2017 WL 930315 (N.D. Cal. Mar. 9, 2017) .................................................................................10

*Apple, Inc. v. Samsung Elecs. Co.*,
282 F.R.D. 259 (N.D. Cal. 2012) .........................................................................................4, 10

*In re Barton Bus. Park Assocs.*,
118 B.R. 776 (Bankr. E.D. Cal. 1990) ........................................................................................5

*Broussard v. Lemons*,
186 F.R.D. 396 (W.D. La. 1999) ................................................................................................5

*Carter v. Oath Holdings, Inc.*,
2018 WL 3067985 (N.D. Cal. June 21, 2018) ..........................................................................13

*Castillo-Antonio v. Hernandez*,
2019 WL 2716289 (N.D. Cal. June 28, 2019) .............................................................................5

*Cellwitch, Inc. v. Tile, Inc.*,
2019 WL 5394848 (N.D. Cal. Oct. 22, 2019) ......................................................................12, 13

*CMAX, Inc. v. Hall*,
300 F.2d 265 (9th Cir. 1962) ......................................................................................................7

*Cuc Dang v. Sutter's Place, Inc.*,
2012 WL 2906109 (N.D. Cal. July 13, 2012) .............................................................................8

*Davidson v. O'Reilly Auto Enters., LLC*,
968 F.3d 955 (9th Cir. 2020) ......................................................................................................7

*Deuss v. Siso*,
2014 WL 4275715 (N.D. Cal. Aug. 29, 2014) ............................................................................7

*Elite Lighting v. DMF, Inc.*,
2013 WL 12142840 (C.D. Cal. May 6, 2013) .............................................................................7

*Garcia v. Enter. Holdings, Inc.*,
2014 WL 4623007 (N.D. Cal. Sept. 15, 2014) ..........................................................................12

*In re Google Digital Advertising Antitrust Litig.*,
2020 WL 7227159 (N.D. Cal. Dec. 8, 2020) .............................................................................12

*Groupion, LLC v. Groupon, Inc.*,
2012 WL 359699 (N.D. Cal. Feb. 2, 2012) ...........................................................................8, 10

iv

1

**TABLE OF AUTHORITIES** (*continued*)

2

Page(s)

3

*Havoco of Am., Ltd. v. Shell Oil Co.*,
626 F.2d 549 (7th Cir. 1980)..................................................................................................12

4

5

*K.C.R. v. Cty. of Los Angeles*,
2014 WL 3434257 (C.D. Cal. July 11, 2014) ......................................................................4, 11

6

*Koshkalda v. Seiko Epson Corp.*,
2021 WL 1118056 (N.D. Cal. Mar. 24, 2021) ..........................................................................8

7

8

*Little v. City of Seattle*,
863 F.2d 681 (9th Cir. 1988)..................................................................................................11

9

10

*In re Nexus 6p Prods. Liab. Litig.*,
2017 WL 3581188 (N.D. Cal. Aug. 18, 2017) ........................................................................13

11

12

*Nidec Corp. v. Victor Co. of Japan*,
249 F.R.D. 575 (N.D. Cal. 2007) (Chen, J.) .............................................................................9

13

*Pinn, Inc. v. Apple Inc.*,
2021 WL 4775969 (C.D. Cal. Sept. 10, 2021) ........................................................................10

14

15

*Reddy v. Nuance Commc'ns, Inc.*,
2015 WL 4648008 (N.D. Cal. Aug. 5, 2015)...........................................................................10

16

17

*Remington v. Mathson*,
2011 WL 13243821 (N.D. Cal. Dec. 6, 2011) ..........................................................................6

18

*Rutman Wine Co. v. E. & J. Gallo Winery*,
829 F.2d 729 (9th Cir. 1987)............................................................................................11, 12

19

20

*Sabel v. City & Cty. of S.F.*,
2017 WL 3670783 (N.D. Cal. Aug. 25, 2017) ..........................................................................8

21

22

*Suarez v. Beard*,
2016 WL 10674069 (N.D. Cal. Nov. 21, 2016)........................................................................13

23

*In re Subpoena to Apple Inc.*,
2014 WL 2798863 (N.D. Cal. June 19, 2014) ...........................................................................4

24

25

*United States v. Gomez*,
2014 WL 1089288 (N.D. Cal. Mar. 14, 2014) ..........................................................................6

26

27

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003)..................................................................................................5

28

*Villegas v. United States*,
2012 WL 1801735 (E.D. Wash. May 16, 2012) ........................................................................7

**TABLE OF AUTHORITIES** (*continued*)

Page(s)

*Wood v. McEwen*,
644 F.2d 797 (9th Cir. 1981)................................................................................11

*Yamasaki v. Zicam LLC*,
2021 WL 3675214 (N.D. Cal. Aug. 19, 2021)..............................................12, 13

*Yiren Huang v. Futurewei Techs., Inc.*,
2018 WL 1993503 (N.D. Cal. Apr. 27, 2018) ...................................................13

