1  GIBSON, DUNN & CRUTCHER LLP
   MARK A. PERRY (SBN 212532)
2    mperry@gibsondunn.com
   RACHEL S. BRASS (SBN 219301)
3    rbrass@gibsondunn.com
   JULIAN W. KLEINBRODT (SBN 302085)
4    jkleinbrodt@gibsondunn.com
   555 Mission Street, Suite 3000
5  San Francisco, CA 94105-0921
   Telephone: (415) 393-8200
6  Facsimile:  (415) 374-8429

7  *Attorneys for Apple Inc.*

8
                **UNITED STATES DISTRICT COURT**
9
                **NORTHERN DISTRICT OF CALIFORNIA**
10

11

12  CORONAVIRUS REPORTER, CALID INC.,        Case No. 3:21-CV-05567-EMC
    PRIMARY PRODUCTIONS LLC, DR.
13  JEFFREY D. ISAACS, on behalf of          **DECLARATION OF RACHEL S. BRASS IN**
    themselves and all others similarly situated   **SUPPORT OF DEFENDANT APPLE INC.'S**
14                                           **MOTION TO QUASH SUBPOENA AND**
                      Plaintiffs,            **NOTICES TO APPEAR AND MOTION FOR**
15                                           **PROTECTIVE ORDER**
          v.
16
    APPLE INC., FEDERAL TRADE
17  COMMISSION,

18                    Defendants.

19

20

21

22

23

24

25

26

27

28

---

I hereby declare as follows:

1.    I am an attorney licensed to practice in the State of California, and a member of the Bar of this Court.  I am a partner at the law firm Gibson, Dunn & Crutcher LLP, counsel of record for Defendant Apple Inc. ("Apple") in this case.  I submit this declaration in support of Apple's Motion to Quash Subpoena and Notices to Appear and Motion For Protective Order.  I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto.

2.    On August 11, 2021, Plaintiffs' counsel emailed counsel for Apple, stating that Plaintiffs "needed" discovery "in order to present our . . . arguments on the injunction."  He noted that "[i]f we are unable to stipulate to these [proposed discovery] procedures . . . I will need to file a motion for the court for discovery."  Apple responded on August 13 that it would not stipulate to any discovery because "any discovery is premature until Plaintiffs' complaint survives a motion to dismiss."  A true and correct copy of the email exchange with the August 11 and August 13 emails is attached hereto as **Exhibit A**.

3.    On October 22, 2021, Plaintiffs' counsel emailed counsel for Apple with a "subpoena for Apple Executive Eddy Cue."  Plaintiffs' counsel stated that he also "intend[ed] the FTC Chair Lina Khan to be present at the hearing," and that "[t]hese are the *sole* witnesses we will subpoena" (emphasis added).  A true and correct copy of the subpoena attached to Plaintiffs' counsel's email is attached hereto as **Exhibit B**.

4.    On October 24, 2021, counsel for Apple responded that Apple accepted service of the subpoena and that Apple would be filing a motion to quash the subpoena to Mr. Cue and/or a motion for a protective order, as well as serving objections to the document demands in the subpoena.  Counsel for Apple also stated that "Mr. Cue will not be appearing at the hearing on November 4, and neither Mr. Cue nor Apple will be producing any documents at or before the hearing on November 4."  Counsel for Apple informed Plaintiffs' counsel that "Apple will oppose any effort by plaintiffs to call any witnesses or introduce any other evidence at the hearing on November 4."

5.    Later on October 24, 2021, Plaintiffs' counsel again emailed counsel for Apple, stating that "[a]s it turns out, California Code of Procedure Section 1987 is a better way to go about this issue."  Attached to Plaintiffs' counsel's email were three "notices to appear," directed to Apple employees

BRASS DECL. ISO DEFENDANT APPLE INC.'S MOTION TO QUASH AND FOR A PROTECTIVE ORDER
CASE NO. 3:21-CV-05567-EMC

Eddy Cue and Trystan Kosmynka and Federal Trade Commission Chair Lina Khan. A true and correct copy of the notice to appear directed to Eddy Cue is attached hereto as **Exhibit C**. A true and correct copy of the notice to appear directed to Trystan Kosmynka is attached hereto as **Exhibit D**. A true and correct copy of the notice to appear directed to Chair Khan is attached hereto as **Exhibit E**.

