1   BRIAN M. BOYNTON
        Acting Assistant Attorney General
2   LESLEY R. FARBY
        Assistant Branch Director
3   LISA ZEIDNER MARCUS (N.Y. Bar 4461679)
        Senior Counsel
4   UNITED STATES DEPARTMENT OF JUSTICE
        Civil Division, Federal Programs Branch
5       1100 L St., NW, Twelfth Floor
        Washington, DC 20530
6       Tel: (202) 514-3336
        Facsimile: (202) 616-8470
7       lisa.marcus@usdoj.gov

8   *Counsel for Federal Defendant*

9                    UNITED STATES DISTRICT COURT
10                  NORTHERN DISTRICT OF CALIFORNIA
                      SAN FRANCISCO DIVISION
11

12  CORONAVIRUS REPORTER, CALID INC.,   )   Case No. 3:21-cv-05567-EMC
    on behalf of themselves and all others similarly  )
13  situated,                            )   **Federal Defendant's Notice of Motion**
                                         )   **and Motion to Dismiss**
14                   Plaintiff,          )
                                         )
15            v.                         )   Noticed Hearing
                                         )   Date:   January 20, 2022
16  APPLE INC., FEDERAL TRADE            )   Time:   1:30pm
    COMMISSION,                          )   Judge:  Hon. Edward M. Chen
17                                       )
                     Defendants.         )
18  ─────────────────────────────────   )

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Table of Exhibits ................................................................................................................ ii

Table of Authorities .......................................................................................................... iii

Notice of Motion and Motion ........................................................................................... 1

Relief Sought by Federal Defendant ................................................................................ 1

Memorandum of Points and Authorities ......................................................................... 1

I.  INTRODUCTION ......................................................................................................... 1

II.  STATEMENT OF ISSUES TO BE DECIDED ............................................................ 2

III.  STATUTORY AND REGULATORY BACKGROUND ............................................. 2

   A.  The Federal Trade Commission ........................................................................... 2

   B.  The Administrative Procedure Act ....................................................................... 4

IV.  STATEMENT OF RELEVANT FACTS ...................................................................... 4

V.  LEGAL STANDARDS ................................................................................................. 6

VI.  ARGUMENT ............................................................................................................... 8

   A.  The Court Lacks Jurisdiction under § 706(1) of the APA ................................... 8

       1.  There Is No Statutory Provision Requiring the Federal Trade
           Commission to Respond to Emails or Complaints .................................... 8

       2.  Plaintiffs Cannot Pursue an APA § 706(1) Claim Based on Any Alleged
           Failure of the Federal Trade Commission to Engage in Rulemaking
           Because the Commission Does Not Have a Nondiscretionary Duty to
           Conduct Rulemaking ............................................................................... 11

       3.  The Federal Trade Commission's Enforcement Decisions Are
           Committed to Agency Discretion by Law, and Are Therefore
           Unreviewable under the APA ................................................................... 12

   B.  Plaintiffs Lack Standing to Sue the Federal Trade Commission ...................... 14

   C.  The Court Should Dismiss the Amended Complaint for Improper Venue with
       Respect to the Federal Trade Commission ......................................................... 16

   D.  Plaintiffs Fail to Comply with Federal Rule of Civil Procedure 8(a) Because They
       Do Not Specify the Relief They Seek Against the Federal Trade Commission .......... 19

   E.  The Court Should Dismiss the Amended Complaint's Purported Claim Against
       the Federal Trade Commission Without Leave to Amend ................................... 20

VII.  CONCLUSION .......................................................................................................... 21

**TABLE OF EXHIBITS**

Exhibit A:      Declaration of Lisa Zeidner Marcus, Senior Counsel, U.S. Department of Justice, Civil Division, Federal Programs Branch

Exhibit A-1:    Email chain containing plaintiffs' counsel's March 12, 2021, email to the Federal Trade Commission

Exhibit A-2:    Attachment to plaintiffs' counsel's March 12, 2021, email: amended complaint for damages and injunctive relief in *Coronavirus Reporter v. Apple Inc.*, No. 21-cv-47 (D.N.H.)

Exhibit A-3:    Attachment to plaintiffs' counsel's March 12, 2021, email: "CNBC interview corporate min.pdf"

Exhibit A-4:    Attachment to plaintiffs' counsel's March 12, 2021, email: "Robert Roberts short bio 2019.pdf"

Exhibit A-5:    Attachment to plaintiffs' counsel's March 12, 2021, email: "Roberts CV.pdf"

Exhibit A-6:    Copy of webpage, "Report an Antitrust Violation," Federal Trade Commission, https://www.ftc.gov/faq/competition/report-antitrust-violation.

Exhibit A-7:    Copy of blog post / webpage, "Inside the antitrust mailbox," Federal Trade Commission, https://www.ftc.gov/news-events/blogs/competition-matters/2014/02/inside-antitrust-mailbox.

# TABLE OF AUTHORITIES

**Cases**

*Adams v. A E Door & Windows,*
No. 17cv602, 2018 WL 1322240 (S.D. Ohio Mar. 13, 2018) .................................................. 19

*Agnew v. Moody,*
330 F.2d 868 (9th Cir. 1964) ................................................................................. 19

*Allen v. Wright,*
468 U.S. 737 (1984)................................................................................................ 15

*Alvarado v. Table Mountain Rancheria,*
509 F.3d 1008 (9th Cir. 2007) .............................................................................. 8

*AMG Cap. Mgmt., LLC v. FTC,*
141 S. Ct. 1341 (2021)................................................................................. 3, 4, 5

*Andrianumearisata v. Gem State Staffing,*
No. 20cv547, 2021 WL 2692334 (D. Idaho June 30, 2021)...................................... 19

*Applegate v. Arizona,*
No. 10cv47, 2010 WL 4574460 (D. Ariz. Nov. 5, 2010) ..................................... 20

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)................................................................................................. 7

*Augustine v. United States,*
704 F.2d 1074 (9th Cir. 1983) ............................................................................... 7

*Axon Enter., Inc. v. FTC,*
986 F.3d 1173 (9th Cir. 2021) ............................................................................... 2

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)................................................................................................. 7

*Better Mkts., Inc. v. U.S. Dep't of Justice,*
83 F. Supp. 3d 250 (D.D.C. 2015)......................................................................... 13

*Bowsher v. Synar,*
478 U.S. 714 (1986)................................................................................................. 2

*Cato v. United States,*
70 F.3d 1103 (9th Cir. 1995) ................................................................................. 20

*Cervantes v. Countrywide Home Loans, Inc.,*
656 F.3d 1034 (9th Cir. 2011) ............................................................................... 20

*Confederated Tribes of Umatilla Indian Rsrv. v. Bonneville Power Admin.,*
342 F.3d 924 (9th Cir. 2003) ........................................................................... 9, 10

*DCR Workforce, Inc. v. Coupa Software Inc.,*
No. 21cv6066, 2021 WL 4776700 (N.D. Cal. Oct. 13, 2021)................................ 21

*Doe 1 v. AOL LLC,*
    552 F.3d 1077 (9th Cir. 2009) ................................................................... 7, 8

*Dmitriev v. Chertoff,*
    No. 06cv7677, 2007 WL 1319533 (N.D. Cal. May 4, 2007) ................................ 9

*Dudash v. Varnell Struck & Assocs., Inc.,*
    No. 04cv2478, 2004 WL 2623903 (N.D. Cal. Nov. 16, 2004).......................... 17

*Electronic Privacy Info. Ctr. v. FTC,*
    844 F. Supp. 2d 98 (D.D.C. 2012) ........................................................... 14

*Flathead Irrigation Dist. v. Zinke,*
    725 F. App'x 507 (9th Cir. 2018) ............................................................ 8

