Dr Jeffrey D. Isaacs
3553 West Chester Pike
Unit 177
Newtown Square PA 19073
jeffreydi@gmail.com
212-257-0737

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORONAVIRUS REPORTER,<br>CALID INC,<br>PRIMARY PRODUCTIONS LLC,<br>DR. JEFFREY D. ISAACS,<br>on behalf of themselves and all others similarly situated<br><br>                Plaintiffs,<br><br>vs.<br><br>APPLE INC.,<br>FEDERAL TRADE COMMISSION<br><br>                Defendants. | Case No. 3:21-cv-05567-EMC<br><br>**NOTICE OF MOTION & MOTION FOR RECONSIDERATION AND RELIEF FROM JUDGMENT**<br><br>**Hearing**<br><br>Date:    February 10, 2022<br>Time:   1:30PM<br>Place:  Courtroom 5, 17th Floor<br>          (videoconference)<br><br>The Honorable Edward M. Chen |

# NOTICE OF MOTION AND MOTION PURSUANT TO FRCP RULES 59 & 60

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at 1:30PM on Thursday February 10, 2022, or as soon thereafter as possible, in Courtroom 5 of the United States District Court for the Northern District of California at 450 Golden Gate Avenue, San Francisco, and/or by videoconference, Plaintiff Dr Jeffrey D. Isaacs, and other Plaintiffs as they have already noticed, will and hereby do move this Court to Reconsider, and Relief from, the Court's Order granting Apple's Motion for 12(b)(6) dismissal.

This motion is made pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). This motion is based on this Notice of Motion and Motion, the accompanying Memorandum and the Exhibits thereto, and all other papers filed in this action and oral testimony or other information introduced at the hearing on this motion.

Local Rule 7-9, which requires parties to seek leave of the Court before filing motions for reconsideration prior to entry of judgment adjudicating all claims, does not apply to this Motion. Nidec Corp., v. Victor Co. of Japan, Ltd., 2007 U.S. Dist. LEXIS 86414, *8 (N.D. Cal. 2007) ("As is clear from the plain language of the rule, Local Rule 7-9 applies to interlocutory orders, and does not apply to final judgments."), citing Pacific Coast Fed'n of Fisherman's Ass'ns v. U.S. Bureau of Reclamation, 2006 U.S. Dist. LEXIS 36894 (N.D. Cal. 2006).

Respectfully submitted, this 28th day of December, 2021.

/s/ Jeffrey D. Isaacs
Dr Jeffrey D. Isaacs, *Pro Se*

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Dr Jeffrey D. Isaacs hereby assents to the corporate Plaintiffs' Motion for Reconsideration filed by Attorney Mathews yesterday, December 27th, 2021. That motion is incorporated by reference and reasserted herein, as if requested by Plaintiff. Additional information and exhibits are herein provided with regard to Plaintiff's Web & App Caller-ID patent.

## GIBSON DUNN'S EFFORTS TO IMPEDE AMENDMENT OF THE '847 PATENT WOULD CAUSE UNJUST RESULT, ABSENT RELIEF FROM JUDGMENT

Plaintiff joined the present litigation as a *pro se* party on September 6, 2021, stating antitrust and RICO claims against Apple for the "Caller-ID" app he invented in 2014. Plaintiff has never amended his claims against Apple; as a joint '847 patent owner, justice requires leave to amend. The "Caller-ID" App, as described in the FAC, launched in 2013 and was immediately a Top Ten success on the App Store, until Apple replaced it with a copycat in retaliation for patent infringement claims.

The app and underlying patented technology allow mobile phone users to identify the name associated with a particular phone number through a reverse lookup. But unlike reverse phone lookup technology prior to the invention, the technology connects an internet search to phone carrier databases on the Public Switched Telephone Network (PSTN). The app amassed over ten thousand positive user reviews in months; representative reviews included "finally, a phone search that didn't ask for my credit card number," "far superior to Apple," "the only one that works," "why wasn't this invented ten years ago" and so forth. The app was free, instead generating revenue through advertising rather than direct user payments. As a result, hundreds of millions of users avoided $19 subscriptions and obtained free caller name ID. **The invention resulted in approximately $100 million in savings to the national economy. It was years ahead of its time in seeking to reduce unwanted subscriptions, which now plague nearly every industry.**

On October 14, 2014, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 8,861,698 ("'698 Patent"), entitled "Post-Page Caller Name

Identification System" ("Web Caller-ID" and/or "App Caller-ID"). That patent overcame substantial litigation in the Federal Circuit and years of scrutiny by the USPTO, to resolve a common obstacle for software patents – *Alice* non-abstraction. In that case, Whitepages sued, as Plaintiff, against the patent itself for invalidation. Infringement notices involved Apple and investor Kleiner Perkins, and upon information and belief, the "Whitepages lawsuit" was brought against Dr. Isaacs effectively on behalf of Apple and its founding investor. Despite incredible odds, and millions likely spent to invalidate the patent, the patent reissued on December 7, 2021 as Reissue Patent #48,847.

As of December 7, the '847 Reissue Patent is in full force and effect and is entitled to a presumption of validity under the law. But in September, this was not the case. Plaintiff diligently researched how and when he could bring an infringement claim against Apple in consolidation with this lawsuit. He sought outside legal advice with the patent prosecutor, an MIT trained scientist with a California Intellectual Property law firm that has absolutely no involvement in the present case. That firm advised Plaintiff on September 20th that "unfortunately, [a patent owner] can't assert [infringement of] the patent until it issues." (*Exhibit A*). Plaintiff was given several options by the patent counsel and asked to expedite the process as much as possible: "what is the quickest way to get the patent issued?" (*Id*.)

