

Jeffrey D I <jeffreydi@gmail.com>

## RE: Coronavirus Reporter et al. v. Apple Inc. et al., No. 3:21-CV-05567-EMC.; Primary Productions v. Apple, No. 3:21-CV-6841-JSC
1 message

**Brass, Rachel S.** <RBrass@gibsondunn.com>  Tue, Sep 21, 2021 at 9:5
To: "Keith Mathews, Esq." <keith@aaone.law>
Cc: Michael Kernan <kernanlaw@gmail.com>, "Perry, Mark A." <MPerry@gibsondunn.com>, Jeffrey <jeffreydi@gmail.com>

Counsel,

A meet and confer is not warranted on any of the issues you raised in your emails below. Plaintiffs are out of opportunities to voluntarily amend their complaint, and as we have separately explained, Apple will not stipulate to a further amended complaint. A meet and confer is not required before filing a motion to dismiss and there is no basis for your request to withdraw the motion. If you wish to withdraw your motion for preliminary injunction, we will so stipulate, but we will n stipulate to an amendment to the pending motion. Finally, as I have explained to you on several occasions, Apple is complying with all of its obligations regardin evidence preservation and document retention. Should the complaint survive a motion to dismiss, and proceed to discovery, we are happy to negotiate a protecti order and ESI stipulation at that time that comports with Northern District practice and the orders entered in other pending App Store cases.

Best,

Rachel

**Rachel S. Brass**
Partner

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8293 • Mobile +1 415.264.5998
RBrass@gibsondunn.com • www.gibsondunn.com

---

**From:** Keith Mathews, Esq. <keith@aaone.law>
**Sent:** Tuesday, September 21, 2021 11:02 AM
**To:** Brass, Rachel S. <RBrass@gibsondunn.com>
**Cc:** Michael Kernan <kernanlaw@gmail.com>; Perry, Mark A. <MPerry@gibsondunn.com>; Jeffrey <jeffreydi@gmail.com>
**Subject:** Re: Coronavirus Reporter et al. v. Apple Inc. et al., No. 3:21-CV-05567-EMC.; Primary Productions v. Apple, No. 3:21-CV-6841-JSC

**[WARNING: External Email]**

Rachel,

I concur with Dr. Isaacs' on these issues. We need to meet and confer on these other issues. I have been making this request for 5 days now, we need to set this up sooner rather then later.

I will also note that your motion to dismiss does not address the Cameron claims. Additionally your office failed to meet and confer on half of the motion to dismiss that was filed. For those reasons w request the document be withdrawn.

Finally, I will note the complaint speaks extensively regarding a two sided marketplace. The fact that your motion ignores that fact is misleading, and again we ask that it be withdraw.

Please confirm that these concerns are being addressed.

Thanks,

Keith

On 9/20/2021 10:46 PM, Jeffrey wrote:

> Apple Counsel:
>
> I understand you filed the MTD , not having completed a M&C on at least half the elements raised in the MTD filed last hour.
>
> Additionally, I am awaiting M&C on
>
> -Leave to Amend PI and add myself as party (UCL)
>
> -Evidence spoliation mitigation

-Leave to Amend SAC (RICO State issues, UCL)

-Patent Infringement claim discussion - In the interest of settlement, I am willing to offer Apple a substantially reduced price on the Web Caller-ID patent, which frankly could be quite valuable to them.

To clarify one point in the MTD- I do not claim, nor intend, to represent the Class Members, nor any corporation. I represent my 2 apps - Caller ID and Webcaller, and their respective IP/patents. I believe we should reach a stipulation as to whether to move my claims to a separate process (which I think is against judicial economy) or keep them combined. Hence, this footnote you raise in the MTD should be resolved without the Court, as to this matter.

Also please indicate if you will be objecting to my name in the lawsuit (Dr Jeffrey Isaacs),and/or will continue to discredit the fact that I have an MD.