**STATUTES**

Cal. Code Civ. P. § 1987(b) ................................................................................5

**RULES**

Fed. R. Civ. P. 12 ...........................................................................................1, 13

Fed. R. Civ. P. 26 ...................................................................................... *passim*

Fed. R. Civ. P. 41 ...............................................................................................12

Fed. R. Civ. P. 45 ......................................................................................4, 7, 8

L. R. 7-1 .................................................................................................................5

L. R. 7-2 ...........................................................................................................1, 6

L. R. 7-6 ......................................................................................................2, 5, 6

# I.  INTRODUCTION

Defendant Apple Inc. ("Apple") is filing the present motion to prevent Plaintiffs' improper attempts to require Apple to produce documents and testimony from a senior executive at a motions hearing scheduled for November 4.  At that hearing, on motions filed in August and September, and which has been scheduled since September 21, the Court will hear Apple's motion to dismiss the operative complaint and Plaintiffs' motion to strike that motion as well Plaintiffs' two motions for a preliminary injunction—neither of which is supported by any evidence.  Less than two weeks before the hearing, and before any Rule 26(f) discovery conference has been held, Plaintiffs issued a subpoena to one of Apple's most senior executives, Eddy Cue, requesting both live testimony and documents to be produced at the hearing.  Plaintiffs followed up the subpoena with improper and legally meaningless notices to appear under California procedural rules directed to Mr. Cue and another of Apple's employees, Trystan Kosmynka.  Yet Plaintiffs have provided no justification for their belated attempt to present testimony at the hearing, before the legal sufficiency of the complaint is tested, at long last, pursuant to Fed. R. Civ. P. 12(b)(6).[1]  Plaintiffs' subpoena and notices to appear are legally improper, unduly burdensome, and in contravention of this District's local rules and the Federal Rules of Civil Procedure.  Apple therefore respectfully requests that the Court quash the subpoena and notices to discourage Plaintiffs' gamesmanship, and issue a protective order barring any further discovery requests and staying discovery until any of Plaintiffs' claims survive a motion to dismiss and Apple files an answer.

# II.  BACKGROUND

On August 8, 2021, Plaintiffs moved for a sweeping preliminary injunction that would fundamentally change the business model of Apple's App Store.  Dkt. 20-1 ¶ d.  Although Plaintiffs asserted in their motion that they had "evidence . . . amply demonstrat[ing]" the merits of their claims, Dkt. 20 ¶ 47, Plaintiffs submitted neither the "affidavits or declarations" required by the Local Rules nor any other evidence, N.D. Cal. L.R. 7-2(d).  Despite Plaintiffs' bravado in their motion, they subsequently

---

[1]  The First Amended Complaint on this docket is in reality the *seventh* complaint Plaintiffs have filed against Apple in various fora on the same underlying claims.  Plaintiffs have thus far evaded Apple's *five* prior motions to dismiss by amending their complaints or voluntarily dismissing and refiling their case elsewhere.  Dkt. 45 at 3–5 (explaining procedural history).

wrote to Apple claiming that they "needed" discovery "to present" their "arguments on the injunction." Brass Decl. Ex. A.  And although Plaintiffs acknowledged that they would "need to file a motion for the court for discovery" if Apple did not agree to produce documents and witnesses for depositions, *id.*, Plaintiffs did not make such a motion.  They also failed to file the motion for "expedited discovery" that they asserted would be filed "in parallel with this injunction."  Dkt. 20 ¶ 53.  In its response to Plaintiffs' motion for a preliminary injunction, Apple pointed out (among other things) that the absence of evidence was fatal to Plaintiffs' motion.  *See* Dkt. 32 at 11.  Plaintiffs' reply did not address their lack of evidence, pointing only to the allegations in their complaint.  *See* Dkt. 42 ¶ 13.

Instead of attempting to cure their lack of evidence, Plaintiffs filed a second, substantially similar motion for a preliminary injunction on September 24—before the first motion had even been heard. *See* Dkt. 52.  This motion, like the first, attached no evidence in support.  It also was not accompanied by a motion for expedited discovery, *id.* ¶ 55, and did not request an evidentiary hearing or seek leave to present oral testimony at a hearing, *see* N.D. Cal. L.R. 7-6 ("No oral testimony will be received in connection with any motion, unless otherwise ordered by the assigned Judge.").  Apple again pointed out that Plaintiffs' failure to support their motion with evidence was fatal.  *See* Dkt. 62 at 10–11.  Plaintiffs elected not to file a reply.