6.    On October 25, 2021, counsel for Apple responded that Apple accepted service of the notices to appear and would be addressing them in its forthcoming motion for protective order. Counsel for Apple stated that it understood the notices to appear to be "replacements" for the October 22 subpoena and that Plaintiffs were "withdrawing" that subpoena. Counsel for Apple also reiterated that "Apple will not be producing any witnesses or documents at or before the November 4 hearing." Following that email, Plaintiffs filed on the court's docket a document indicating that they believed "[t]he subpoena remains in effect." Dkt. 66 at 1.n1. Consequently, on October 30, counsel for Apple requested that Plaintiffs' counsel withdraw the subpoena, and informed Plaintiffs' counsel that a motion to quash and for a protective order would be filed on November 1 if the subpoena was not withdrawn. A true and correct copy of the emails between counsel described in paragraphs 4-6 of this declaration, including the October 25 and October 30 emails to Plaintiffs' counsel, is attached hereto as **Exhibit F**.

7.    Pursuant to FRCP 26(c)(1), the parties met and conferred on November 1, 2021 regarding the subpoena issued to Eddy Cue on October 22, 2021 and Apple's forthcoming motion to quash and for a protective order. Counsel for Apple asked Plaintiffs to withdraw the subpoena, consistent with the October 30 email and Apple's earlier filings. Counsel for Plaintiffs asserted that he was "not authorized" to do so by his client(s). Counsel for Apple then asked counsel for Plaintiffs to identify any statute, rule, or decision authorizing documentary or testimonial discovery at this time; counsel for Plaintiffs responded that any such authority would be reflected in the papers previously filed in this action, and that Plaintiffs do not intend to rely on any authority not reflected in those papers. Counsel for Apple asked counsel for Plaintiffs to explain in particular how the subpoena is consistent with Rule 26(d)—which provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"—and counsel for Plaintiffs again referred to the papers previously filed in this action. When asked whether it was Plaintiffs' position that a Rule 26(f)

conference had already taken place, counsel for Plaintiffs replied "of course not."  Counsel for Apple stated that the motion to quash and for a protective order would be filed later that day.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on November 1, 2021 at San Francisco, California.

/s/ *Rachel S. Brass*
Rachel S. Brass

# EXHIBIT A

**Brass, Rachel S.**

| | |
|---|---|
| **From:** | Brass, Rachel S. |
| **Sent:** | Monday, August 16, 2021 12:46 PM |
| **To:** | Keith Mathews |
| **Subject:** | RE: Discovery for Injunction Hearing |

Mr. Mathews,

Your email seems to represent a fundamental misunderstanding of the circumstances here in at least two ways.  First, Gibson Dunn is not a "witness" in this case; it is counsel of record.  If you believe any specific Gibson Dunn attorney is a witness, please let us know who that is, and the nature of their supposed testimony.  Second, to the extent your email is premised on Gibson Dunn's role as Apple's counsel of record in this and other litigation, Gibson Dunn has engaged only in protected petitioning activity-filing papers in federal court.  Each motion Apple has filed has been successful; either the Court has granted Apple's motions to transfer, or, where Apple has moved to dismiss, you have filed an amended complaint rather than respond.   Gibson Dunn has complied with all of its ethical obligations and will continue to do so.   Either way, there is no proper basis for disqualification, and we believe any such motion would be frivolous, vexatious, and intended solely to harass Apple and its counsel.

Regards,
Rachel

**Rachel S. Brass**
**Partner**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8293 • Mobile +1 415.264.5998
RBrass@gibsondunn.com • www.gibsondunn.com

**From:** Keith Mathews <keith@aaone.law>
**Sent:** Friday, August 13, 2021 10:46 AM
**To:** Brass, Rachel S. <RBrass@gibsondunn.com>
**Subject:** Re: Discovery for Injunction Hearing

**[WARNING: External Email]**

Rachel,

I'm responding to your prior email which did not address our concerns. Gibson Dunn is in all certainty a witness in this matter.

Under the California Bar Rules you need to obtain Apple's consent to proceed as counsel in a case where you are a witness. I want to confirm that you have communicated this to Apple and obtained their consent. Please confirm no later then Monday at noon.