*Freedom Watch, Inc. v. Sessions,*
    281 F. Supp. 3d 159 (D.D.C. 2017) ......................................................... 16

*FTC v. Cement Inst.,*
    333 U.S. 683 (1948)......................................................................... 3

*FTC v. Motion Picture Advertising Service Co.,*
    344 U.S. 392 (1953)......................................................................... 3

*FTC v. Sperry & Hutchinson Co.,*
    405 U.S. 233 (1972)......................................................................... 3

*Graves-Bey v. City & Cty. of San Francisco,*
    669 Fed. App'x 373 (9th Cir. 2016) ........................................................ 15

*Gros Ventre Tribe v. United States,*
    469 F.3d 801 (9th Cir. 2006) ............................................................... 8

*Heckler v. Chaney,*
    470 U.S. 821 (1985).................................................................... 12, 14

*Hells Canyon Pres. Council v. U.S. Forest Serv.,*
    593 F.3d 923 (9th Cir. 2010) ............................................................... 8

*Herrera v. Cathay Pac. Airways Ltd.,*
    No. 20cv3019, 2021 WL 673448 (N.D. Cal. Feb. 21, 2021).............................. 7

*Ignacio v. Judges of U.S. Ct. of Appeals for Ninth Cir.,*
    453 F.3d 1160 (9th Cir. 2006) ............................................................. 20

*In re Application for Appointment of Indep. Counsel,*
    766 F.2d 70 (2d Cir. 1985) ................................................................ 16

*In re Barr Lab'ys., Inc.,*
    930 F.2d 72 (D.C. Cir. 1991) .............................................................. 11

*Jenkins Brick Co. v. Bremer,*
    321 F.3d 1366 (11th Cir. 2003) ............................................................ 18

*Kater v. Churchill Downs Inc.*,
    886 F.3d 784 (9th Cir. 2018) ........................................................................................ 9

*Kilpatrick v. Mitchelle*,
    No. 12cv1554, 2012 WL 2428440 (E.D. Cal. June 26, 2012) .................................... 19

*King v. Russell*,
    963 F.2d 1301 (9th Cir. 1992) ...................................................................................... 8

*Kings Cty. Econ. Cmty. Dev. Ass'n v. Hardin*,
    333 F. Supp. 1302 (N.D. Cal. 1971) ........................................................................... 17

*Knievel v. ESPN*,
    393 F.3d 1068 (9th Cir. 2005) ...................................................................................... 7

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994) ...................................................................................................... 6

*Lazy Y Ranch Ltd. v. Behrens*,
    546 F.3d 580 (9th Cir. 2008) ........................................................................................ 7

*Leroy v. Great W. United Corp.*,
    443 U.S. 173 (1979) .................................................................................................... 17

*Levine v. Vilsack*,
    587 F.3d 986 (9th Cir. 2009) ...................................................................................... 16

*Lincoln v. Vigil*,
    508 U.S. 182 (1993) .................................................................................................... 12

*Linda R.S. v. Richard D.*,
    410 U.S. 614 (1973) .................................................................................................... 15

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) .......................................................................................... 14, 15, 16

*McHenry v. Renne*,
    84 F.3d 1172 (9th Cir. 1996) ...................................................................................... 20

*Moden v. U.S. Fish & Wildlife*,
    No. 08cv214, 2008 WL 4763025 (D. Or. Oct. 27, 2008) ........................................... 11

*Moog Indus., Inc. v. FTC*,
    355 U.S. 411 (1958) .................................................................................................... 13

*Moore v. United States*,
    193 F.R.D. 647 (N.D. Cal. 2000) ............................................................................... 19

*Multilingual Multicultural Educ. v. Garcia*,
    No. 11cv0215, 2011 WL 2532478 (N.D. Cal. June 24, 2011) .................................. 18

*N. Cty. Cmty. All., Inc. v. Salazar*,
    573 F.3d 738 (9th Cir. 2009) ..................................................................................... 8, 9

*Nevijel v. N. Coast Life Ins. Co.*,
    651 F.2d 671 (9th Cir. 1981) ............................................................................. 8, 19

*Norton v. S. Utah Wilderness*,
    All., 542 U.S. 55 (2004) ................................................................................ 8, 9, 11

*Olberding v. Ill. Cent. R. Co.*,
    346 U.S. 338 (1953) .......................................................................................... 17

*Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest.*,
    406 F. Supp. 2d 1120 (S.D. Cal. 2005) ............................................................... 7

*Pendleton v. Trans Union Sys. Corp.*,
    430 F. Supp. 95 (E.D. Pa. 1977) ....................................................................... 13

*People With Disabilities Found. v. Colvin*,
    No. 15cv2570, 2016 WL 2984898 (N.D. Cal. May 24, 2016) ....................... 9, 10

*Piedmont Label Co. v. Sun Garden Packing Co.*,
    598 F.2d 491 (9th Cir. 1979) ............................................................................... 7

*Poorsina v. Xiaosong Zhang*,
    No. 20-cv9119, 2021 WL 1222520 (N.D. Cal. Mar. 31, 2021) ........................... 7

*Remley v. Lockheed Martin Corp.*,
    No. 00cv2495, 2001 WL 681257 (N.D. Cal. June 4, 2001) ............................... 18

*Robinson v. Cunan*,
    489 F. App'x 187 (9th Cir. 2012) ...................................................................... 15

*Rush v. Macy's New York, Inc.*,
    775 F.2d 1554 (11th Cir. 1985) .................................................................... 13, 14

*Safe Air for Everyone v. Meyer*,
    373 F.3d 1035 (9th Cir. 2004) ......................................................................... 6, 7

*Saravia v. Sessions*,
    280 F. Supp. 3d 1168 (N.D. Cal. 2017) ............................................................. 18

*Schmidt v. Herrmann*,
    614 F.2d 1221 (9th Cir. 1980) ........................................................................... 19

*Sierra Club v. Morton*,
    405 U.S. 727 (1972) .......................................................................................... 14

*Sierra Club v. Whitman*,
    268 F.3d 898 (9th Cir. 2001) ............................................................................ 13

*Simon v. E. Kentucky Welfare Rts. Org.*,
    426 U.S. 26 (1976) ............................................................................................ 15

*Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*,
    594 F.2d 730 (9th Cir. 1979) ........................................................................... 6, 7

*Thornton v. Daly City*,
   No. 19cv7638, 2021 WL 4466164 (N.D. Cal. Aug. 24, 2021)................................ 15

*Tia v. Crim. Investigation Demanded as Set Forth*,
   441 F. App'x 457 (9th Cir. 2011) ........................................................................ 15

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) ............................................................................... 7

*United Tactical Sys. LLC v. Real Action Paintball, Inc.*,
   108 F. Supp. 3d 733 (N.D. Cal. 2015) ................................................................. 18

*Warth v. Seldin*,
   422 U.S. 490 (1975)............................................................................................ 14

*Whisnant v. United States*,
   400 F.3d 1177 (9th Cir. 2005) ............................................................................. 7

*Williams v. United States*,
   No. 01cv0024, 2001 WL 1352885 (N.D. Cal. Oct. 23, 2001)................................ 18

*Wolfe v. Strankman*,
   392 F.3d 358 (9th Cir. 2004) ............................................................................... 7

**Statutes**

5 U.S.C. § 701 ........................................................................................................ 8, 12

5 U.S.C. § 706(1) ..................................................................................................... *passim*

15 U.S.C. § 22 ......................................................................................................... 17

15 U.S.C. §§ 41–58 ................................................................................................. 2

15 U.S.C. § 41 ......................................................................................................... 2

15 U.S.C. § 43 ......................................................................................................... 9

15 U.S.C. § 45 ......................................................................................................... 3, 5, 13

15 U.S.C. § 53 ......................................................................................................... 3