As such, the reissue patent constitutes newly discovered evidence under FRCP 60, and as Exhibit A demonstrates, Plaintiff made every reasonable effort to avoid undue delay. Not only did Plaintiff expedite the final reissue, but, as far back as early September, he immediately sought to Meet & Confer with Gibson Dunn about how best to handle amending anticipated patent infringement claims. Plaintiff notified the Court that Gibson Dunn was blocking Meet & Confers, and sought *subpoena ad testificandum* on the matter.

As alleged, Gibson Dunn mounted a campaign of intimidation against Dr Isaacs for years. As an administrator of a settlement acquittal with USC Keck School of Medicine, Gibson Dunn denied the settlement's acquittal ever took place, and convinced the Central California District Court to make Dr. Isaacs pay a quarter million dollars in attorney's fees for attempting to enforce the settlement agreement. As already docketed, that matter is pending *certiorari* petition as case 21-592 to the United States Supreme Court, distributed for conference on January 7 2022. This document is not intended to

relitigate that matter, but rather, provide background for the present motion, and clarify to outside observers why an aspiring neurosurgeon conducted Plaintiffs' antitrust oral argument during the November MTD live hearing.[1]

Gibson Dunn outright refused to Meet & Confer with Dr. Isaacs about amending the anticipated patent: "A Meet & Confer is not warranted…" (*Exhibit B*). That message was sent to Attorney Mathews, as Gibson Dunn previously had previously remarked that they would not reply to Dr. Isaacs, and warned him not to email them. Eventually, Dr. Isaacs had to comply with the request – in contravention of his absolute legal right to communicate with opposing counsel (*See email chain in Exhibit B*). That amounts to fraud on the court and witness intimidation, as Gibson Dunn directly sought to impede a party's ability to properly litigate this case.

After failing to confer about adjudicating the pending patent, Gibson Dunn last week informed United States District Judge Cannon that they intend to raise a *res judicata* defense on the infringement case. In other words, Gibson Dunn & Apple blocked raising patent claims in this case, but now seek *res judicata* dismissal as if the claim had been dismissed in this case. Such contradictory positioning isn't permitted. Not only is it inappropriate, it represents precisely the kind of conduct that Dr. Isaacs has alleged improperly halted his neurosurgeon aspirations – for a decade – to the Supreme Court. Gibson Dunn's reliance on "strong-arming" their influence results in these predictable dilemmas.

A review of the entire correspondence in Exhibit B leaves no doubt that Dr. Isaacs sought to incorporate the patent infringement and antitrust claims in a way that fostered judicial economy:

> *"I represent my 2 apps - Caller ID and Webcaller, and their respective IP/patents. I believe we should reach a stipulation as to whether to move my claims to a separate process (which I think is against judicial economy)… I note that you have not included me in any correspondence regarding case 21-cv-5567-EMC, despite 2-3 requests I made two weeks ago. Please confirm receipt of this email and intention to copy me on all future correspondence related to the case,*

---

[1] Plaintiff respectfully requests the Court release the video archive of the November 4 proceedings held before USDJ Edward Chen. This hearing is likely to help the Ninth Circuit and/or SCOTUS better understand the dynamics of this lawsuit. Additionally, Court Reporter Ball was unable to transcribe a critical statement about two-sided market symmetry. Numerous unsolicited witnesses, including an AUSA and journalist, remarked to Plaintiffs that Dr. Isaacs' testimony clarified this complex matter and expressed 'surprise' in the verdict. Indeed, Gibson Dunn's Brass **acknowledged "[Dr.] Isaacs has argued just now extensively, that there is an app market. And if that's correct, as we posit it is, then that would be a single-brand market."** This stunning admission will likely be scrutinized upon appeal. Apple declined assent to the archival release on the purported basis of GO 58. As the Court already recorded and broadcast this hearing to the public, that Judicial Conference order pertaining to recording devices does not apply.

*as the law requires for a self-represented party. This is my last attempt to communicate with your firm on this issue, absent response, I will have no choice but to inform the Court of this situation where a RICO defendant law firm refuses to meet & confer with a self- represented party on an entirely different case."*

Gibson Dunn can't have it both ways – *res judicata* in Florida and denied leave to amend, obtained through illicit strong-arming and witness intimidation, in California.

**CONCLUSION**

For the aforementioned reasons, the Court is respectfully requested to deny Defendant Apple's Motion to Dismiss and grant Plaintiff Leave to Amend infringement and antitrust claims regarding the newly issued Web & App Caller-ID patent.

Submitted on this 28th day of December, 2021.

/s/ Jeffrey D. Isaacs
Dr Jeffrey D. Isaacs, *Pro Se*
3553 West Chester Pike
Unit 177
Newtown Square PA 19073
jeffreydi@gmail.com
212-257-0737

**CERTIFICATE OF SERVICE**

I, Dr Jeffrey Isaacs, do declare as follows:

I certify that a copy of the foregoing **NOTICE PURSUANT TO FRCP RULES 59 & 60** was delivered electronically to counsel for the Defendants with counsel, and emailed to those without known counsel.

Executed on this 28th day of December, 2021.

/s/ Jeffrey D. Isaacs
Dr Jeffrey D. Isaacs, *Pro Se*
3553 West Chester Pike
Unit 177
Newtown Square PA 19073
jeffreydi@gmail.com
212-257-0737