Dr Isaacs

On Mon, Sep 20, 2021 at 4:34 PM Keith Mathews <keith@aaone.law> wrote:

> Rachel,
>
> I am following up on your availability to meet and confer on the other issues we have raised. Please give me some times this week that you are available.
>
> Thanks,
>
> Keith
>
>> On Sep 18, 2021, at 11:18 AM, Brass, Rachel S. <RBrass@gibsondunn.com> wrote:
>>
>> Counsel,
>>
>> I believe you copied me and Mr. Perry on this communication inadvertently. We will delete it from our files.
>>
>> Rachel
>>
>> **Rachel S. Brass**
>> **Partner**
>>
>> GIBSON DUNN
>>
>> Gibson, Dunn & Crutcher LLP
>> 555 Mission Street, San Francisco, CA 94105-0921
>> Tel +1 415.393.8293 • Mobile +1 415.264.5998
>> RBrass@gibsondunn.com • www.gibsondunn.com
>>
>> **From:** Michael Kernan <kernanlaw@gmail.com>
>> **Sent:** Saturday, September 18, 2021 8:14 AM
>> **To:** Keith Mathews <keith@aaone.law>
>> **Cc:** Jeffrey <jeffreydi@gmail.com>; Brass, Rachel S. <RBrass@gibsondunn.com>; Perry, Mark A. <MPerry@gibsondunn.com>
>> **Subject:** Re: Coronavirus Reporter et al. v. Apple Inc. et al., No. 3:21-CV-05567-EMC.; Primary Productions v. Apple, No. 3:21-CV-6841-JSC
>>
>> **[WARNING: External Email]**
>>
>> Do a declaration for you with the top three to five most unprofessional attacks made on you.
>>
>> The best way to address this is to bring it up to the court at the motion to dismiss hearing. We should make her look unprofessional
>>
>> Sent from my iPhone
>>
>>> On Sep 18, 2021, at 4:30 AM, Keith Mathews <keith@aaone.law> wrote:
>>>
>>> Rachel (and Mark as I understand Rachel is on vacation),

I agree with my cohorts here. It makes no sense that we can not meet and confer on these previously noticed issues before Monday morning.

I have previously (and now request again) a meet and confer on evidence preservation and spoliation amelioration. This is extremely important as we have noticed evidence on our end that has been deleted. I need to know your offices position on this issue immediately.

It should not be difficult to set up a discussion before Monday on all of these concerns and I am suspicious as to why your office would be avoiding it.

Regards,

Keith A. Mathews, Esq.

On Sep 18, 2021, at 4:56 AM, Jeffrey <jeffreydi@gmail.com> wrote:

Gibson Dunn:

(This message is sent in Gibson Dunn's capacity as counsel for Apple Inc, as opposed to Gibson Dunn as Defendant/Respondent)

I note that you have not included me in any correspondence regarding case 21-cv-5567-EMC, despite 2-3 requests I made two weeks ago. Please confirm receipt of this email and intention to copy me on all future correspondence related to the case, as the law requires for a self-represented party. This is my last attempt to communicate with your firm on this issue, absent response, I will have no choice but to inform the Court of this situation where a RICO defendant law firm refuses to meet & confer with a self-represented party on an entirely different case.

Attorney Mathews and Kernans' request for a meet & confer was also intended to include me as a call participant, to clarify. This is an urgent request to meet & confer, given the injunction situation and loss of evidence.

I take this opportunity to respond to the following "Plaintiffs have continued to add baseless theories and meritless allegations, without ever stating a plausible antitrust (or other) claim against Apple. Plaintiffs have refused basic courtesies such as short extension requests, and continue to lodge baseless and unprofessional accusations against both Apple and its counsel."