Both motions for a preliminary injunction are pending and set for hearing on November 4, 2021. Dkt. 49.  Without moving for an order to allow oral testimony, Plaintiffs' counsel sent an email on October 22 to Apple's counsel, attaching a subpoena for one of Apple's top executives, Eddy Cue, the Senior Vice President for Services (the "October 22 subpoena").  Brass Decl. ¶ 3.  The October 22 subpoena purported to command Mr. Cue to testify at the hearing.  *Id.*, Ex. C.  It also demanded that Mr. Cue bring with him to the hearing:

- "All internal correspondence and notes in Apple's custody pertaining to the March 2020 disallowment of Coronavirus Reporter, and any related COVID tracking/info sharing apps rejected prior to Plaintiffs' app."

- "All internal correspondance [sic] and notes in Apple's custody pertaining to the deleted and/or spoliated and/or unavailable App Store Connect resolution center correspondence re 'Caller-ID' App."

- "All source code or architecture diagrams sufficient to show 'application loaders' within iOS."

- "All ESI with terms 'Coronavirus Reporter,' 'Jeffrey Isaacs,' or 'Primary Productions.'"

*Id.*, Ex. B.  Plaintiffs' counsel provided no rationale for seeking Mr. Cue's attendance at the hearing nor any potential topics for testimony.  Apple's counsel informed Plaintiffs' counsel that Apple would not produce Mr. Cue at the hearing and instead would move to quash the subpoena and for a protective order.  Brass Decl. ¶ 4.

Two days later, Plaintiffs' counsel again emailed Apple's counsel.  Brass Decl. ¶ 5.  This time, Plaintiffs' counsel attached three Notices to Appear ("NTAs").  *Id.*, Exs. D–F.  Purportedly issued under California Code of Procedure Section 1987, the NTAs demanded that Mr. Cue, Trystan Kosmynka (Apple's Senior Director of App Review), and Lina Khan (Chair of the Federal Trade Commission) appear at the November 4 hearing.  *Id.*  Plaintiffs' counsel asserted that the NTAs were "a better way to go about this issue" than the October 22 subpoena.  *Id.* ¶ 5.  But while Plaintiffs' counsel agreed to withdraw the document request contained in the October 22 subpoena, since it was also contained in the NTA to Mr. Kosmynka, counsel declined to withdraw the testimonial request.  *Id.*, Ex. D.  Like the October 22 subpoena, the NTAs did not contain a rationale for seeking testimony from Messrs. Cue or Kosmynka or identify the scope of testimony sought.  Apple's counsel again informed Plaintiffs' counsel that it would not produce Messrs. Cue or Kosmynka and would move to quash all subpoenas and NTAs and seek a protective order.  Brass Decl. ¶ 6.  Apple's counsel also indicated that she understood Plaintiffs' email to be withdrawing the October 22 subpoena.  *Id.*  Plaintiffs docketed the NTAs on October 25.  Dkts. 66–68.  The docketed NTA directed to Mr. Cue included a footnote, not contained in the version served on Apple's counsel, that "[t]he subpoena remains in effect."  Dkt. 66 at 1 n.1.  Apple filed a response on October 29.  Dkt. 72.  On October 31, Plaintiffs filed a "Reply" document purporting to request live testimony.  Dkt. 73.

On November 1, counsel for Apple met and conferred with Plaintiffs' counsel regarding this motion.  Brass Decl. ¶ 7.  Plaintiffs' counsel refused to withdraw the October 22 subpoena.  *Id.*  Plaintiffs' counsel could identify no statute, rule, or decision authorizing documentary or testimonial discovery, and could point only to papers previously filed in this action.  *Id.*  Plaintiffs' counsel stated that

Plaintiffs did not intend to rely on any authority other than those previously filed papers. *Id.* Plaintiffs' counsel also confirmed that no Rule 26(f) conference had yet taken place. *Id.* When asked to explain how the subpoena is consistent with Federal Rule of Civil Procedure 26(d), given the lack of a Rule 26(f) conference, Plaintiffs again pointed to their previously filed papers. *Id.*

### III.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 45, courts "must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).  Similarly, "[a] party or any person from whom discovery is sought may move for a protective order." Fed. R. Civ. P. 26(c).  "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.*; *see also In re Subpoena to Apple Inc.*, 2014 WL 2798863, at *2 (N.D. Cal. June 19, 2014) ("It is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b).").  In particular, "[c]ourts have often observed that" seeking testimony from high-level executives when the same information can be obtained by other means "creates 'a tremendous potential for abuse or harassment' that may require the court's intervention." *K.C.R. v. Cty. of Los Angeles*, 2014 WL 3434257, at *3 (C.D. Cal. July 11, 2014) (quoting *Apple, Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012)).

### IV. ARGUMENT

Plaintiffs' subpoena and NTAs are improper and should be quashed and/or disregarded, with any further discovery stayed until Apple's pending dispositive motion to dismiss the First Amended Complaint ("FAC") is resolved.  First, as to the NTAs, they purport to be issued under *state* procedural rules and have no effect in this *federal* litigation.  Next, as to the October 22 subpoena, it directly contravenes multiple Local Rules and is premature under Fed. R. Civ. P. 26.  Further, its enforcement on Mr. Cue would be unduly burdensome in light of the wealth of other evidence available to Plaintiffs. Finally, given Apple's pending dispositive motion to dismiss the FAC, the Court also should bar Plaintiffs from seeking any further discovery, and stay all discovery, until any of Plaintiffs' claims survive a motion to dismiss and Apple files an answer.