Regards,

Keith

> On Aug 13, 2021, at 10:41 AM, Brass, Rachel S. <RBrass@gibsondunn.com> wrote:
>
> Keith,
>
> Apple will not stipulate to the discovery you propose at this time.  Such discovery does not appear to be either narrowly tailored or limited, but in any event we believe that any discovery is premature until Plaintiffs' complaint survives a motion to dismiss.  Your assertion that such discovery is "needed" to present your arguments is inconsistent with Plaintiffs' arguments to the Court that Plaintiffs have "evidence" "amply demonstrat[ing]" the merits of their claims.  Dkt. 20 ¶ 47.  Indeed, your request merely underscores that Plaintiffs have not carried their evidentiary burden.  Apple therefore intends to oppose any motion for expedited discovery.
>
> We also dispute that there is any basis to move for sanctions.  Setting aside that Plaintiffs have not even seen Apple's motion to dismiss yet, we cannot see how the fact that certain legislators are considering possible legislation that might prospectively change the scope of possibly applicable law makes Apple's arguments (under current law) sanctionable.
>
> Regards,
> Rachel
>
>
> **Rachel S. Brass**
> **Partner**
>
> **GIBSON DUNN**
>
> Gibson, Dunn & Crutcher LLP
> 555 Mission Street, San Francisco, CA 94105-0921
> Tel +1 415.393.8293 • Mobile +1 415.264.5998
> RBrass@gibsondunn.com • www.gibsondunn.com

---

**From:** Keith Mathews, Esq. <keith@aaone.law>
**Sent:** Wednesday, August 11, 2021 1:25 PM
**To:** Brass, Rachel S. <RBrass@gibsondunn.com>
**Subject:** Discovery for Injunction Hearing

[WARNING: External Email]

Rachel,

This email begins a new urgent message thread specifically concerning the limited discovery needed by both parties in order to present our respective arguments on the injunction. As I think you would agree, the Court, and possibly the Ninth Circuit/SCOTUS, are likely to dedicate substantial time to this motion. It would seem both parties could significantly refine/strengthen their arguments to the Court by being allowed to pursue very narrowly targeted discovery. I am hoping you might take the lead, in order to save time, and propose a joint stipulation as to how the parties may conduct this discovery in the ultimate name of adjudicating our dispute on the merits, rather than technical bickering.

From our end, we are open to questioning  and production of specific, reasonable requests, assuming you grant us reasonably similar leeway. I have intention of calling Eddy Cue,  and someone I would expect Apple to identify, who has extensive knowledge of Apple's COVID program. We would like documents about other COVID apps that applied early on for App Store distribution, as well as any internal Apple correspondence, and that with Google, about distributing COVID apps or making their own. In exchange, as mentioned, we will open up any info you need about how our product was developed.

If we are unable to stipulate to these procedures under Rule 26, I will need to file a motion for the court for discovery and I will need to be more broad with my requests. That is, we are starting as a compromise offer here, assuming Apple will engage in motion practice, simply because this is what we have observed thus far. I am hopeful we can resolve this amicably between ourselves. Please let me know if your office has any other proposed stipulations and expect that we can work through concerns as this evolves.

My hope is we come to an agreement later this week, file for permission early next week with the Court, and have 2-3 weeks to conduct this and prepare witnesses for the hearing. Again, I propose you take the lead in scheduling everything and determining allowable witnesses. We are waiving Tim Cook's deposition/subpoena for hearing as a courtesy.

Additionally I wanted to bring your attention to this article published today https://appleinsider.com/articles/21/08/11/senate-lawmakers-introduce-bill-targeting-apple-app-store-google-play. Although I have not yet seen your threatened Motion to Dismiss, I must inform you that in light of such global outrage at the App Store practices, we will almost certainly file a motion for sanctions. My client has instructed me to file for sanctions, dependent on your final filed Motion to Dismiss's content.

Regards,

Keith

*Atty. Keith A. Mathews*
*1000 Elm Street, Suite 800*
*Manchester, NH 03101*
*************************
*www.AAONE.law*
*Tel: (603) 622-8100*
*Fax: (888)912-1497*

CONFIDENTIALITY NOTICE:

This e-mail and any files transmitted with it are confidential, may be protected by the attorney-client privilege, and are intended for use by the addressee(s) only. If you are not the intended recipient or the person responsible for delivering e-mail for the intended recipient, be advised that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you believe you have received this e-mail in error, please destroy it immediately and notify me at 603-622-8100. Thank you.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

# EXHIBIT B

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Northern District of California

| | |
|---|---|
| Coronavirus Reporter et al | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. |21| -cv-5567-EMC |
| Apple Inc et al | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:    Mr. Eddy Cue, Senior Vice President, Services, Apple Inc

_____

*(Name of person to whom this subpoena is directed)*

     **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: | ~~United States District Court~~ <br> Northern California District (video link facility) | Courtroom No.: | Courtroom 5, via videoconference |
|---|---|---|---|
| | | Date and Time | November 4, 2021 @ 1:30PM PST |

     You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*: All internal correspondence and notes in Apple's custody pertaining to the March 2020 disallowment of Coronavirus Reporter, and any related COVID tracking/info sharing apps rejected prior to Plaintiffs' app.
All internal correspondence and notes in Apple's custody pertaining to the deleted and/or spoliated and/or unavailable App Store Connect resolution center correspondence re "Caller-ID" App.
All source code or architecture diagrams sufficient to show "application loaders" within iOS.
All ESI with terms "Coronavirus Reporter" , "Jeffrey Isaacs", or "Primary Productions.