28 U.S.C. § 1391(e) ................................................................................................. 17, 18

28 U.S.C. § 1406(a) ................................................................................................. 8, 17, 19

Federal Trade Commission Act ("FTC Act"),
   Pub. L. No. 63-203, 38 Stat. 717 (1914).............................................................. *passim*

**Rules**

Federal Rule of Civil Procedure 8(a) ........................................................................ *passim*

Federal Rule of Civil Procedure 12(b)(1) ..................................................... 1, 6

Federal Rule of Civil Procedure 12(b)(3) ................................................... 1, 7, 18

Federal Rule of Civil Procedure 12(b)(6) ..................................................... 7, 19

Federal Rule of Civil Procedure 41(a) .............................................................. 5

Federal Rule of Civil Procedure 41(b)....................................................... 1, 8, 19

**Regulations**

16 C.F.R. §§ 3.51–3.54 ..................................................................................... 3

16 C.F.R. § 4.14 ................................................................................................ 4

**Other Authorities**

5 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1255 (4th ed.)................ 19

*Promoting Competition in the American Economy,*
    Exec. Order 14,036, 86 Fed. Reg. 36,987 (July 14, 2021). ...................... 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on January 20, 2022, at 1:30pm, or as soon thereafter as the matter may be heard, federal defendant the Federal Trade Commission, will appear before the Honorable Edward M. Chen and move:  (1) pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the amended complaint, ECF No. 41, for lack of subject matter jurisdiction; (2) pursuant to Federal Rule of Civil Procedure 12(b)(3) to dismiss the amended complaint for improper venue; and (3) pursuant to Federal Rule of Civil Procedure 41(b) to dismiss the amended complaint for failure to comply with Federal Rule of Civil Procedure 8(a)(3). Defendant's motion is based on this notice, the points and authorities in support of this motion, the Declaration of Lisa Zeidner Marcus and exhibits thereto, and other good cause.

## RELIEF SOUGHT BY FEDERAL DEFENDANT

Federal defendant the Federal Trade Commission seeks dismissal of the purported claims against it for lack of subject matter jurisdiction, improper venue, and failure to specify the relief demanded. Given the jurisdictional deficiencies in plaintiffs' amended complaint, the Federal Trade Commission respectfully submits that dismissal without leave to amend would be appropriate.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

In March of 2021, plaintiffs' counsel sent an email to the general email address for the Federal Trade Commission's Bureau of Competition. The email asked for assistance with a federal district court matter that had been recently filed by plaintiffs against Apple, Inc. Plaintiffs allege that the Federal Trade Commission ("FTC") never substantively responded to that email.

On that basis, and that basis alone, plaintiffs attempt to sue the FTC. According to plaintiffs, the FTC's lack of response to plaintiffs' counsel's email "constitutes agency action unlawfully withheld" or "agency action unreasonably delayed," in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1). It does not.

Plaintiffs' purported claim against the FTC is a quintessential example of trying to make a "federal case" where none exists. The Court should dismiss plaintiffs' purported claim against

the FTC set forth in their amended complaint (ECF No. 41) for lack of subject matter jurisdiction because plaintiffs ask the Court to compel the FTC to take action that is not legally required, and thus fail to establish jurisdiction under APA § 706(1) of the APA. The Court further lacks jurisdiction because, as a matter of law, the plaintiffs lack standing to sue the FTC. Additionally, plaintiffs fail to establish venue in this district with respect to their purported claim against the FTC. Plaintiffs' amended complaint is also deficient because plaintiffs fail to specify the relief they seek against the FTC. Any one of these grounds on its own would provide a sufficient basis for the Court to dismiss plaintiffs' purported claim against the FTC. The existence of all of them here show that further amendment would be futile. Accordingly, the Court should grant the FTC's motion, and should dismiss the amended complaint's allegations against the FTC with prejudice.

## II.    STATEMENT OF ISSUES TO BE DECIDED

Whether the Court has jurisdiction under the APA § 706(1); whether plaintiffs have standing to sue the FTC; whether venue properly lies in this district with respect to plaintiffs' purported claim against the FTC; whether plaintiffs have complied with Federal Rule of Civil Procedure 8(a)(3).

## III.   STATUTORY AND REGULATORY BACKGROUND

### A.    The Federal Trade Commission

The FTC is an independent federal agency established in 1914 under the Federal Trade Commission Act ("FTC Act"), Pub. L. No. 63-203, 38 Stat. 717 (1914), codified as amended at 15 U.S.C. §§ 41–58.[1] The Commission itself is composed of five commissioners who are appointed to staggered terms by the President with the advice and consent of the Senate. 15 U.S.C. § 41.

The FTC Act prohibits "unfair methods of competition" and "unfair or deceptive acts or practices" in or affecting commerce. *Id.* § 45(a)(1). To that end, the FTC investigates and brings

---

[1] For more information regarding the "independent" status of the FTC, *see, e.g.*, *Bowsher v. Synar*, 478 U.S. 714, 725 n.4 (1986); *Axon Enter., Inc. v. FTC*, 986 F.3d 1173, 1176 (9th Cir. 2021).

1    enforcement actions concerning possible unfair methods of competition, which include (but are

2    not limited to[2]) "those restraints of trade which also [are] outlawed by" the antitrust laws.[3] *See*

3    *FTC v. Cement Inst.*, 333 U.S. 683, 691–92 (1948). Congress empowered the FTC to enforce

4    these provisions in its discretion either through FTC administrative adjudication or civil

5    enforcement actions in the U.S. district courts. 15 U.S.C. §§ 45(a) & (b), 53(b). The FTC "*may*

6    … prosecute any inquiry necessary to its duties in any part of the United States," *id.* § 43

7    (emphasis added), and is authorized "to gather and compile information concerning, and to

8    investigate from time to time the organization, business, conduct, practices, and management of

9    any person, partnership, or corporation engaged in or whose business affects commerce,

10   excepting banks, savings and loan institutions … Federal credit unions … and common carriers

11   …," *id.* § 46(a).

12       The FTC may issue an administrative complaint whenever it determines that such action

13   is in the public interest, and it has "reason to believe" that a person, partnership, or corporation

14   has been or is violating the Act's prohibitions. *Id.* § 45(b). Administrative complaints are tried

15   before an administrative law judge and are subject to *de novo* review by the Commission. *Id.*; 16

16   C.F.R. §§ 3.51–3.54. If the FTC determines that the FTC Act was violated, it may issue a cease

17   and desist order. 15 U.S.C. § 45(b). FTC cease and desist orders are subject to judicial review

18   exclusively in the courts of appeals. *Id.* § 45(c).

19       Alternatively, the FTC may file a federal district court action under section 13(b) of the

20   FTC Act. 15 U.S.C. § 53(b). That provision authorizes a lawsuit when the FTC has "reason to

21   believe" that a person, partnership, or corporation is violating or is about to violate any provision

22   of law enforced by the FTC. *Id.* Section 13(b) empowers the district court to grant injunctive

23   relief as the Court may deem appropriate to halt the law violations. *Id.*; *see also AMG Cap.*

24   *Mgmt., LLC v. FTC*, 141 S. Ct. 1341, 1346–47, 1352 (2021).

25
26   [2] *See FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233, 244 (1972) (recognizing that the "unfair competitive practices" that the FTC is authorized to pursue are "not limited to those likely to have anticompetitive consequences after the manner of the antitrust laws").

27
28   [3] The Supreme Court has explained that "[i]t is ... clear that the Federal Trade Commission Act was designed to supplement and bolster the Sherman Act and the Clayton Act ...—to stop in their incipiency acts and practices which, when full blown, would violate those Acts." *FTC v. Motion Picture Advertising Service Co.*, 344 U.S. 392, 394–95 (1953).