We have read your motion to dismiss and made substantial clarification and amendment to the original Complaint. I am mystified how you consider our claims not "plausible," particularly in light of the Epic verdict, which uses no uncertain terms that a claim like ours is "plausible," just not yet proven by Epic. Could you please clarify what elements you purport to now be lacking in the AC, given the fact all 11 counts have been completely rewritten? As you know, this is a very different document from the first complaint, and we are truly not "mind readers".  If by "baseless and unprofessional" you are referring to the lost Caller ID messages, or the HBCU RICO claims, that is an inappropriate response. Please use concise language rather than vague, open denials, in accordance with the Rules of Conduct. It is simply unclear what you are calling baseless, and this is precisely why Attys Mathews, Kernan, and now myself are requesting a meet & confer. It appears rather than answer Mathews' request for the missing App Store Connect messages, your firm responded with blanket denials (if not outright threats) , completely ignoring the three crucial items Mr. Mathews sought to confer about.

To reiterate, I am requesting information on these missing documents, and urgently so. I only became aware of these missing documents several weeks ago. Likewise, my caller-ID patent was granted/allowed several weeks ago. Third, all Cameron language was removed from the Amended Complaint, at Apple's request. For these three reasons, the Amended Complaint was wholly necessary and made substantial changes. Hence I think I can speak for everyone in saying the Amended Complaint was filed with the utmost of diligence and care, based upon new information that only recently became available to us. Your accusation that we "avoided responding" to your MTD is hence factually incorrect. In contrast, you have not responded to any of our complaint concerns - in addition to evidence deletion concerns, in fact, we are awaiting Apple's retraction/apology that our anti-trust claim is in "disregard for the law." This statement has caused substantial harm to me, personally.

I do feel at this point we need to maintain lists of what has been addressed in meet & confer, and what has not (by your refusal). This is not simply about your forthcoming MTD - there are many other issues you are simply ignoring and refusing to confer about. Moreover, as the Amended Complaint is the underlying complaint for the PI motion, even if the rules permit you to avoid a M&C on the MTD, you still must confer about our request as a Motion for Leave to Amend the PI based upon the Epic, POLITICO, caller-ID, and other newly discovered facts.

None of us were aware of the POLITICO article https://www.politico.com/news/2021/08/20/apple-takes-on-state-legislatures-georgia-506299 until last week. The fact that our RICO enterprise extends to lobbyists in multiple states throughout the nation, who threaten to pull HBCU funding (the most disgraceful scandal in Apple's history, to the best of my knowledge), or intimidate state legislators that antitrust enforcement is unconstitutional seems to be exactly what we experienced in filing this lawsuit (namely, calling us "disregard for the law.")

The suggestion that our Amended Complaint is beyond voluntary amendment to an SAC seems without merit. Antitrust law is difficult, entire law firms and government agencies struggle to bring these cases; we are doing an exemplary job given our limited resources. An SAC is wholly appropriate. The prior claims in NH and ME went unanswered by Apple for half a year, while there were disputes over venue and newly emerging facts and parties to the case. Our frustration at Apple's failure to answer is paramount to your purported assertion that we don't "Stand and deliver." Let time tell who stands, and who delivers, but in the meantime, please (as required by the rules) meet & confer over all the outstanding issues we have raised.

Similarly, the Epic verdict brought a rather surprising finding of UCL guilt, but no guilt re Sherman. I had personally not raised a UCL claim for my claims re Caller-ID and WebCaller, because I am comfortable that Sherman and RICO adequately cover my claims. That said, an injunction has a high threshold for preliminary issuance, and I feel the UCL verdict in Epic, applied to the facts of our case, will pass this threshold. For these reasons, I would like to work with Apple's counsel to avoid having to re-file the injunction or ask for Court intervention (ie Motion for leave to amend). Likewise, there are facts determined in the Epic case that must be brought to this Court's attention. It would seem now is the time to 'get everything right' and confer on amending the injunction. Contrary to your assertion that no PI M&C took place, we spent six months waiting for Apple's response on App Store Court, and we filed the PI promptly after those discussions were ended (by you, in your email). Getting the PI correct is especially important as it appears both sides may consider an appeal, and having to appeal two injunction requests would be unfortunate if it is because Apple counsel refuses to Meet & Confer.