**A.      Plaintiffs' Notices to Appear Have No Legal Effect**

As a threshold matter, the NTAs that Plaintiffs purported to serve on Messrs. Cue and Kosmynka are invalid process and have no legal effect in this case.  On their face, the NTAs are "made pursuant to [California] Code of Civil Procedure § 1987(b)."  Brass Decl., Exs. D–F.  But it is black-letter law that "state civil procedures do not apply in federal court."  *Castillo-Antonio v. Hernandez*, 2019 WL 2716289, at *3 (N.D. Cal. June 28, 2019); *see also In re Barton Bus. Park Assocs.*, 118 B.R. 776, 777 n.1 (Bankr. E.D. Cal. 1990) ("California civil procedure *does not* apply in federal courts."). "The Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal," *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003), and therefore the Federal Rules "define[] subpoena practice in federal courts," *Broussard v. Lemons*, 186 F.R.D. 396, 397 (W.D. La. 1999).  As a result, the NTAs impose no obligations on Mr. Cue, Mr. Kosmynka, or Apple, and the Court should disregard them.[2]

**B.      The Court Should Quash the October 22 Subpoena**

The oral testimony demanded in the October 22 subpoena is improper, untimely, and unduly burdensome.  The subpoena should be quashed.

**1.      Plaintiffs Have Not Moved For, Let Alone Obtained, An Order Permitting Oral Testimony**

Insofar as Plaintiffs seek to compel Mr. Cue's appearance, the October 22 subpoena suffers from a threshold defect: they have failed to obtain the required leave to present oral testimony at the November 4 hearing.

Plaintiffs have neither sought nor obtained leave to present witnesses at the November 4 hearing.  The Local Rules are clear.  "No oral testimony will be received in connection with any motion, unless otherwise ordered by the assigned Judge."  N.D. Cal. L.R. 7-6.  And "[a]ny written request to the Court for an order must be presented by" written motion.  N.D. Cal. L. R. 7-1(a).  Plaintiffs have noticed no such motion.  And not for lack of opportunity: Plaintiffs initially moved for a preliminary injunction on August 8 and recognized no later than August 11 that they would "need to file a motion" for expedited discovery.  Brass Decl., Ex. A; *see also* Brass Decl., Ex. B (Apple rejecting any discovery

---

[2]  Because the NTAs have no legal effect, the rest of Apple's motion addresses the October 22 subpoena directed to Mr. Cue.  Even if the NTAs were facially valid, however, the substantive and procedural arguments discussed below would apply in equal force to the NTAs.

DEFENDANT APPLE INC.'S MOTION TO QUASH AND FOR A PROTECTIVE ORDER
CASE NO. 3:21-CV-05567-EMC

1   stipulation).  This means they had 85 days—far more than the 35 needed for a regularly noticed mo-

2   tion—before the November 4 hearing.  *See* N.D. Cal. L. R. 7-2(a).  Yet neither of their preliminary-

3   injunction motions made any request for live testimony, nor have they done so under Local Rule 7-6

4   to date.

5          Without a "request for oral testimony" and subsequent order from the Court, the hearing on

6   November 4 is to "entertain[] oral argument on [the parties'] motion[s]," not to hear "testimony from

7   witnesses."  *Remington v. Mathson*, 2011 WL 13243821, at *2 (N.D. Cal. Dec. 6, 2011) ("No request

8   for oral testimony was made by either party in connection with [the] motion.").  "[C]ounsel's use of

9   the subpoena . . . was therefore improper in this case, where no witness was scheduled to testify."

10  *United States v. Gomez*, 2014 WL 1089288, at *5 (N.D. Cal. Mar. 14, 2014) (denying belated request

11  for oral testimony following improper issuance of subpoena).

12         Nor is there any basis for issuing such an order now.  Setting aside that no such motion has

13  been made, because the testimony is "presumably sought in aid of the" pending preliminary-injunction

14  motions, it should have been "sought in advance of the hearing so [it] could be incorporated into or

15  referenced by the briefs."  *Gomez*, 2014 WL 1089288, at *5.  Indeed, avoiding evidentiary ambush at

16  a hearing is one of the goods worked by Local Rule 7-2's requirement that every motion for preliminary

17  injunction "be accompanied by affidavits or declarations."  The Court, after all, might decide any pend-

18  ing motion without a hearing.  Evidence produced at the hearing is "too late to be reviewed by all

19  parties and the court."  *Id.*  Moreover, requiring Mr. Cue to testify at the hearing would be unduly

20  burdensome, *see infra* at 8–11, and premature, *see infra* at 6–8.[3]