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    October 22, 2021
     _____

       *CLERK OF COURT*

                                  OR

                                      /s/ Keith Mathews

_____      _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

 

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Coronavirus Reporter
_____
_____, who issues or requests this subpoena, are:
Keith Mathews, keith@aaone.law, PO Box 278, Manchester NH 03105, 603-622-8100

_____

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No. 19-cv-5567-EMC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT C

1

2
Keith Mathews
Associated Attorneys of New England
3
PO Box 278
Manchester, NH 03105
4
Ph. 603-622-8100
keith@aaone.law
5

6

7

8
IN THE UNITED STATES DISTRICT COURT
9
FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11

12

13

14
CORONAVIRUS REPORTER,
CALID INC,
15
PRIMARY PRODUCTIONS LLC,
DR. JEFFREY D. ISAACS,
16
on behalf of themselves and all others similarly
situated
17

18
                        Plaintiffs,
19
vs.
20
APPLE INC.,
21
FEDERAL TRADE COMMISSION
22
                        Defendants.
23

24

25

26

27

28

Case No. 3:21-cv-05567-EMC

**NOTICE TO APPEAR IN LIEU OF**

**SUBPOENA [CCP § 1987(b),(c)]**

**Hearing**

Date:        November 4, 2021
Time:        1:30PM
Place:       Courtroom 5, 17th Floor
             (videoconference)

The Honorable Edward M. Chen

1

2

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

3

4
NOTICE IS HEREBY GIVEN that, pursuant to *Code of Civil Procedure* § 1987, Plaintiff
Coronavirus Reporter ("Plaintiff") hereby demands that **Mr. Eddy Cue**, officer and Senior
Vice President of Services of Defendant ("Defendant") Apple, appear at the scheduled
preliminary injunction hearing in the above-referenced matter, which is presently scheduled
to commence on at 1:30PM on November 4, via a videoconference link to Courtroom 5.

5

6

7
This request is made pursuant to *Code of Civil Procedure* § 1987(b), which provides that
"[t]he giving of the notice shall have the same effect as service of a subpoena on the witness,
and the parties shall have those rights and the court may make those orders, including the
imposition of sanctions, as in the case of a subpoena for attendance before the court."

8

9

10

11
Under § 1987 Subsection C, no accompanying evidence production is sought along with this
notice. The related Subpoena evidence request issued to Mr. Cue on October 22 has been
waived and reassigned to Mr. Trystan Kosmynka, or his delegate, on behalf of Defendant
Apple Inc.

12

13

14
There is a "time honored principle that under our system of justice every litigant is entitled to
another person's relevant and non privileged testimony in a judicial proceeding."  Owens v.
QVC, 221 F.R.D. 430, 432 (E.D. Pa. 2004). Plaintiff's Notice of Motion filed August 8, 2021
notified all parties that "evidentiary materials to be presented at the hearing" would form a
basis of the motion. Plaintiffs have been working diligently with opposing counsel to depose
witnesses in lieu of this notice, to no avail. Plaintiffs intend to call a total of four witnesses
and approximate the hearing will have a four hour duration. Plaintiff shall reimburse all
reasonable expenses incurred by Mr. Cue in complying with this notice.

15

16

17

18

19

20

21
Dated: October 24, 2021

22

23
/s/ Keith Mathews

24

25
Keith Mathews

26
NH Bar No. 20997

27
Associated Attorneys of New England

28
PO Box 278

Manchester, NH 03105

Ph. 603-622-8100

keith@aaone.law

## CERTIFICATE OF SERVICE

I, Keith Mathews, do declare as follows:

I certify that a copy of the foregoing was delivered electronically to counsel for the Defendants with counsel, and emailed to those without known counsel.

Executed on this 24th  day of October 2021.