Whichever procedural route the Commission follows, the FTC commissioners are alone charged with deciding whether and where (*i.e.*, administrative or federal court forum) to file a law enforcement action. That decision must be approved by a majority vote. 16 C.F.R. § 4.14.

### B.    The Administrative Procedure Act

Under the APA § 706(1), a district court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). In making this determination, the court "shall review the whole [administrative] record or those parts of it cited by a party." *Id.* However, judicial review under the APA is not available where "statutes preclude judicial review" or "agency action is committed to agency discretion by law. *Id.* § 701(a).

## IV.    STATEMENT OF RELEVANT FACTS

Most of the allegations in the amended complaint pertain to plaintiffs' claims against non-federal defendant Apple Inc. ("Apple"). With respect to federal defendant the FTC, plaintiffs allege the following facts:

On March 12, 2021, counsel for plaintiff Coronavirus Reporter sent an email to the Federal Trade Commission at antitrust@ftc.gov. Am. Compl. ¶ 326. The subject line of the email referenced "Coronavirus Reporter v. Apple, Inc." Ex. A-1 at 1.[4] The email stated:

> To whom it may concern,
>
> My client has recently filed this action against Apple, Inc. in the District Court for the District of New Hampshire. It raises concerns about the compan[y's] policies which violate the Sherman Act. I am writing to you to implore your office to aid in this pursuit in any way you can.
>
> Please see attached for your review.
>
> Please feel welcome to contact me with any further questions.

*Id.* Plaintiffs characterize this email as "submit[ing] an antitrust complaint to the FTC, requesting assistance in prosecuting civil and criminal violations of the Sherman Act." Am. Compl. ¶ 326. Attached to this email were four documents: (a) an amended complaint for damages and

---

[4] Plaintiffs' counsels' email to the FTC, and the FTC's response thereto, are incorporated by reference into the Complaint, *see* Am. Compl. ¶¶ 326–27, and the Court may thus consider them without converting this motion into a motion for summary judgment. *See* § V, *infra*.

injunctive relief in *Coronavirus Reporter v. Apple Inc.*, No. 21-cv-47 (D.N.H.);[5] (b) a document entitled "CNBC interview corporate min.pdf," containing Coronavirus Reporter "Officer Minutes"; (c) a document entitled "Robert Roberts short bio 2019.pdf," containing biographical information for Dr. Robert Roberts; and (d) a document entitled "Roberts CV.pdf," a fifty-five page curriculum vitae for Dr. Roberts. *See* Ex. A. at ¶¶ 3–7; Ex. A-2, Ex. A-3; Ex. A-4; Ex. A-5.

On March 16, 2021, an employee of the Federal Trade Commission sent an email response to plaintiffs' counsel, indicating that counsel's March 12, 2021, email "has been forwarded to the appropriate office for review." Ex. A-1. The Federal Trade Commission has not substantively responded to plaintiffs' counsel's email. *See* Am. Compl. ¶ 327. According to plaintiffs, this constitutes "agency action unlawfully withheld," in violation of the APA § 706(1). *Id.* ¶ 328.

Plaintiffs allege that "it is mystifying that the US Government has actively pursued Sherman Act claims against the Google Play Store, but won't even answer … complaints to the FTC concerning Apple's far more egregious behavior." Am. Compl. ¶ 238. Plaintiffs assert that "[t]o pursue antitrust actions against Android, when it permits application loading, does not require notary stamps, and charges one-quarter Apple's developer fees is a double-standard." *Id.*

Plaintiffs point to the Federal Trade Commission's mission: "Protecting consumers and competition by preventing anticompetitive, deceptive, and unfair business practices through law enforcement, advocacy, and education without unduly burdening legitimate business activity." *Id.* ¶ 32. Plaintiffs assert that "[t]he FTC mission … requires the FTC to investigate such egregious actions by a monopoly" as that described in plaintiffs' counsel's email regarding plaintiffs' allegations against Apple. *Id.* ¶ 332. Plaintiffs "seek [that the] FTC charge Apple with appropriate Sherman civil and criminal penalties."[6] *Id.* ¶ 333.

Additionally, plaintiffs cite President Biden's July 9, 2021, Executive Order 14,036,

---

[5] On May 14, 2021, the district court in that case ordered that the case be transferred to the Northern District of California, No. 21-cv-47 (D.N.H.), ECF No. 30, and on July 1, 2021, the court denied the plaintiffs' motion for reconsideration, *id.*, ECF No. 39. Thereafter, on July, 2, 2021, plaintiffs filed a notice of voluntary dismissal without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). *Id.*, ECF No. 40.

[6] The FTC does not have criminal enforcement authority. *See* 15 U.S.C. § 45(m) (authorizing the Commission to commence a civil action in district court).

entitled *Promoting Competition in the American Economy*, which was printed in the Federal Register on July 14, 2021. *See id.* ¶¶ 36, 334; *see also* 86 Fed. Reg. 36,987, 36,987–99 (July 14, 2021). Plaintiffs assert that the Executive Order "specifically task[s]" the FTC "to use is statutory rulemaking authority to address 'unfair competition in Major internet marketplaces.'" Am. Compl. ¶ 36. Plaintiffs "hope[] that any claims against FTC for non-action, arbitrary, and/or capricious enforcement of Sherman will be rendered moot by compliance with the President's directive." *Id.* ¶ 335. Plaintiffs seek FTC "assistance and guidelines," and request[] [that] the agency investigate Plaintiffs' complaint, take decisive action, and notify the Court of said action." *Id.*

Plaintiffs allege that they have been injured because, in the absence of a response by the FTC to the complaint that they submitted, "Apple has subjected Plaintiff to now eight months of abusive litigation tactics, including filing false federal court pleadings (picked up by the press) that Plaintiffs claims verge on 'disregard for the law.'" *Id.* ¶ 329. Plaintiff contend that the "FTC can conclude Apple engages in harassing tactics to subvert Sherman litigation." *Id.* ¶ 330.

Plaintiffs' prayer for relief does not specify any relief sought against the FTC. Am. Compl. at 106–107.

## V.    LEGAL STANDARDS

Plaintiffs bear the burden of establishing that the Court has the requisite subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may either attack either the allegations of the complaint or the existence of subject matter jurisdiction in fact. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). A Rule 12(b)(1) motion will be granted when, looking at the entirety of the complaint, its allegations fail to establish jurisdiction either facially or factually. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Where, as here, a motion to dismiss under Rule 12(b)(1) makes a facial attack on the complaint, asserting that the complaint's allegations fail to establish subject-matter jurisdiction

as a matter of law,[7] the Court "take[s] the allegations in the plaintiff's complaint as true." *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005) (citing *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)).[8] The Court may consider well-pled allegations in the complaint as well as documents that are "incorporated by reference" and information subject to judicial notice. *Poorsina v. Xiaosong Zhang*, No. 20cv9119, 2021 WL 1222520, at *5 (N.D. Cal. Mar. 31, 2021); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). A document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The Court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss …." *Id.* The Court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Likewise, the Court need not accept "'naked assertion[s]' devoid of 'further factual enhancement,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)), and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," *id.*

As with subject matter jurisdiction, plaintiffs bear the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). A Rule 12(b)(3) motion challenges the complaint for improper venue. In considering such a motion, "[the] pleadings need not be accepted as true, and facts outside the pleadings may be considered." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). Should plaintiffs fail to

---

[7] Where a defendant brings a factual challenge, on the other hand, the defendant "disputes the truth of allegations that otherwise would give rise to federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. "In such circumstances, '[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (quoting *Thornhill Publ'g Co.*, 594 F.2d at 733).