Dr Isaacs

On Friday, September 17th, 2021 at 10:52 PM, Michael Kernan <kernanlaw@gmail.com> wrote:

> I have never had a lawyer fight so hard to fail to meet and confer.
>
> It is a telephone call. With Covid we don't have to do it in person. Why is this so hard with you?
>
>> On Sep 17, 2021, at 6:32 PM, Brass, Rachel S. <RBrass@gibsondunn.com> wrote:
>>
>> Counsel,
>>
>> In the various lawsuits filed by your clients, we have filed six previous motions to dismiss. The deficiencies in the claims that these plaintiffs have alleged are thus well known to you. Yet, plaintiffs have avoided responding to any of these motions by filing a series of amendments and dismissals. The time has come, however, to stand and deliver. Plaintiffs are out of opportunities to voluntarily amend, and Apple will not agree to further amendment. Rather, on September 20, 2021, Apple will move to dismiss the amended complaint most recently filed by these plaintiffs. At long last, plaintiffs will have to defend their complaint by responding on the merits to Apple's motion to dismiss—or they can dismiss their own claims with prejudice.
>>
>> These lawsuits have been pending, in one form or another, since January 2021. Apple has had a motion to dismiss pending against one or more of them for virtually all of that time. Not once during the past 8 months have plaintiffs sought to meet and confer on their claims, "one by one," as you now suggest. Indeed, plaintiffs filed a motion for preliminary injunction without meeting-and-conferring with Apple first. Rather, plaintiffs have continued to add baseless theories and meritless allegations, without ever stating a plausible antitrust (or other) claim against Apple. Plaintiffs have refused basic courtesies such as short extension requests, and continue to lodge baseless and unprofessional accusations against both Apple and its counsel. It would serve no purpose in light of this long history to meet and confer regarding the forthcoming motion to dismiss (and, as previously noted, the local rules do not require it).
>>
>> Best,
>>
>> Rachel
>>
>> **Rachel S. Brass**
>> **Partner**
>>
>> GIBSON DUNN
>>
>> Gibson, Dunn & Crutcher LLP
>> 555 Mission Street, San Francisco, CA 94105-0921
>> Tel +1 415.393.8293 • Mobile +1 415.264.5998
>> RBrass@gibsondunn.com • www.gibsondunn.com
>>
>> **From:** Michael Kernan <mkernan@kernanlaw.net>
>> **Sent:** Wednesday, September 15, 2021 9:17 PM
>> **To:** Brass, Rachel S. <RBrass@gibsondunn.com>
>> **Cc:** keith@aaone.law; info@clasen.law; coronavirusreporter@protonmail.com

**Subject:** Re: Fwd: Coronavirus Reporter et al. v. Apple Inc. et al., No. 3:21-CV-05567-EMC.; Primary Productions v. Apple, No. 3:21-CV-6841-JSC

[WARNING: External Email]

Separately, your email of September 9, 2021, simply gives your interpretation that the Northern District of California has no meet and confer requirement of any kind, which is contrary to the rules which I have cited.

You then state "[i]f there is a specific item on which you'd like to meet and confer, please let us know and we'd be happy to do so." So let me clarify, I would like discuss each and every issue in the Rule 12 motion you plan to file. Unfortunately, I am not a mind read, so I do not know what issues you plan to raise in your motion.

So please identify the issues you plan to raise and send me a letter on same, and let's try to avoid the need for court intervention.

On Wed, Sep 15, 2021 at 9:10 PM Michael Kernan <mkernan@kernanlaw.net> wrote:

> Thank you for confirming in writing you do not believe you have any obligation to meet and confer. I have to disagree with you but I will leave that to the court. Your September 9, 2021 correspondence plainly falls short of any such obligation, and I again request we set a date and time to undertake a proper meet and confer.
>
> When can you set a call to discuss the issues one by one. I think it would be far more productive to resolve the issues without the need to involve the court.
>
> Please let me know dates and times you are available.
>
> On Wed, Sep 15, 2021 at 8:08 PM Brass, Rachel S. <RBrass@gibsondunn.com> wrote:
>
>> Counsel,
>>
>> Thank you for your note. Civil Local Rule 7 does not require a meet and confer for dispositive motions, and we do not believe one is necessary here. We are confident any motion will be good faith, and otherwise satisfy our obligations to the Court. That said, as I offered in my correspondence of September 9, if there is an item on which you believe a meet and confer would be productive, we are happy to discuss. Otherwise we plan to respond to the amended complaint in the ordinary course.
>>
>> Best,
>>
>> Rachel
>>
>> **Rachel S. Brass**
>> **Partner**
>>
>> GIBSON DUNN
>>
>> Gibson, Dunn & Crutcher LLP
>> 555 Mission Street, San Francisco, CA 94105-0921
>> Tel +1 415.393.8293 • Mobile +1 415.264.5998
>> RBrass@gibsondunn.com • www.gibsondunn.com
>>
>> **From:** Michael Kernan <mkernan@kernanlaw.net>
>> **Sent:** Wednesday, September 15, 2021 1:31 PM
>> **To:** Brass, Rachel S. <RBrass@gibsondunn.com>
>> **Cc:** keith@aaone.law; info@clasen.law; coronavirusreporter@protonmail.com
>> **Subject:** Re: Fwd: Coronavirus Reporter et al. v. Apple Inc. et al., No. 3:21-CV-05567-EMC.; Primary Productions v. Apple, No. 3:21-CV-6841-JSC

[WARNING: External Email]

**I wanted to add on the meet and confer requirement that, as you know, the Standing Order, No. 20 states that the Rules of Professional Conduct for the Northern District will be applied.**

https://cand.uscourts.gov/wp-content/uploads/judges/Standing_Order_All_Judges_11.1.2018.pdf

**Section 10 of the Northern District Rules on Professional Conduct states:**

**10. <u>Motion Practice</u>**

Motions should be filed or opposed only in good faith and when the issue cannot be otherwise resolved.

*For example:*

·       **a.** Before filing a motion, a lawyer should engage in a good faith effort to resolve the issue. In particular, civil discovery motions should be filed sparingly.

·       **b.** A lawyer should not engage in conduct that forces opposing counsel to file a motion that he or she does not intend to oppose.

·       **c.** In complying with any meet and confer requirement in the Federal Rules of Civil Procedure or other applicable rules, a lawyer should speak personally with opposing counsel or a self-represented party and engage in a good faith effort to resolve or informally limit all applicable issues.

·

On Wed, Sep 8, 2021 at 1:19 AM Michael Kernan <mkernan@kernanlaw.net> wrote:

> 1.    Dear Ms. Brass:
>
> 2.    Thank you for your email below. I would like to dial things back and make this easier on everyone. Your email below was sent just a few minutes before my client appeared as a party. My client now represents his two 2 apps (caller-id and webcaller), and Keith and I represent the corporations.
>
> 3.    I am not handling the Motion for Preliminary Injunction, but I believe that I will be handling the 12B motion that I anticipate you will be filing against the amended complaint.
>
> 4.    If you do intend to file a 12B motion, I would like to make arrangements to set a meet and confer. As you know, Northern District Local Rule 1-5 states:
>
> 5.    **"(n)  Meet and confer.** "Meet and confer" or "confer" means to communicate directly and discuss in good faith the issue(s) required under the particular Rule or order. Unless these Local Rules otherwise provide or a Judge otherwise orders, such communication may take place by telephone. The mere sending of a written, electronic, or voice-mail communication, however, does not satisfy a requirement to "meet and confer" or to "confer." Rather, this requirement can be satisfied only through direct dialogue and discussion – either in a face to face meeting or in a telephone conversation."
>
> I look forward to discussing any 12B motion. Please let us know dates/times you are available if you do plan to file such motion.
>
> Thanks,
>
> Michael
>
> S. Michael Kernan, Esq.
>
> The Kernan Law Firm
>
> 9663 Santa Monica Blvd, Suite 450
>
> Beverly Hills, California 90210