21         **2.     The October 22 Subpoena Is Premature Under Rule 26**

22         Plaintiffs' subpoena is also a transparent attempt to end-run the requirements of Rule 26.  Rule

23  26 of the Federal Rules of Civil Procedure provides clear parameters for discovery in civil cases.  First,

24  "[a] party may not seek discovery from any source before the parties have conferred as required by

25  _____

26  [3]  On Sunday, October 31, four days before the hearing, Plaintiffs filed on the docket a document
      styled "Plaintiffs' Reply In Support of Live Testimony."  Dkt. 73.  To the extent this document
27    purports to "request[] three to four hours of time allocation" (*id.* at 10) for testimony during the
      November 4 hearing, it was not properly noticed and does not comply with the requirements for
28    motions for relief under Local Rule 7-2.  In any event, any such request should be denied for the
      reasons stated elsewhere in this Motion.

6

Rule 26(f)."  Fed. R. Civ. P. 26(d)(1); *Davidson v. O'Reilly Auto Enters., LLC*, 968 F.3d 955, 960 n.3 (9th Cir. 2020) (discovery requests are "premature" where the parties have not yet met under Rule 26(f)).  Following the discovery conference under Rule 26(f), the parties must submit a discovery plan to the Court, Fed. R. Civ. P.  26(f), and make initial disclosures, *id.* 26(a)(1).  Then, generally speaking, parties can begin issuing discovery requests, and the receiving party is entitled to seek a protective order against those requests as necessary.  *Id.* 26(c).

Here, there has not yet been a discovery conference, nor a discovery plan filed with the Court, nor any initial disclosures.  At a meet and confer with Plaintiffs' counsel on November 1, counsel for Apple inquired whether it was Plaintiffs' position that a Rule 26(f) conference had ever taken place.  Brass Decl. ¶ 7.  Plaintiffs' counsel replied unequivocally: "Of course not."  *Id.*  Any discovery request is therefore barred by Rule 26(d)(1).  Subpoenas are discovery devices.  *See Deuss v. Siso*, 2014 WL 4275715, at *4 (N.D. Cal. Aug. 29, 2014) ("While Federal Rule of Civil Procedure 45 does not specify when a subpoena may be issued, because a subpoena is considered a discovery device, it is subject to the provisions of Rule 26(d)." (quotation omitted)).  And Plaintiffs' October 22 subpoena—whatever they have tried to label it—is plainly an attempt to obtain premature discovery in violation of Rule 26(d)(1) and in disruption of "the orderly course of justice."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *cf. Elite Lighting v. DMF, Inc.*, 2013 WL 12142840, at *3 (C.D. Cal. May 6, 2013) (noting that issuance of Rule 45 subpoenas where "the parties have not yet conferred as required by Rule 26(f)" "clearly violates" Rule 26(d)(1) and thus warrants a protective order quashing the subpoe-nas); *Villegas v. United States*, 2012 WL 1801735, at *8–9 (E.D. Wash. May 16, 2012) (quashing Rule 45 subpoena issued prior to Rule 26(f) conference).

That the subpoena seeks discovery is plain from its broad sweep.  For starters, Plaintiffs have provided no limiting principle (beyond a lengthy four-hour time limit, Dkt. 73 at 10) or list of topics on which they seek to question Mr. Cue—leaving the possibilities endless.  Their document requests are no more limited.  Plaintiffs request, for instance, "[a]ll internal correspondence and notes" relating to "any related COVID tracking/info sharing apps rejected prior to Plaintiffs' app," as well as "[a]ll source code or architecture diagrams sufficient to show 'application loaders' within iOS."  Brass Decl., Ex. B.  There is no apparent connection between the sought-after documents and anything at issue in

Plaintiffs' preliminary-injunction motions; rather, they are an obvious exploratory fishing expedition. Such expansive requests would be objectionable even when they are issued in *discovery*—they are a far cry from the narrowly tailored trial subpoenas authorized under Rule 45.[4]

Plaintiffs' demand is also untimely because they themselves stated, both in emails to Apple's counsel and in their preliminary-injunction motions, that they needed to "file a motion" for expedited discovery to support their motions. Brass Decl., Ex. A; *see* Dkt. 20 ¶ 53; Dkt. 52 ¶ 55. No such motion has been filed, and Plaintiffs cannot be permitted to issue a broad final-hour subpoena to make up for their failure to pursue discovery in the ordinary course.