/s/ Keith Mathews

Keith Mathews

Attorney for Plaintiff Coronavirus Reporter

# EXHIBIT D

1  Keith Mathews
2  Associated Attorneys of New England
   PO Box 278
3  Manchester, NH 03105
   Ph. 603-622-8100
4  keith@aaone.law

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

12

13

14  CORONAVIRUS REPORTER,              Case No. 3:21-cv-05567-EMC
    CALID INC,
15  PRIMARY PRODUCTIONS LLC,
    DR. JEFFREY D. ISAACS,            **NOTICE TO APPEAR IN LIEU OF**
16  on behalf of themselves and all others similarly
    situated                          **SUBPOENA [CCP § 1987(b),(c)]**
17

18              Plaintiffs,            **Hearing**

19  vs.
                                       Date:      November 4, 2021
20                                     Time:      1:30PM
    APPLE INC.,                        Place:     Courtroom 5, 17th Floor
21  FEDERAL TRADE COMMISSION                      (videoconference)

22              Defendants.
                                       The Honorable Edward M. Chen
23

24

25

26

27

28

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN that, pursuant to *Code of Civil Procedure* § 1987, Plaintiff Coronavirus Reporter ("Plaintiff") hereby demands that **Mr. Trystan Kosmynka**, or an officer on his behalf to represent Defendant ("Defendant") Apple, appear at the scheduled preliminary injunction hearing in the above-referenced matter, which is presently scheduled to commence on at 1:30PM on November 4, via a videoconference link to Courtroom 5.

This request is made pursuant to *Code of Civil Procedure* § 1987(b), which provides that "[t]he giving of the notice shall have the same effect as service of a subpoena on the witness, and the parties shall have those rights and the court may make those orders, including the imposition of sanctions, as in the case of a subpoena for attendance before the court."

Under § 1987 Subsection C, the following evidence production is sought along with this notice:

All internal correspondence and notes in Apple's custody pertaining to the March 2020 disallowment of Coronavirus Reporter, and any related COVID tracking/info sharing apps rejected prior to Plaintiffs' app. All internal correspondence and notes in Apple's custody pertaining to the deleted and/or spoliated and/or unavailable App Store Connect resolution center correspondence re "Caller-ID" App.
All source code or architecture diagrams sufficient to show "application loaders" within iOS.
All ESI with terms "Coronavirus Reporter" , "Jeffrey Isaacs", or "Primary Productions".

There is a "time honored principle that under our system of justice every litigant is entitled to another person's relevant and non privileged testimony in a judicial proceeding." Owens v. QVC, 221 F.R.D. 430, 432 (E.D. Pa. 2004). Plaintiff's Notice of Motion filed August 8, 2021 notified all parties that "evidentiary materials to be presented at the hearing" would form a basis of the motion. Plaintiffs have been working diligently with opposing counsel to depose witnesses in lieu of this notice, to no avail. Plaintiffs intend to call a total of four witnesses and approximate the hearing will have a four hour duration. Plaintiff shall reimburse all reasonable expenses incurred by Mr. Kosmynka, or his appointee/delegate, in complying with this notice.

Dated: October 24, 2021

/s/ Keith Mathews

Coronavirus Reporter *et al v.* Apple Inc. *et al*
Case No. 21-CV-5567-EMC

Keith Mathews

NH Bar No. 20997

Associated Attorneys of New England

PO Box 278

Manchester, NH 03105

Ph. 603-622-8100

keith@aaone.law


## CERTIFICATE OF SERVICE


I, Keith Mathews, do declare as follows:


I certify that a copy of the foregoing was delivered electronically to counsel for the Defendants with counsel, and emailed to those without known counsel.

Executed on this 24th  day of October 2021.


_/s/ Keith Mathews_____

Keith Mathews

Attorney for Plaintiff Coronavirus Reporter

# EXHIBIT E

Keith Mathews
Associated Attorneys of New England
PO Box 278
Manchester, NH 03105
Ph. 603-622-8100
keith@aaone.law

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORONAVIRUS REPORTER,<br>CALID INC,<br>PRIMARY PRODUCTIONS LLC,<br>DR. JEFFREY D. ISAACS,<br>on behalf of themselves and all others similarly<br>situated<br><br>                    Plaintiffs,<br><br>vs.<br><br>APPLE INC.,<br>FEDERAL TRADE COMMISSION<br><br>                    Defendants. | Case No. 3:21-cv-05567-EMC<br><br>**NOTICE TO APPEAR IN LIEU OF**<br><br>**SUBPOENA [CCP § 1987(b),(c)]**<br><br>**Hearing**<br><br>Date:        November 4, 2021<br>Time:        1:30PM<br>Place:       Courtroom 5, 17th Floor<br>              (videoconference)<br><br>The Honorable Edward M. Chen |

1

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2

3    NOTICE IS HEREBY GIVEN that, pursuant to *Code of Civil Procedure* § 1987, Plaintiff
Coronavirus Reporter ("Plaintiff") hereby demands that **Chair Lina Khan**, of Defendant
4    ("Defendant") FTC, or her appointee/delegate, appear at the scheduled preliminary injunction
hearing in the above-referenced matter, which is presently scheduled to commence on at
5    1:30PM on November 4, via a videoconference link to Courtroom 5.