[8] "'If the defendant brings a facial attack, arguing that the allegations in the complaint are insufficient to demonstrate the existence of jurisdiction, the court's inquiry is much the same as when ruling on a motion to dismiss brought under Rule 12(b)(6).'" *Herrera v. Cathay Pac. Airways Ltd.*, No. 20cv3019, 2021 WL 673448, at *3 (N.D. Cal. Feb. 21, 2021) (quoting *Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1124 (S.D. Cal. 2005)).

satisfy their burden to show proper venue in this district, the court "shall dismiss" the action, 28 U.S.C. § 1406(a), but retains discretion to transfer the case "in the interest of justice" to any district where the case could initially have been brought, *id.*; *see also King v. Russell*, 963 F.2d 1301, 1304–05 (9th Cir. 1992).

A defendant may move to dismiss under Rule 41(b) where plaintiffs fail to comply with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b). In the Ninth Circuit, seeking dismissal under Rule 41(b) is the appropriate procedure where a complaint fails to comply with Rule 8(a), including Rule 8(a)(3)'s requirement to specify relief demanded. *See Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981).

## VI.    ARGUMENT

### A.    The Court Lacks Jurisdiction under § 706(1) of the APA

In order for a claim to proceed under § 706(1), plaintiffs must "assert[] that an agency failed to take a discrete agency action that it is required to take." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) ("*SUWA*"); *see also, e.g.*, *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 932 (9th Cir. 2010). "Absent such an assertion, a Section 706(1) claim may be dismissed for lack of jurisdiction." *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1019–20 (9th Cir. 2007); *accord Flathead Irrigation Dist. v. Zinke*, 725 F. App'x 507, 510 (9th Cir. 2018); *see also, e.g.*, *N. Cty. Cmty. All., Inc. v. Salazar*, 573 F.3d 738, 744 (9th Cir. 2009) (treating 5 U.S.C. § 706(1) as jurisdictional); *Gros Ventre Tribe v. United States*, 469 F.3d 801, 814 (9th Cir. 2006) (same). A court also lacks jurisdiction over a § 706(1) claim where "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). Here, plaintiffs lack a valid basis to argue that the FTC failed to take discrete nondiscretionary actions, and therefore the Court should dismiss their "failure to act claim" for lack of jurisdiction. *See, e.g.*, *Gros Ventre Tribe*, 469 F.3d at 814.

#### 1.    There Is No Statutory Provision Requiring the Federal Trade Commission to Respond to Emails or Complaints

According to plaintiffs, a lack of response to their counsel's March 12, 2021, email to the FTC constitutes agency action that has been "unlawfully withheld or unreasonably delayed"

under 5 U.S.C. § 706(1). *See* Am. Compl. ¶¶ 327–28. Not so.

      As noted above, to pursue a claim under the APA § 706(1), plaintiffs must demonstrate that the FTC has "failed to take a discrete agency action that it is required to take." *SUWA*, 542 U.S. at 64. The requirement of action must be unambiguous: In order to state a claim under section 706(1), the Ninth Circuit has held, a party "must at least show 'agency recalcitrance ... in the face of clear statutory duty or ... of such magnitude that it amounts to an abdication of statutory responsibility.'" *N. Cty. Cmty. All.*, 573 F.3d at 744 (quoting *Confederated Tribes of Umatilla Indian Rsrv. v. Bonneville Power Admin.*, 342 F.3d 924, 930 (9th Cir. 2003)); *accord Dmitriev v. Chertoff*, No. 06cv7677, 2007 WL 1319533 at *2 (N.D. Cal. May 4, 2007) (holding that "[u]nder the APA, a plaintiff must show that (1) an agency had a nondiscretionary duty to act and (2) the agency unreasonably delayed in acting"). This plaintiffs cannot do, as the FTC does not have a statutory duty to respond to emails, and any FTC response to complaints submitted by the public is discretionary.

      While the FTC Act authorizes the FTC to gather information and to investigate potential antitrust violations, 15 U.S.C. § 43, the statute does not specify what the FTC must do with the information it gathers, or mandate that the FTC act on this information. *See id.* Thus, plaintiffs cannot show that there is a "discrete" agency action that the FTC is "required to take" with respect to the plaintiffs' counsel's email of March 12, 2021. This is especially true given the vague and general nature of the email at issue, which brought to the FTC's attention recent litigation that the plaintiffs had filed in the District of New Hampshire, and which they later voluntarily dismissed. Ex. A-1; No. 21-cv-47 (D.N.H.), ECF No. 40.

      The FTC's Bureau of Competition has published on the FTC's website a blog post entitled "Inside the antitrust mailbox."[9] Ex. A-7 (copy of webpage, https://www.ftc.gov/news-events/blogs/competition-matters/2014/02/inside-antitrust-mailbox). The post provides "tips" for presenting an antitrust complaint to the FTC, and "some insight" into what happens after a

---

[9] The Court may take judicial notice of publicly available information on federal government websites, including that cited herein and attached. *See Kater v. Churchill Downs Inc.*, 886 F.3d 784, 788 n.3 (9th Cir. 2018); *People With Disabilities Found. v. Colvin*, No. 15cv2570, 2016 WL 2984898, at *3 (N.D. Cal. May 24, 2016).

complaint is sent to antitrust@ftc.gov. *Id.* The post advises:

> Sometimes we hear back from folks who wonder if their complaint led to an investigation. With few exceptions, FTC investigations are not public, so we can't disclose whether an investigation is underway. Information about FTC law enforcement actions is placed on our website only after the agency reaches a settlement or files a lawsuit. But not every complaint will lead to an investigation, and only a few result in an FTC case. The FTC does not choose winners or losers—consumers do that. Nor do we act on behalf of individual consumers or businesses. Rather, our job is to make sure that businesses are competing fairly within a set of rules—the antitrust laws—and to prevent consumer harm in the form of higher prices, fewer choices, poorer service, or less innovation.

*Id.* As the post explains, an individual who writes to antitrust@ftc.gov should not expect to receive a substantive response because not every complaint will lead to an FTC investigation, and those complaints that do lead to an investigation will likely still not receive a response because FTC investigations are not public. *See id.* Plaintiffs lack a legal basis to demand a substantive response to their counsel's email.

Plaintiffs' amended complaint points to the FTC's mission statement, in an attempt to show that the FTC is required to investigate plaintiffs' allegations against Apple. Am. Compl. ¶¶ 32, 332. But plaintiffs' legal conclusion does not follow. The FTC's mission to "[p]rotect[] consumers and competition by preventing anticompetitive, deceptive, and unfair business practices through law enforcement, advocacy, and education without unduly burdening legitimate business activity," Am. Compl. ¶ 32, does not impose a nondiscretionary burden on the Commission to investigate or act on every complaint about potential antitrust violations submitted by the public. To the contrary, as discussed further below, the FTC's enforcement decisions are committed to agency discretion by law.

The Court lacks jurisdiction over plaintiffs' purported APA § 706(1) claim related to the FTC's non-response to plaintiffs' counsel's March 12, 2021, email because the FTC did not have a nondiscretionary duty to respond to that email or to investigate the allegations attached to it. *See, e.g.*, *Confederated Tribes of Umatilla*, 342 F.3d at 930 (where the agency "has no mandatory duty to act … judicial review of its alleged delay is unavailable").

**2.     Plaintiffs Cannot Pursue an APA § 706(1) Claim Based on Any Alleged Failure of the Federal Trade Commission to Engage in Rulemaking Because the Commission Does Not Have a Nondiscretionary Duty to Conduct Rulemaking**

Plaintiffs' purported APA § 706(1) claim appears to be focused on the "FTC's failure to issue a decision on Coronavirus Reporter's complaint." Am. Compl. ¶ 328. But even if the amended complaint could be construed as asserting an APA § 706(1) claim with respect to the FTC's failure or delay to engage in rulemaking in response to Executive Order 14,036, *see* Am. Compl. ¶¶ 334, 335, the claim would still fail.