t: 310 490 9777

f: 310 861 0503

mkernan@kernanlaw.net

From: **Brass, Rachel S.** <RBrass@gibsondunn.com>
Date: Mon, Sep 6, 2021 at 5:21 PM
Subject: Coronavirus Reporter et al. v. Apple Inc. et al., No. 3:21-CV-05567-EMC.; Primary Productions v. Apple, No. 3:21-CV-6841-JSC
To: Keith Mathews <keith@aaone.law>, mkernan@kernanlaw.net <mkernan@kernanlaw.net>, info@clasen.law <info@clasen.law>
Cc: Perry, Mark A. <MPerry@gibsondunn.com>

Counsel,

Each of you has entered an appearance in the case styled *Coronavirus Reporter et al. v. Apple Inc. et al.*, No. 3:21-CV-05567-EMC. None of you has filed a withdrawal. Therefore, the three of you are and remain responsible for all filings and communications related to this lawsuit. Mr. Mathews has also appeared in *Primary Productions v. Apple*, No. 3:21-CV-6841-JSC.

As you are aware, your client Jeffrey Isaacs has increasingly been sending communications directly to me regarding the *Coronavirus Reporter* and *Primary Productions* litigation and related issues, using a variety of e-mail addresses. Although Coronavirus Reporter, CALID Inc., and Primary Productions LLC have not submitted a Federal Rule 7.1 Corporate Disclosure Statement and/or Local Rule 3-15 Disclosure of Non-party Interested Entities or Persons, we understand that Mr. Isaacs is the driving force behind these lawsuits. Mr. Isaacs has also been referred to as your "client."

In these circumstances, neither I nor my colleagues may communicate with Mr. Isaacs, directly or indirectly, regarding the litigation or related subjects. *See* Cal. R. Prof. Conduct 4.2. We have no intention of doing so. Accordingly, as I have already once asked of Mr. Mathews, please inform Mr. Isaacs of this limitation, and ask him to communicate with us (and Apple) only through the three of you, or any other counsel that he or plaintiffs may retain.

While we will continue to retain

communications from Mr. Isaacs, we will also continue to refrain from responding to any of them. This approach is mandated by the California ethics rules, and obviously does not reflect our (or Apple's) position on the contents of any of Mr. Isaacs' communications. Accordingly, neither Mr. Isaacs nor any entity in which he has any interest – including the plaintiffs in *Coronavirus Reporter* and *Primary Productions* – may draw any inference (or urge any court, tribunal, or other party to draw any inference) from the fact that we have not responded to any or all of Mr. Isaacs' communications, or anything contained in any of them. We are putting the three of you on notice that any such argument, if made in a court filing, would be unfounded and baseless.

If the plaintiffs in the pending lawsuits wish to communicate with Apple regarding anything related to the lawsuits (including but not limited to the *Cameron* settlement), please ensure that plaintiffs' counsel send appropriate communications directly to me as Apple's counsel. For the avoidance of doubt, we have not authorized plaintiffs' counsel to communicate directly with Apple or its executives, who we represent for these purposes. We will of course continue to respond promptly to appropriate inquiries from you, as counsel for plaintiffs, to me, as counsel for Apple, in these pending matters.

Finally, we take this opportunity to once again remind you of your own obligation to comply with the Northern District's Guidelines for Professional Conduct. While Mr. Isaacs is (apparently) not a lawyer, you have the obligation to ensure that all communications in these matters – with the Court, with Apple, and with Apple's counsel – are professional and appropriate. The pattern of events thus far does not reflect well on you or your client(s). We also take this opportunity to remind all of you that if a frivolous Rule 11 motion is filed in any of these actions, as has been repeatedly threatened, we reserve the right to seek fees and costs incurred in connection with such a motion, and we will seek such fees and costs from each of you, in addition to your client(s).

Regards,

Rachel

**Rachel S. Brass**
**Partner**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP

555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8293 • Mobile +1 415.264.5998
RBrass@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.