Accordingly, the subpoena must be quashed as premature and untimely discovery as well.[5]

### 3. Plaintiffs' October 22 Subpoena Is Unduly Burdensome

There is also no basis for Plaintiffs to seek the testimony of Eddy Cue or the documents requested. As a threshold and dispositive matter, Plaintiffs have made no effort to exhaust other, less burdensome avenues of obtaining the desired evidence. *See* Fed. R. Civ. P. 26(b)(2)(C)(i); *Groupion, LLC v. Groupon, Inc.*, 2012 WL 359699, at *2 (N.D. Cal. Feb. 2, 2012). To be sure, Apple is almost entirely in the dark as to what testimony Plaintiffs seek to elicit from Mr. Cue. He makes no appearance in Plaintiffs' original complaint in this action, or in their FAC, nor is he mentioned in either of their preliminary-injunction motions or supporting briefing. And Plaintiffs have nowhere alleged that Mr. Cue was involved in any of the conduct described in their complaints or has personal knowledge thereof. Plaintiffs' "reply," filed on October 31, suggests generally that Mr. Cue's "testimony is imperatively needed to clarify that the App Store is indeed improperly tied to the iOS operating system," but does not explain any further what information they seek, much less why Mr. Cue is the appropriate witness to testify on this issue (if any). Dkt. 73 at 6.

---

[4] Apple informs the Court that, simultaneous to the filing of this motion, it has served on Plaintiffs written objections to the document requests in the October 22 subpoena, pursuant to Fed. R. Civ. P. 45(d)(2)(B). Doing so "relieve[s] [Apple and Mr. Cue] of any duty to act further." *Cuc Dang v. Sutter's Place, Inc.*, 2012 WL 2906109, at *3 (N.D. Cal. July 13, 2012).

[5] Apple notes that a willful failure to "abide by discovery rules" has been cause for considering the imposition of sanctions in this District. *Koshkalda v. Seiko Epson Corp.*, 2021 WL 1118056, at *6 (N.D. Cal. Mar. 24, 2021); *see, e.g., Sabel v. City & Cty. of S.F.*, 2017 WL 3670783, at *6–7 (N.D. Cal. Aug. 25, 2017) (Chen, J.) If this conduct is sanctionable, then it is almost certainly also cause for quashing a subpoena issued in violation of the discovery rules.

Whatever Plaintiffs *are* looking for related to the App Store and its policies, or the tying claims that are the sole focus of both of their preliminary-injunction motions, *see* Dkt. 20 ¶ 38 ("Relevant here, Apple has tied the App Store . . . to the smartphone enhanced internet access device market.  This tying . . . is a narrow target of the proposed injunctive relief."); Dkt. 50 ¶ 39 ("Relevant here, Apple has tied the App Store . . . to the smartphone.  This tying . . . is a narrow target of the proposed injunctive relief."), there are *mountains* of evidence available to them—that they have ignored.  *Cf. Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (Chen, J.) (quashing subpoena where "the vast majority of the discovery sought . . . is . . . obtainable from a source more direct, convenient, and less burdensome").

The *Epic Games* litigation involved claims that overlap with Plaintiffs'—including a tying claim as well as extensive evidence about iOS's architecture, technical design choices, the App Review Guidelines, and the app review process, among other things.  Plaintiffs previously acknowledged this fact, suggesting in their FAC that they would use evidence developed in *Epic Games* to "eliminate duplicate and costly discovery" here.  Dkt. 41 ¶ 36.  The vast majority of that evidence is in the public record, including hundreds of pages of declarations associated with temporary restraining order and preliminary injunction proceedings and many thousands of pages of admitted exhibits and testimony connected with the May 2021 trial.  *See generally Epic Games, Inc. v. Apple Inc.*, 20-cv-5640 (N.D. Cal.).[6]  Moreover, Mr. Cue himself was deposed in that case, and designated testimony is available on the public docket.  *See* Epic Games, Inc.'s Four-Hour Deposition Designation ("Cue Depo."), *Epic Games*, 20-cv-5640, Dkt. 492, at 48–65 (N.D. Cal. Apr. 27, 2021).  Plaintiffs have not taken advantage of any of this evidence.  They likewise have not cited any of the lengthy findings of fact in Judge Gonzalez Rogers' 180-page Order.  Their failure to even attempt to obtain the evidence sought "from

---

[6]  Notably, no discovery was conducted in that case until after Epic's preliminary-injunction motion had been heard.  *See* Case Scheduling & Pretrial Order, *Epic Games*, 20-cv-5640, Dkt. 116 (N.D. Cal. Oct. 6, 2020) (setting discovery schedule).  Nor was any oral evidence received at the hearing on Epic's motion for a preliminary injunction.  *See generally* Tr. of Proceedings, *Epic Games*, 20-cv-5640, Dkt. 111 (N.D. Cal. Oct. 2, 2020).

some other source that is more convenient, less burdensome, or less expensive" is fatal to their sub-poena.  Fed. R. Civ. P. 26(b)(2)(C)(i); *see Apple Inc.*, 282 F.R.D. at 263 (party must "exhaust[] other less intrusive discovery methods").