6

7    This request is made pursuant to *Code of Civil Procedure* § 1987(b), which provides that
"[t]he giving of the notice shall have the same effect as service of a subpoena on the witness,
8    and the parties shall have those rights and the court may make those orders, including the
imposition of sanctions, as in the case of a subpoena for attendance before the court."
9

10   Under § 1987 Subsection C, no accompanying evidence production is sought along with this
notice. However, the Chairperson is respectfully requested to have familiarity with the
11   following subjects, to the extent reasonably possible:

12

13          Knowledge of Plaintiff's submission of a complaint to antitrust@ftc.gov

14          Knowledge of any investigation of the aforementioned complaint.

15
            Knowledge of the nature and number of similar complaints to FTC involving App
16   Store censorship of free apps by Defendant Apple.

17          Knowledge of any pending investigation of any "free app censorship."

18
            Knowledge of applicable marketplace definitions, under Sherman Act, to free app
19   censorship.

20
            Knowledge of any complaints or investigation concerning Apple's *quid pro quo*
21   lobbying efforts with a Georgia HBCU or other state entities.

22
            FTC's position on *Noerr-Pennington* immunity, or lack thereof, regarding Apple's
23   lobbying against competitors (e.g. Plaintiff), as pursuant to FTC publication

24
            https://www.ftc.gov/sites/default/files/documents/reports/ftc-staff-report-concerning-
25          enforcement-perspectives-noerr-pennington-doctrine/p013518enfperspectnoerr-
            penningtondoctrine.pdf
26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

There is a "time honored principle that under our system of justice every litigant is entitled to another person's relevant and non privileged testimony in a judicial proceeding."  Owens v. QVC, 221 F.R.D. 430, 432 (E.D. Pa. 2004). Plaintiff's Notice of Motion filed August 8, 2021 notified all parties that "evidentiary materials to be presented at the hearing" would form a basis of the motion. Plaintiffs have been working diligently with opposing counsel to depose witnesses in lieu of this notice, to no avail. Plaintiffs intend to call a total of four witnesses and approximate the hearing will have a four hour duration. Plaintiff shall reimburse all reasonable expenses incurred by Chairperson Khan, or her delegate/appointee, in complying with this notice.


Dated: October 24, 2021


/s/ Keith Mathews

Keith Mathews

NH Bar No. 20997

Associated Attorneys of New England

PO Box 278

Manchester, NH 03105

Ph. 603-622-8100

keith@aaone.law


**CERTIFICATE OF SERVICE**


I, Keith Mathews, do declare as follows:

1

I certify that a copy of the foregoing was delivered electronically to counsel for the Defendants with counsel, and emailed to those without known counsel.

2

3

      Executed on this 24th  day of October 2021.

4

5

6

7

                 /s/ Keith Mathews

8

                 Keith Mathews

9

                 Attorney for Plaintiff Coronavirus Reporter

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT F

**Subject:** Re: Coronavirus Reporter et al. v. Apple Inc. et al., No. 3:21-CV-05567-EMC

**Date:** Saturday, October 30, 2021 at 9:31:12 PM Eastern Daylight Time

**From:** Perry, Mark A.

**To:** Keith Mathews

**CC:** Brass, Rachel S.

Dear Mr. Mathews,

Apple requests that Plaintiffs withdraw the subpoena to Mr. Cue, and the "notices" ostensibly directed to Messrs. Cue and Kosmynka. As you know from previous correspondence, as well as the response we filed on Friday, our position is that the Court's rules do not permit witness testimony at the November 4 hearing, the state-court notices are a nullity, the subpoena to Mr. Cue is unduly burdensome and otherwise inconsistent with Rule 45, and Plaintiffs' attempt to request documents is inconsistent with Rule 26. We have made our position abundantly clear on these issues, and we do not think additional motion practice should be necessary. If, however, Plaintiffs refuse to withdraw the subpoena and notices by midnight PT on Sunday, October 31, we plan to file a motion to quash and/or for a protective order on Monday, November 1. Apple will not be producing either witnesses or documents at the hearing on November 4 in any event, and will object to any attempt by Plaintiffs to introduce evidence at that time.

We remain willing to meet and confer on these issues; given your busy schedule on Monday, we propose 1:00 PT on Sunday.