"To address persistent and recurrent practices that inhibit competition," Executive Order 14,036 "encourage[s]" the Chair of the FTC "*in the Chair's discretion*, … to consider working with the rest of the Commission to exercise the FTC's statutory rulemaking authority, as appropriate and consistent with applicable law, in areas such as … unfair competition in major Internet marketplaces." Exec. Order 14,036 § 5(h), 86 Fed. Reg. at 36,992 (emphasis added). Executive Order 14,036 does not impose a nondiscretionary duty on the FTC Chair. To the contrary, the Executive Order makes clear that it shall be within "the Chair's discretion" whether to exercise the FTC's statutory rulemaking authority in this area. *Id.* Further, the Executive Order explicitly states that it "not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person." *Id.* § 6(d), 86 Fed. Reg. at 36,999.

Because the FTC Chair has "full discretion … to pursue rulemaking if [she] so chooses," a claim for failure to engage in rulemaking is "not cognizable under the APA." *See Moden v. U.S. Fish & Wildlife*, No. 08cv214, 2008 WL 4763025, at *5 (D. Or. Oct. 27, 2008). *See also SUWA*, 542 U.S. at 63 ("[T]he only agency action that can be compelled under the APA is action legally required."); *In re Barr Lab'ys., Inc.*, 930 F.2d 72, 76 (D.C. Cir. 1991) ("[W]e have no basis for reordering [the agency's] priorities. The agency is in a unique—and authoritative—position to review its projects as a whole, estimate the prospects for each, and allocate its resources in the optimal way.").

### 3.    The Federal Trade Commission's Enforcement Decisions Are Committed to Agency Discretion by Law, and Are Therefore Unreviewable under the APA

The APA provides no authority for this Court to enjoin the FTC to take specific enforcement actions against Apple. Enforcement decisions are "committed to agency discretion by law" and not reviewable under the APA. *See* 5 U.S.C. § 701(a)(2); *Heckler v. Chaney*, 470 U.S. 821, 828–35 (1985); *see also Lincoln v. Vigil*, 508 U.S. 182, 191 (1993) ("[A]n agency's decision not to institute enforcement proceedings [is] presumptively unreviewable under § 701(a)(2).").

In *Heckler v. Chaney*, the plaintiffs challenged a Department of Health and Human Services decision to refuse to enforce alleged violations within the agency's jurisdiction and brought suit seeking "various investigatory and enforcement actions to prevent these perceived violations." *Heckler*, 470 U.S. at 832–34. The Supreme Court rejected plaintiffs' attempt to force the agency's hand, ruling that the decision whether to bring an enforcement action is the paradigmatic example of presumptively unreviewable action committed to agency discretion by law, 5 U.S.C. § 701(a)(2). *Heckler*, 470 U.S. at 828–33. Indeed, the Supreme Court "has recognized on several occasions over many years that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion," "attributable in no small part to the general unsuitability for judicial review of agency decisions to refuse enforcement." *Id.* at 831. In deciding when to enforce a law, "[a]n agency must not only assess whether a violation has occurred, but whether agency resources are best spent on this violation or another ... whether the particular enforcement action requested best fits the agency's overall policies, and, indeed, whether the agency has enough resources to undertake the action at all." *Id.* Absent a command from Congress "indicat[ing] an intent to circumscribe agency enforcement discretion" and "provid[ing] meaningful standards for defining the limits of that discretion, "an agency refusal to institute proceedings is a decision 'committed to agency discretion by law' within the meaning of [the APA]." *Id.* at 835.

*Heckler* thus obligates courts to decline review of an agency's enforcement efforts.

---

Indeed, the Court of Appeals has explained that an agency's "decision not to take enforcement measures, like a prosecutor's decision not to indict, is one that is 'typically committed to the agency's absolute discretion,'" even where a statute instructs that it "shall" take certain actions in response to a violation. *Sierra Club v. Whitman*, 268 F.3d 898, 903–04 (9th Cir. 2001) (explaining that Clean Water Act's use of "shall" "does not create mandatory enforcement duties"); *see also Better Mkts., Inc. v. U.S. Dep't of Justice*, 83 F. Supp. 3d 250, 256 (D.D.C. 2015) (citation omitted) ("Choosing whether and how to enforce a statute is the quintessential type of action 'committed to an agency's absolute discretion'"; an agency thus "could have declined to pursue any enforcement action against [a regulated entity], and such a decision would have been wholly unreviewable.").

With respect to the FTC in particular, the Supreme Court has emphasized that "the Commission alone is empowered to develop th[e] enforcement policy best calculated to achieve the ends contemplated by Congress and to allocate its available funds and personnel in such a way as to execute its policy efficiency and economically." *Moog Indus., Inc. v. FTC*, 355 U.S. 411, 413 (1958); *see also Pendleton v. Trans Union Sys. Corp.*, 430 F. Supp. 95, 97–98 (E.D. Pa. 1977) (noting that "the FTC has exercised its discretion by establishing its enforcement program and deciding what matters should be investigated," that "[a] court has no authority for interfering with this discretion," and holding that "[s]ince the action the plaintiffs are attempting to compel … is not plainly prescribed by statute or regulation, but is within the discretion of the FTC, mandamus relief cannot be granted"). FTC investigations and any decision to bring an enforcement action, whether administratively or in court, are statutorily committed to the FTC's discretion. *See* 15 U.S.C. §§ 45(b), 53(b) (authorizing enforcement actions when the agency determines that they would be in the public interest). Accordingly, those decisions are not subject to judicial review.

The Eleventh Circuit's decision in *Rush v. Macy's New York, Inc.*, 775 F.2d 1554 (11th Cir. 1985), is on point. The appellants in that case had sought mandamus to require the FTC to take enforcement actions under one of the statutes that the FTC is authorized to enforce; appellants also sought to compel the FTC to intervene in appellants' private dispute with Macy's.

*Id.* at 1556, 1558. But, as here, appellants could not show "any such duty to act on the part of the FTC," and therefore the Eleventh Circuit affirmed the district court's decision to dismiss the claim against the FTC. Quoting *Heckler*, the Eleventh Circuit observed that "*[a]n agency generally cannot act against each technical violation of the statute it is charged with enforcing.*" *Id.* at 1558 (quoting *Heckler*, 470 U.S. at 831) (emphasis supplied by Eleventh Circuit opinion). The Eleventh Circuit concluded, "The FTC exercises its enforcement powers at its own discretion." *Id.*

Simply put, "the FTC's decision whether to take action with respect to a potential violation … is a quintessential enforcement decision that is committed to the agency's discretion and is not subject to judicial review." *Elec. Priv. Info. Ctr. v. FTC*, 844 F. Supp. 2d 98, 101 (D.D.C. 2012), *aff'd*, No. 12-5054, 2012 WL 1155661 (D.C. Cir. Mar. 5, 2012). Plaintiffs cannot maintain an APA claim against the FTC because the FTC's decision whether to investigate or initiate an enforcement action is committed to agency discretion and that discretion is not subject to judicial review. *Id.*

## B. Plaintiffs Lack Standing to Sue the Federal Trade Commission

This Court lacks subject matter jurisdiction over plaintiffs' purported claim against the FTC for another reason: plaintiffs cannot establish standing to sue. Their allegations fail to establish the "irreducible constitutional minimum" of standing under Article III. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

In order to invoke Article III jurisdiction, plaintiffs must satisfy three requirements: *First*, plaintiffs must show an "injury-in-fact," which is defined as "an invasion of a legally protected interest that is (a) concrete and particularized [meaning that the injury must affect the plaintiff in a personal and individual way], and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 & n.1 (1992) (citations and quotation marks omitted); *see also Warth v. Seldin*, 422 U.S. 490, 508 (1975); *Sierra Club v. Morton*, 405 U.S. 727, 740–41 n.16 (1972). *Second*, plaintiffs must demonstrate a "causal connection between the injury and the conduct complained of." *Lujan*, 504 U.S. at 560. This means that the injury has to be "fairly … trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent

action of some third party." *Simon v. E. Kentucky Welfare Rts. Org.*, 426 U.S. 26, 41–42 (1976). *Third*, the injury in question must be redressable by the relief sought by the complaint. This means that it "must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 561 (quoting *Simon*, 426 U.S. at 38); *see also Allen v. Wright*, 468 U.S. 737, 750–51 (1984).