While Plaintiffs' attempt to issue a limitless subpoena to an Apple employee in these circum-stances would be inappropriate in any event, it is particularly inappropriate here, where Mr. Cue is an apex witness for whom it is "presume[d]" that compelling testimony "would be burdensome."  *Pinn, Inc. v. Apple Inc.*, 2021 WL 4775969, at *3–4 (C.D. Cal. Sept. 10, 2021).  Just last month, a court concluded that an Apple executive of a similar rank to Mr. Cue, who led a large department of the company and reported directly to Apple's CEO Tim Cook, was entitled to the protections of the "apex doctrine."  *Id.* at *4.  The same conclusion should be reached here.  Mr. Cue is one of Apple's highest-ranking executives, the Senior Vice President for Services who reports directly to Apple's CEO, Tim Cook.  *See* Apple Leadership—Eddy Cue, *Apple,* https://www.apple.com/leadership/eddy-cue/ (last visited October 28, 2021).  Mr. Cue is a sufficiently high-level executive that Plaintiffs' request to elicit testimony from him must be assessed under the apex doctrine.[7]  And given that his focus is on the iTunes Store and Apple Music, not the App Store, *see id.*, it must be scrutinized heavily.

Plaintiffs have not shown, as required under the apex doctrine, that Mr. Cue possesses "unique, non-repetitive, firsthand knowledge" germane to the issues in the preliminary injunction motions. *Groupion, LLC*, 2012 WL 359699, at *2 (quotation marks omitted); *see Anderson v. Cty. of Contra Costa*, 2017 WL 930315, at *4 (N.D. Cal. Mar. 9, 2017) (noting that "topics of general application," such as the company's "policies and practices," cannot support a request for apex testimony).  As men-tioned, Mr. Cue's job relates to the iTunes Store and Apple Music, not the App Store.  *See* Cue Depo. at 49.  He does not currently oversee the App Store and associated policies at the center of Plaintiffs' allegations.  Indeed, his job duties have not directly involved the operations of the App Store since 2007, *see id.*—many years before any of Plaintiffs' apps were submitted for App Review, *see, e.g.*, FAC ¶¶ 27, 280 (apps submitted in 2016, 2018, and 2020).  Plaintiffs' filings do not allege, argue, or

---

[7]  The apex doctrine applies both to deposition subpoenas and subpoenas for hearings or trials.  *See Pinn, Inc.*, 2021 WL 4775969, at *3; *Reddy v. Nuance Commc'ns, Inc.*, 2015 WL 4648008, at *4 (N.D. Cal. Aug. 5, 2015).

show that Mr. Cue participated in any of the deliberations relating to Plaintiffs' apps.  And they have identified no unique relationship between Mr. Cue and any of the Plaintiffs or their apps.  He is therefore "removed from the daily subject of the litigation," rendering any attempt to elicit his testimony improper.  *K.C.R. v. Cty. of Los Angeles*, 2014 WL 3434257, at *4, *7 (C.D. Cal. July 11, 2014) (quotation marks omitted).  It would plainly be unduly burdensome for Mr. Cue to have to attend a hearing for which there has been no showing that he has *any* firsthand knowledge, let alone unique knowledge not available through other means.

In sum, a party cannot file a motion for a preliminary injunction with no evidence and then subpoena an apex witness who has already testified on related subjects, who they did not seek to depose, and who has no knowledge of the actual underlying dispute, all the while ignoring the reams of relevant evidence to which the party has access.  To reiterate, the undisputed fact that Mr. Cue makes no appearance in either the operative complaint or the pending motions for preliminary injunction should itself be sufficient reason to quash the subpoena seeking his testimony.  The Court should quash the October 22 subpoena, relieving Cue of any obligation to respond to it.

### C.  The Court Should Enter A Protective Order Against Further Discovery

In addition to quashing the present subpoena, the Court should also bar Plaintiffs from seeking any further discovery pending resolution of Apple's dispositive motion to dismiss the FAC and until Plaintiffs' allegations are adequately pled (if ever).  More than enough ink has already been spilled on this docket, and the Court should prevent any further harassment of Apple unless and until any of Plaintiffs' claims survive a motion to dismiss and Apple files an answer.

The Court "has wide discretion in controlling discovery."  *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  "A district court may limit discovery for good cause, . . . and may continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief."  *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (quotation marks omitted).  Indeed, the very "purpose of [Fed. R. Civ. P.] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.  In antitrust cases this procedure especially makes sense because the costs of discovery in such actions are prohibitive."  *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (citation omitted).  As the Ninth Circuit has advised, "if the

allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery and trial work would represent an abdication of our judicial responsibility." *Id.* (quoting *Havoco of Am., Ltd. v. Shell Oil Co.*, 626 F.2d 549, 553 (7th Cir. 1980)).

This District has "adopted a two-part test to determine whether a protective order staying discovery should issue pending resolution of a dispositive motion." *Garcia v. Enter. Holdings, Inc.*, 2014 WL 4623007, at *2 (N.D. Cal. Sept. 15, 2014). "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. . . . Second, the court must determine whether the pending dispositive motion can be decided absent discovery. . . . If the court answers these two questions in the affirmative, a protective order may issue." *Id.* (quotation marks omitted). "In applying this two-factor test, the court must take a 'preliminary peek' at the merits of the pending motion to assess whether a stay is warranted." *In re Google Digital Advertising Antitrust Litig.*, 2020 WL 7227159, at *2 (N.D. Cal. Dec. 8, 2020).