Thanks.

MAP

**Mark A. Perry**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3667 • Fax +1 202.530.9696
MPerry@gibsondunn.com • www.gibsondunn.com

---

**From:** Keith Mathews <keith@aaone.law>
**Date:** Saturday, October 30, 2021 at 5:25 PM
**To:** Rachel Brass <RBrass@gibsondunn.com>
**Cc:** Mark Perry <MPerry@gibsondunn.com>, "coronavirusreporter@protonmail.com" <coronavirusreporter@protonmail.com>
**Subject:** Re: Coronavirus Reporter et al. v. Apple Inc. et al., No. 3:21-CV-05567-EMC

[WARNING: External Email]

Rachel and Mark,

I understand that you intend to file a protective order and motions to quash next week. Under the rules each motion needs a meet and confer.

I have hearings in the morning but will be available in the afternoon. Please let me know your availability.

Thanks,

Keith

> On Oct 25, 2021, at 5:39 PM, Brass, Rachel S. <RBrass@gibsondunn.com> wrote:
>
> Mr. Mathews,
>
>
> Apple understands from your email below that you are withdrawing your subpoena, and instead serving notices to Messrs. Cue and Kosmynka under California Code of Procedure Section 1987. Apple accepts service of those replacement notices; we will be addressing them in our forthcoming motion for protective order. To reiterate, Apple will not be producing any witnesses or documents at or before the November 4 hearing. To the extent you complain that Apple has not previously produced documents in this case, we remind you that you have never served any written discovery requests. Doing so now would be untimely and improper.
>
>
> Best,
> Rachel
>
>
> **Rachel S. Brass**
> **Partner**
>
> **GIBSON DUNN**
>
> Gibson, Dunn & Crutcher LLP
> 555 Mission Street, San Francisco, CA 94105-0921
> Tel +1 415.393.8293 • Mobile +1 415.264.5998
> RBrass@gibsondunn.com • www.gibsondunn.com
>
> ---
>
> **From:** keith aaone.law <keith@aaone.law>
> **Sent:** Sunday, October 24, 2021 5:43 PM
> **To:** Brass, Rachel S. <RBrass@gibsondunn.com>; Perry, Mark A. <MPerry@gibsondunn.com>
> **Subject:** Re: Coronavirus Reporter et al. v. Apple Inc. et al., No. 3:21-CV-05567-EMC
>
> [WARNING: External Email]
>
> Rachel and Mark,

I am writing to follow up on the subpoena issue with Mr. Cue. Thank you for your response today. As it turns out, California Code of Procedure Section 1987 is a better way to go about this issue. I am attaching the three notices, pursuant to CCP 1987, for the injunction hearing. Please confirm receipt of these notices by 6PM tomorrow.

As the notice points out, our position since August 8 is that the hearing is an integral part of this motion, and that evidence (and therefore, testimony via cross-examination) would be presented at the hearing.

We sought to streamline this, and in the interests of judicial economy on August 11, I emailed you

> "I am touching base regarding the limited discovery needed by both parties in order to present our respective arguments on the injunction. I have intention of calling Eddy Cue and someone I would expect Apple to identify who has extensive knowledge of Apple's COVID program….

> From our end, we are open to questioning and production of specific, reasonable requests, assuming you grant us reasonably similar leeway. I have intention of calling Eddy Cue,  and someone I would expect Apple to identify, who has extensive knowledge of Apple's COVID program. We would like documents about other COVID apps that applied early on for App Store distribution, as well as any internal Apple correspondence, and that with Google, about distributing COVID apps or making their own. In exchange, as mentioned, we will open up any info you need about how our product was developed."

Apple refused, on August 13, to engage in any discussion about injunction evidence:

> "Apple will not stipulate to the discovery you propose at this time."

Furthermore, on September 21, your email plainly refused to get & Confer on the evidence we note request from Mr. Kosmynka:

"A meet and confer is not warranted on any of the issues you raised in your emails below." in reply to Dr Isaacs email:

That denial of a Meet & Confer, necessary for the underlying preliminary injunction hearing, was in response to an email I had sent you for a Meet & Confer, reiterating a prior request by Plaintiff Dr. Isaacs:

"I understand you filed the MTD , not having completed a M&C on at least half the elements raised in the MTD filed last hour.

Additionally, I am awaiting M&C on -Leave to Amend PI and add myself as party (UCL)

-Evidence spoliation mitigation

-Leave to Amend SAC (RICO State issues, UCL)

-Patent Infringement claim discussion - In the interest of settlement, I am willing to offer Apple a substantially reduced price on the Web Caller-ID patent, which frankly could be quite valuable to them."