It is black-letter law that a private plaintiff "lacks standing to compel the investigation or prosecution of another person." *Graves-Bey v. City & Cty. of San Francisco*, 669 Fed. App'x 373, 374 (9th Cir. 2016) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *Linda R.S.*, 410 U.S. at 619 ("The [Supreme] Court's … decisions consistently hold that a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution[;]… a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Accordingly, courts consistently conclude that plaintiffs seeking to compel an investigation, as here, fail to establish standing. *See, e.g.*, *id.*; *Robinson v. Cunan*, 489 F. App'x 187 (9th Cir. 2012); *Tia v. Crim. Investigation Demanded as Set Forth*, 441 F. App'x 457, 458 (9th Cir. 2011); *Thornton v. Daly City*, No. 19cv7638, 2021 WL 4466164, at *3 (N.D. Cal. Aug. 24, 2021) (Chen, J.).

Here, the only injuries alleged by plaintiffs' amended complaint relate to alleged actions by Apple. *See, e.g.*, Am. Compl. ¶ 329 (alleging that Apple "has subjected" plaintiffs to "abusive litigation tactics"). Plaintiffs cannot trace their alleged injuries to the FTC's alleged failure to take action on the email from their counsel to the FTC. Accepting plaintiffs' allegations as true (*i.e.*, that they have been subjected to abusive litigation tactics by Apple), the causal connection between plaintiffs' injuries and the FTC's alleged conduct are "highly indirect" and "results from the independent action of some third party." *Allen*, 468 U.S. at 757; *Simon*, 426 U.S. at 42. And, as *Allen* concluded, "[t]he links in the chain of causation between the challenged Government conduct and the asserted injury are far too weak for the chain as a whole to sustain respondents' standing." *Allen*, 468 U.S. at 759. Further, any causal connection between plaintiffs' injuries and the FTC's alleged conduct is purely speculative; even if the FTC had investigated the complaint by plaintiffs or any alleged wrongdoing by Apple, there is no assurance that the Commission

would have taken any enforcement action, what the outcome of that action would have been, or whether any resulting remedy would have helped the plaintiffs. Plaintiffs cannot show that the FTC's alleged failures caused their alleged injuries. *See In re Application for Appointment of Indep. Counsel*, 766 F.2d 70, 75–76 (2d Cir. 1985) (finding that plaintiffs lacked standing to seek the appointment of an independent counsel to investigate whether a government informant had given false testimony before a grand jury, even though the allegedly false testimony caused injury to the plaintiffs, because the injury was not traceable to the government's failure to prosecute).

Plaintiffs also fail to establish redressability. It is "speculative at best" whether a court order compelling the FTC to investigate Apple, or to promulgate regulations, would redress the harms plaintiffs claim. *See Levine v. Vilsack*, 587 F.3d 986, 993, 996 (9th Cir. 2009). In *Freedom Watch, Inc. v. Sessions*, the plaintiff sought a court order directing the Department of Justice to undertake an investigation of leaks alleged to be emanating from Special Counsel Robert Muller and his staff. The court held that plaintiff failed to establish redressability needed for Article III standing because "while plaintiff has detailed the source of defendants' authority to undertake investigations, and the reasons why, in plaintiff's view, they should act, it points to no legal source of a mandatory duty owed to plaintiff to act, and therefore supplies no basis for the Court's power to order defendants to do so." *Freedom Watch, Inc. v. Sessions*, 281 F. Supp. 3d 159, 163 (D.D.C. 2017), *aff'd*, 729 F. App'x 7 (D.C. Cir. 2018). The plaintiff in that case, as here, failed to show that the court was "capable of granting the relief sought," and thus could not satisfy the standing element of "redressability." *Id.* And even if the Court could order the FTC to investigate Apple (which it cannot), it remains completely speculative that any such investigation would lead to the outcome that plaintiffs desire. Plaintiffs can only speculate that such investigation could help them. This is insufficient to establish redressability. *See Lujan*, 504 U.S. at 561.

### C.    The Court Should Dismiss the Amended Complaint for Improper Venue with Respect to the Federal Trade Commission

The amended complaint's venue allegations only pertain to plaintiffs' claims against non-

federal defendant Apple. *See* Am. Compl. ¶ 24 (asserting that venue in this district "is proper under 15 U.S.C. § 22, which states that any suit proceeding under antitrust laws against a corporation may be brought in any district where it transacts business"). Plaintiffs' failure to specifically plead venue relating to their purported claim against the FTC is not fatal in and of itself. *See Dudash v. Varnell Struck & Assocs., Inc.*, No. 04cv2478, 2004 WL 2623903, at *4 (N.D. Cal. Nov. 16, 2004). Nonetheless, plaintiffs are unable to show that venue properly lies in this district with respect to the FTC.

28 U.S.C. § 1391(e) sets forth the general venue requirements for suits against the United States and its agencies. It provides that such actions "may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, … or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e). The venue requirement "is specific and unambiguous; it is not one of those vague principles which, in the interests of some overriding policy, is to be given a 'liberal' construction." *Olberding v. Ill. Cent. R. Co.*, 346 U.S. 338, 340 (1953). "The purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84 (1979) (emphasis in original). Under 28 U.S.C. § 1406(a), a court "shall dismiss" a case that has been filed in the wrong district unless "the interest of justice" warrants transfer to a district where the case could have been brought.

The most direct path to establishing venue under § 1391(e)—the place of residence of plaintiffs or defendant—does not exist here. The plaintiffs reside not in this district, but in Wyoming and New Jersey. Am. Compl. ¶¶ 27–29.[10] Nor does the FTC reside in this district; it resides in Washington, D.C., where it maintains its headquarters. *See Kings Cty. Econ. Cmty. Dev. Ass'n v. Hardin*, 333 F. Supp. 1302, 1304 (N.D. Cal. 1971) ("A public official is deemed to 'reside' for the purposes of § 1391(e) in the judicial district where he performs his official duties."); *see also id.* (rejecting argument that venue against a federal agency will lie wherever a

---

[10] Plaintiffs' amended complaint lists locations for plaintiff Coronavirus Reporter, plaintiff CALID, and plaintiff Primary Productions LLC, Am. Compl. ¶¶ 27–29, but does not indicate where plaintiff Dr. Jeffrey D. Isaacs resides, *see* Am. Compl. ¶ 30.

subordinate departmental official resides); *Williams v. United States*, No. 01cv0024, 2001 WL 1352885, at \*1 (N.D. Cal. Oct. 23, 2001) ("Venue does not lie in every judicial district where a federal agency has a regional office.").