Both prongs of this District's test for staying discovery are met. First, Apple's pending motion to dismiss is potentially dispositive of Plaintiffs' entire case. Apple has moved to dismiss every count of the FAC, *see* Dkt. 45 at 1–2, Plaintiffs are not entitled to any more amendments as of right, *see* Fed. R. Civ. P. 41(a), and any motion for leave to amend yet again would be futile given that this is Plaintiffs' *seventh* complaint. *Cf. Cellwitch, Inc. v. Tile, Inc.*, 2019 WL 5394848, at *2 (N.D. Cal. Oct. 22, 2019) (first prong satisfied because plaintiff's only claims alleged patent infringement, and defendant had moved to dismiss those claims).

Not only is Apple's motion to dismiss potentially dispositive—Apple is extremely likely to prevail. The FAC is deficient in many respects, as outlined in detail in Apple's motion. *See generally* Dkt. 45; *cf. In re Google*, 2020 WL 7227159, at *2 (staying discovery where "Google's motion to dismiss presents formidable arguments, which could prove difficult for Plaintiffs to overcome"); *Yamasaki v. Zicam LLC*, 2021 WL 3675214, at *2 (N.D. Cal. Aug. 19, 2021) (staying discovery where defendant's "motion to dismiss presents strong arguments"). To take just one example, Plaintiffs' FAC does not define any relevant market by reference to reasonable interchangeability of use and cross-elasticity of demand, or identify "transactions" as the relevant product, as required as a matter of law. *See* Dkt. 45 at 7–9. These failures (along with many others) are fatal to each of Plaintiffs' antitrust

claims.  *See id.*  Plaintiffs' other claims are similarly flawed.  Therefore, because Apple has "shown that the underlying motion to dismiss . . . is potentially dispositive of this action," *Suarez v. Beard*, 2016 WL 10674069, at \*1 (N.D. Cal. Nov. 21, 2016), the first prong is satisfied.

Second, no discovery is necessary to test the sufficiency of the allegations in Plaintiffs' FAC under Rule 12(b)(6).  "[T]he Court only needs to look at the pleadings in order to issue a decision about [defendant's] motion to dismiss."  *Cellwitch, Inc.*, 2019 WL 5394848, at \*2; *see In re Nexus 6p Prods. Liab. Litig.*, 2017 WL 3581188, at \*2 (N.D. Cal. Aug. 18, 2017) ("The Court also notes that the pending motions to dismiss are fully briefed, and can be decided without additional discovery.").  Hence, the second prong is satisfied as well.  Indeed, given the disjointed and convoluted nature of the operative complaint, in the unlikely event any claims survive the pending motion to dismiss, the contours of any discovery obligations are likely to be affected by the Court's forthcoming ruling.

A protective order staying discovery and prohibiting Plaintiffs from pursuing the document requests in the October 22 subpoena or any further subpoenas or other efforts to obtain documents or testimony from Apple would "further[] the goal of efficiency for the court and the litigants," *Yiren Huang v. Futurewei Techs., Inc.*, 2018 WL 1993503, at \*4 (N.D. Cal. Apr. 27, 2018), without resulting in any prejudice to Plaintiffs.  If any aspect of their FAC survives Apple's motion to dismiss, discovery will proceed under the rules and course described in the Federal Rules of Civil Procedure, scoped appropriately based on any remaining claims.  But it would be an "investment of unnecessary time and expense" to require Apple to produce documents or witnesses before the Court has resolved the pending motion.  *Yamasaki*, 2021 WL 3675214, at \*2.  The Court should therefore issue a protective order staying all discovery unless and until some claim survives a motion to dismiss and Apple files an answer.  *Cf. Carter v. Oath Holdings, Inc.*, 2018 WL 3067985, at \*4 (N.D. Cal. June 21, 2018) (staying discovery until defendant files an answer to the operative complaint).

## V. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court quash the October 22 subpoena and October 24 NTAs and issue a protective order against any further discovery attempts by Plaintiffs until Apple files an answer to the operative complaint.

Dated:      November 1, 2021                    Respectfully submitted,

By:   */s/ Rachel S. Brass*
        Rachel S. Brass

GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (SBN 212532)
  mperry@gibsondunn.com
RACHEL S. BRASS (SBN 219301)
  rbrass@gibsondunn.com
JULIAN W. KLEINBRODT (SBN 302085)
  jkleinbrodt@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: (415) 393-8200
Facsimile:  (415) 374-8429

*Attorneys for Apple Inc.*

DEFENDANT APPLE INC.'S MOTION TO QUASH AND FOR A PROTECTIVE ORDER
CASE NO. 3:21-CV-05567-EMC