Further evidencing you and your client's uncooperative nature, after refusing our M & C request you made clear that you would not accept any further requests from Dr. Isaacs, and in fact warned him not to contact you:

"In these circumstances, neither I nor my colleagues may communicate with Mr. Isaacs, directly or indirectly, regarding the litigation or related subjects. *See* Cal. R. Prof.                              Conduct 4.2.  We have no intention of doing so."

For the aforementioned reasons, Plaintiffs fully intend to seek a full & fair hearing on this preliminary injunction, and cross-examination is not only appropriate, it is heavily indicated in the circumstances.

Please feel free to contact me if your client changes its mind and would instead prefer to work together on a stipulation for the hearing.


Best,

Keith

---

**From:** Brass, Rachel S. <RBrass@gibsondunn.com>
**Sent:** Sunday, October 24, 2021 4:43 PM
**To:** keith aaone.law <keith@aaone.law>; Perry, Mark A. <MPerry@gibsondunn.com>
**Cc:** Jeffrey Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu>; Michael Kernan <mkernan@kernanlaw.net>
**Subject:** RE: Coronavirus Reporter et al. v. Apple Inc. et al., No. 3:21-CV-05567-EMC

Dear Mr. Mathews,

I am responding to your e-mails of Friday, October 22, at 7:12 AM and 6:54 PM, and Saturday, October 23, at 7:59 PM.

First, we will accept service of the subpoena to Mr. Cue.

Second, we will be filing in due course a motion to quash the subpoena to Mr. Cue, and/or a motion for protective order.   We will also serve objections to the document subpoena.

Third, Mr. Cue will not be appearing at the hearing on November 4, and neither Mr. Cue nor Apple will be producing any documents at or before the hearing on November 4.

Fourth, Apple will oppose any effort by plaintiffs to call any witnesses or introduce any other evidence at the hearing on November 4.  As we have twice pointed out in opposing plaintiffs' motions for a preliminary injunction, those motions are supported by zero evidence.  That is a fatal defect that plaintiffs cannot rectify at the hearing (a point which should be obvious when one considers that the Court may decide the motions on the papers without holding any hearing).

Fifth, and finally, your assertion that Apple has refused to meet and confer on "these issues" is false.  The subpoena was e-mailed on Friday morning.  You sent follow-up e-mails on Friday evening and Saturday evening.  We are responding on Sunday afternoon.  We are willing to meet and confer with you on every issue raised in your three e-mails, although we have set forth our

positions with clarity herein so that there will be no misunderstanding.

Rachel

Rachel S. Brass
Partner

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8293 • Mobile +1 415.264.5998
RBrass@gibsondunn.com • www.gibsondunn.com


-----Original Message-----
From: Keith Mathews <keith@aaone.law>
Sent: Saturday, October 23, 2021 4:59 PM
To: Brass, Rachel S. <RBrass@gibsondunn.com>; Perry, Mark A. <MPerry@gibsondunn.com>
Cc: Jeffrey Isaacs <jeffrey.isaacs.wg03@wharton.upenn.edu>
Subject: Coronavirus Reporter et al. v. Apple Inc. et al., No. 3:21-CV-05567-EMC

[WARNING: External Email]

Rachel and Mark,

I have not received a response from you on my requests yesterday. You are simply avoiding Meet
& Confers and won't even respond to Dr. Isaacs. This is particularly inappropriate. As our motion
for injunction stated back in August, it is based on "evidentiary materials to be presented at the
hearing." We asked you in July to stipulate as to limited discovery, and you have consistently
refused Meet & Confer's on this and related issues of missing evidence .


As my email yesterday was 13 days out from the scheduled hearing, I am hoping to reach a joint
stipulation and not involve the Court in further motion practice. We suggest a witness list due
Friday, with 1 hour per witness, and 30 minutes in arguments by each side. As we intend to call
Commissioner Khan, Mr Cue, Dr Roberts, and Dr. Isaacs, we propose a 5 hour hearing. We will
need the missing evidence for Caller-ID and the related Coronavirus Reporter documentation
asked for in the subpoena.

 I propose the parties agree to exchange all subpoena evidence the morning of the hearing, to
avoid videoconferencing problems with ESI presentation, etc. Your prompt response is

requested as it would be unfair to postpone this injunction hearing because Apple counsel has refused to Meet & confer on these issues since July, or even respond to Dr. Isaacs.

Regards,

Keith

_____

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

_____

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.