Thus, the only potential basis for venue is 28 U.S.C. § 1391(e)(1)(B), under which plaintiffs must show that "a substantial part of the events giving rise to the claim occurred" in this district. 28 U.S.C. § 1391(e)(1)(B). "'To determine whether a substantial part of the events giving rise to the claim occurred in the forum, the court first considers what acts or omissions by the defendants give rise to the plaintiffs' claims.'" *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1189 (N.D. Cal. 2017) (quoting in *United Tactical Sys. LLC v. Real Action Paintball, Inc.*, 108 F. Supp. 3d 733, 752 (N.D. Cal. 2015)). "After 'identifying the alleged wrongful acts, the court must determine whether a substantial part of those acts took place in the forum.'" *Id.* (quoting *All. for Multilingual Multicultural Educ. v. Garcia*, No. 11cv0215, 2011 WL 2532478, at \*7 (N.D. Cal. June 24, 2011)); *accord Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2003). "What constitutes a 'substantial part' is likely to be determined in light of the purpose of the venue statute: *i.e.*, to protect the defendant from having to defend in an unreasonably burdensome forum." *Remley v. Lockheed Martin Corp.*, No. 00cv2495, 2001 WL 681257, at \*3 (N.D. Cal. June 4, 2001) (quoting Federal Civil Procedure Before Trial ¶ 4:123 (2000)).

Here, plaintiffs allege that their attorney (who is located in New Hampshire, *see* Am. Compl. at 107) sent an email to the FTC at antitrust@ftc.gov, and the FTC failed to respond. Am. Compl. ¶¶ 325, 326. The Court can take judicial notice of the fact that the email address "antitrust@ftc.gov" belongs to the FTC's Bureau of Competition. *See* n.9, *supra*; Ex. A-6 (FTC webpage entitled "Report An Antitrust Violation," https://www.ftc.gov/faq/competition/report-antitrust-violation, showing that emails may be submitted to the Bureau of Competition via this email address). The Bureau of Competition's office is located at FTC headquarters, 600 Pennsylvania Avenue, NW, Washington, DC. *See id.* All "acts or omissions" by the FTC took place in Washington, DC, not in this district.

Because plaintiff has not established that venue properly lies in this district, the Court should dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3). Given the

jurisdictional defects with plaintiffs' amended complaint, it would not serve the interests of justice to transfer this matter to another district, and dismissal is appropriate. *See* 28 U.S.C. § 1406(a).

###### D. Plaintiffs Fail to Comply with Federal Rule of Civil Procedure 8(a) Because They Do Not Specify the Relief They Seek Against the Federal Trade Commission

In addition to the bases for dismissal addressed above, dismissal would be also appropriate on the ground that plaintiffs have not complied with Federal Rule of Civil Procedure 8(a) because they have not specified the relief they seek against the FTC. *See, e.g.*, *Moore v. United States*, 193 F.R.D. 647, 652 (N.D. Cal. 2000). As noted in section V above, "a complaint which fails to comply with rule 8(a) … may be dismissed with prejudice pursuant to rule 41(b)."[11] *Nevijel*, 651 F.2d at 673; *see also Schmidt v. Herrmann*, 614 F.2d 1221, 1223–24 (9th Cir. 1980); *Agnew v. Moody*, 330 F.2d 868, 870 (9th Cir. 1964). Rule 41(b) provides in pertinent part: "For failure of the plaintiff … to comply with these rules …, a defendant may move for dismissal of an action or of any claim against him.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b).

Rule 8(a) provides that a complaint must include: (1) "a short and plain statement of the grounds for the court's jurisdiction;" (2) "a short and plain statement of the claim showing that the pleader is entitled to relief;" and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). Plaintiffs fail to satisfy these pleading requirements because they do not specify the relief they seek against the FTC. *See* 5 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1255 (4th ed.) (explaining that Rule 8(a)(3) requires that "a pleading asserting a claim for relief shall contain a demand for judgment for the relief to which the pleader believes himself or

---

[11] Alternatively, some courts have held that have held that a plaintiff's failure to demand relief and thus comport with Rule 8(a) justifies dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *Andrianumearisata v. Gem State Staffing*, No. 20cv547, 2021 WL 2692334, at *4 (D. Idaho June 30, 2021); *Adams v. A E Door & Windows*, No. 17cv602, 2018 WL 1322240, at *2 (S.D. Ohio Mar. 13, 2018) (listing cases), *report and recommendation adopted*, No. 17cv602, 2018 WL 2735527 (S.D. Ohio June 7, 2018); *Kilpatrick v. Mitchelle*, No. 12cv1554, 2012 WL 2428440, at *2 (E.D. Cal. June 26, 2012).

---

Federal Defendant's Motion to Dismiss
3:21-cv-05567-EMC

herself entitled"). The amended complaint's demand for relief outlines only the relief plaintiffs seek against non-federal defendant Apple, and does not list any specific relief that they seek against the FTC. *See* Am. Compl. at 106–07; *cf.* Fed. R. Civ. P. 8(a)(3). The closest plaintiffs get to demanding judicial relief against the FTC is to request that the Court "[g]rant any further relief as may be fair and just."[12] Am. Compl. at 107. Such a demand is far too generalized to meet the pleading standard of Rule 8(a)(3). *See, e.g.*, *Applegate v. Arizona*, No. 10cv47, 2010 WL 4574460, at *3 (D. Ariz. Nov. 5, 2010) (prayer for relief seeking "compliance" was "too generalized to inform either the Court, or Defendants, of exactly what relief" the plaintiff hoped to obtain from the action).Because plaintiffs have failed to include in their amended complaint "a demand for the relief sought" from this Court against the FTC, *see* Fed. R. Civ. P. 8(a)(3), the Court should dismiss their purported claim against the FTC. *See Ignacio v. Judges of U.S. Ct. of Appeals for Ninth Cir.*, 453 F.3d 1160, 1165 (9th Cir. 2006) (holding that district court properly dismissed complaint that contained no prayer for relief); *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)).

### E. The Court Should Dismiss the Amended Complaint's Purported Claim Against the Federal Trade Commission Without Leave to Amend

Dismissal without leave to amend is appropriate where "it is clear that … [the] complaint cannot be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1105 (9th Cir. 1995); *accord Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district court may dismiss without leave [to amend] where ... amendment would be futile."). That is the case here. Plaintiffs' theory of liability "fall[s] outside the limited waiver of sovereign immunity by the United States" in the APA. *See Cato*, 70 F.3d at 1105. Because the APA itself

---

[12] Plaintiffs' statements in paragraphs 333 and 335 of their amended complaint, in the section describing plaintiffs' "FTC Cause of Action," do not qualify as a "demand for the relief sought" under Rule 8(a)(3) because they do not articulate the relief that plaintiffs seek from this Court against the FTC. Those statements describe action requested from the FTC, not a demand for relief to be granted by this Court. *See* Am. Compl. ¶ 333 ("Plaintiffs seek FTC charge Apple with appropriate Sherman civil and criminal penalties."); *id.* ¶ 335 ("FTC assistance and guidelines for enforcing these relatively new app marketplace claims would substantially reduce burden on small startups, and moreover, the Court. It is therefore requested the agency investigate Plaintiffs' complaint, take decisive action, and notify the Court of said action.").

precludes plaintiffs' claim, "any attempt to amend the complaint would be futile." *DCR Workforce, Inc. v. Coupa Software Inc.*, No. 21cv6066, 2021 WL 4776700, at *12 (N.D. Cal. Oct. 13, 2021) (Chen, J.).

VII.    **CONCLUSION**

For the foregoing reasons, the Court should grant the FTC's motion to dismiss the amended complaint's purported claim against the FTC, and should do so without leave to amend.

Dated: November 8, 2021                    Respectfully submitted,

                                           BRIAN M. BOYNTON
                                           Acting Assistant Attorney General

                                           LESLEY R. FARBY
                                           Assistant Branch Director

                                             */s/ Lisa Zeidner Marcus*
                                           LISA ZEIDNER MARCUS (N.Y. Bar 4461679)
                                           Senior Counsel
                                           United States Department of Justice
                                           Civil Division, Federal Programs Branch
                                           1100 L St., NW, Twelfth Floor
                                           Washington, DC 20530
                                           Telephone: (202) 514-3336
                                           Facsimile: (202) 616-8470
                                           lisa.marcus@usdoj.gov

                                           *Counsel for Federal Defendant*