GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (SBN 212532)
  mperry@gibsondunn.com
RACHEL S. BRASS (SBN 219301)
  rbrass@gibsondunn.com
JULIAN W. KLEINBRODT (SBN 302085)
  jkleinbrodt@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: (415) 393-8200
Facsimile:  (415) 374-8429

*Attorneys for Apple Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| CORONAVIRUS REPORTER, CALID INC., PRIMARY PRODUCTIONS LLC, DR. JEFFREY D. ISAACS, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., FEDERAL TRADE COMMISSION,<br><br>Defendants. | Case No. 3:21-CV-05567-EMC<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTIONS FOR RECONSIDERATION AND FOR RELIEF FROM JUDGMENT**<br><br>Date:      February 10, 2022<br>Time:     1:30 p.m. PT<br>Place:    Courtroom 5, 17th Floor<br><br>The Honorable Edward M. Chen |

i

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................ 1

II. LEGAL STANDARD ..................................................................................................... 2

III. ARGUMENT ................................................................................................................. 2

    A.    The Court Correctly Concluded That Plaintiffs' Proposed Market Definitions Are Deficient .......................................................................................... 3

    B.    The Court Correctly Concluded That Plaintiffs' Allegations of Antitrust Injury Are Deficient .......................................................................................... 5

    C.    The Court Correctly Rejected Plaintiffs' Other Claims ............................ 7

    D.    The Court Properly Exercised Its Discretion to Dismiss the Case With Prejudice .................................................................................................. 7

IV. CONCLUSION ............................................................................................................. 10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Page(s)

CASES

*Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*,
248 F.3d 892 (9th Cir. 2001)...................................................................................5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...............................................................................................6

*Belinda K. v. Baldovinos*,
2012 WL 3249481 (N.D. Cal. Aug. 7, 2012) ........................................................9

*Carroll v. Nakatani*,
342 F.3d 934 (9th Cir. 2003)..................................................................................2

*Ceja v. Scribner*,
2016 WL 4035665 (C.D. Cal. Mar. 3, 2016) .........................................................5

*Complete Med. Sales Inc. v. Genoray Am., Inc.*,
2021 WL 6210646 (C.D. Cal. Dec. 3, 2021) .........................................................5

*Exxon Shipping Co. v. Baker*,
554 U.S. 471 (2008) ....................................................................................... *passim*

*Fuller v. M.G. Jewelry*,
950 F.2d 1437 (9th Cir. 1991).................................................................................3

*Harvest v. Castro*,
531 F.3d 737 (9th Cir. 2008)............................................................................1, 2

*Lawson v. Ocwen Loan Servicing*,
2020 WL 2121420 (C.D. Cal. Feb. 20, 2020) .......................................................8

*Maxwell v. Kaylor*,
2020 WL 4732340 (N.D. Cal. Aug. 14, 2020).......................................................7

*In re Myford Touch Consumer Litig.*,
2015 WL 5118308 (N.D. Cal. Aug. 31, 2015) .......................................................9

*Ohio v. Am. Express Corp.*,
138 S. Ct. 2274 (2018) ...........................................................................................3

*Phelps v. Hill*,
2013 WL 4482688 (N.D. Cal. Aug. 19, 2013) .......................................................5

iii

**TABLE OF AUTHORITIES** (*continued*)

Page(s)

*Rae v. Union Bank*,
725 F.2d 478 (9th Cir. 1984)..................................................................................7

*Reilly v. Apple Inc.*,
No. 21-cv-04601-EMC, Dkt. 41 (N.D. Cal. Jan. 7, 2022) ....................................3

*Salazar v. Regents of Univ. of Cal.*,
2017 WL 4594455 (N.D. Cal. Aug. 7, 2017).........................................................6

*Samaan v. Sauer*,
2008 WL 2489004 (E.D. Cal. June 17, 2008).......................................................9

*Sanai v. Kozinski*,
2021 WL 2383333 (N.D. Cal. June 10, 2021) .......................................................6

*Sch. Dist. No. 1J v. ACandS, Inc.*,
5 F.3d 1255 (9th Cir. 1993).................................................................................1, 2

*Supreme Court of Cal. v. Kinney*,
2015 WL 3833321 (N.D. Cal. June 19, 2015) .......................................................7

*Utah v. Google LLC*,
No. 3:21-cv-05227-JD (N.D. Cal.) .......................................................................8

*Weeks v. Bayer*,
246 F.3d 1231 (9th Cir. 2001)...............................................................................2

*Whitaker v. Tesla Motors, Inc.*,
985 F.3d 1173 (9th Cir. 2021)...............................................................................6

*Yanting Zhang v. Safeco Ins. Co. of Am., Inc.*,
2013 WL 6058307 (N.D. Cal. Nov. 14, 2013).......................................................9

*Zimmerman v. City of Oakland*,
255 F.3d 734 (9th Cir. 2001).................................................................................6

**STATUTES**

28 U.S.C. § 1654 .........................................................................................................9

**RULES**

Fed. R. Civ. P. 59 ................................................................................................1, 2, 6

Fed. R. Civ. P. 60 ...................................................................................................1, 2

DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTIONS FOR RECONSIDERATION
AND FOR RELIEF FROM JUDGMENT
CASE NO. 3:21-CV-05567-EMC

# I.  INTRODUCTION

In its detailed Order Granting Defendant's Motion to Dismiss the First Amended Complaint, the Court carefully parsed each of the disputed issues, considered the pertinent allegations, and applied the applicable authorities.  Plaintiffs offer no legitimate reason to revisit that Order.  This is, at bottom, an antitrust case; yet the Court found that Plaintiffs had not adequately pleaded two essential elements of their antitrust claims—a relevant market and antitrust injury.  To disturb the ensuing judgment, Plaintiffs must bring forth newly discovered evidence, an intervening change in the law, or a manifest legal error.  *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (Rule 59); *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (Rule 60).  Although they recite the applicable standard, Plaintiffs never attempt to apply it to the facts of this case.

Plaintiffs' motions simply rehash the very arguments they already raised and this Court already rejected.  Indeed, the motions largely consist of block quotes to arguments they made at the hearing on Apple's motion to dismiss—which they portray as "testimony" that the Court should have accepted.  *See, e.g.*, Pls.' Mot. for Recons. & Relief from J. ("Pls.' Mot.") at 9, Dkt. 87; Isaacs' Mot. for Recons. & Relief from J. ("Isaacs' Mot.") at 5 n.1, Dkt. 91.  But arguments made by litigants (represented or pro se) are not evidence, and indeed the Court made clear that it heard no testimony at the hearing.  Order Granting Def.'s Mot. to Dismiss and Denying Pls.' Mots. for Prelim. Inj. ("Order") at 33–34 at 33–34, Dkt. 85.  And this is neither the time nor place to relitigate the very arguments the Court heard, considered, and rejected.  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

Plaintiffs also contend that they should have been permitted to amend their complaint to try once again to allege a relevant product market or to add allegations based on a recently reissued patent.  But litigation is not an endless evolutionary exercise in which a complaint continues to mutate until something survives.  Plaintiffs had *seven* opportunities to attempt to state a claim, most with the "benefit of responding to Apple's fully briefed motions to dismiss in this case and previous cases."  Order at 31.  They are entitled to no more.  The Court acted well within its discretion in denying amendment.

The Court should deny both motions for reconsideration.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a judgment may be altered or amended only where "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quotation marks omitted); *see also Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (noting that a party must overcome a "high hurdle" to obtain relief under Rule 59(e)).  It "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quotation marks omitted).  Relief under Federal Rule of Civil Procedure 60(b) similarly requires new evidence or extraordinary circumstances, and is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008).

## III. ARGUMENT

Plaintiffs identify no clear error of law or fact, nor any change in controlling law or new material evidence.  Indeed, Plaintiffs' briefs by and large ignore their own complaint and the applicable authorities, taking issue with the Court's decision by reference to nothing more than their own past arguments.  Those arguments about market definition, antitrust injury, and the other purported merits of their claims have no more basis in law or fact now, but the proper place to retread them is in the appeal Plaintiffs have noticed—not a motion for reconsideration.  Nor is there any basis to reopen this case for Plaintiffs to take yet another attempt at defining the relevant market or adding allegations regarding a recently reissued patent.  Because Plaintiffs have failed to discharge their burden under Rule 59 or Rule 60, their motions should be denied.

**A.     The Court Correctly Concluded That Plaintiffs' Proposed Market Definitions Are Deficient**

The Court devoted the bulk of the November 4 hearing, and nearly 12 pages of its Order, to understanding and thoroughly addressing Plaintiffs' myriad—and difficult to comprehend—allegations and related arguments as to market definition.  Nevertheless, Plaintiffs now contend that the Court erred in rejecting their "institutional app market" and/or certain downstream markets.  Pls.' Mot. at 5–10, 11–13.  But they rely solely on arguments that they admittedly already "raised . . . directly" in their briefing and at argument.  *Id.* at 6.  That is reason enough to deny this motion.  *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).  In any event, the Court was right in rejecting these arguments.

For instance, Plaintiffs argue that the Court erred in rejecting their nigh-incomprehensible "institutional app market" because, in their view, it is not a two-sided market.  Pls.' Mot. at 5–10.  But they advanced this very point in briefing and at argument: "I would again say that it's [not] a two-sided marketplace here[,] . . . it's really the app marketplace monopsony."  *Id.* at 6 (quoting transcript of Mr. Isaacs' argument); *see also*, *e.g.*, Dkt. 51 ¶ 15.  The Court properly rejected this argument because, among other things, the FAC itself conceded that this market "is a two-sided market of transactions."  Order at 21; *see also* FAC ¶ 12 ("The iOS Institutional App market is downstream from the single-product iOS Smartphone Enhanced Internet Access Device marketplace. Similar to the aforementioned national app market, the iOS App market is two-sided."); *Reilly v. Apple Inc.*, No. 21-cv-04601-EMC, Dkt. 41 at 13 n.3 (N.D. Cal. Jan. 7, 2022) (recognizing that the relevant market must be "two-sided" because the App Store "functions as an intermediary between the respective sides – app developers and end users").  Nor do Plaintiffs dispute that as a matter of law two-sided transaction platforms supply "only one product—transactions."  Order at 20 (quoting *Ohio v. Am. Express Corp.*, 138 S. Ct. 2274, 2286 n.8 (2018)).  A motion for reconsideration is not a vehicle through which they can revisit their own allegations.[1]

---

[1] Mr. Isaacs appears to think that Apple made the "stunning admission" at the hearing that a plausible "app market" had been alleged.  Isaacs' Mot. at 5 n.1.  Not so.  As the cited transcript read in full makes clear, Apple actually made the point that *Mr. Isaacs* had conceded that the pertinent market

As for Plaintiffs' arguments regarding their downstream "userbase access rights" and "application loader and notary stamp" markets, these too have already been presented to the Court. *See* Dkt. 55 at 7–8. Plaintiffs' chief argument now appears to be that these markets are not "hypothetical and theoretical" because "this is a real market for developer rights to the API, and hence, userbase." Pls.' Mot. at 11–12. Yet, Plaintiffs contradict themselves moments later, conceding at least some of their alleged "downstream" markets exist only in their "imagin[ation]" and do not "seem to have any historical precedent." *Id.* at 13. Even more fundamentally, Plaintiffs ignore the Court's conclusion that these alleged markets are divorced from any alleged economic reality because they were defined with "no reference to the *transaction between* developers and consumers." Order at 21. That Plaintiffs once again disagree with the Court's legal analysis—grounded in Supreme Court and Ninth Circuit precedent—presents a question for appeal, not reconsideration.

Plaintiffs also fail to address independent grounds on which the Court dismissed the FAC. For example, the Court concluded that Plaintiffs failed to define any market with "sufficient clarity." Order at 13. If anything, Plaintiffs now concede that this ruling was correct: They admit the FAC's definitions were "complicate[d]," Pls.' Mot. at 5, lacked "any historical precedent," *id.* at 13, and were formulated by those without any expertise in doing so, *id.* at 18. Moreover, Plaintiffs do not dispute the Court's conclusion that the FAC failed to allege facts that could support the single-brand markets they alleged. Order at 14–17; *see also Reilly*, No. 21-cv-04601-EMC, Dkt. 41 at 8 & n.2 (recognizing that no case has "*ever* recognized a *single-brand primary market*" and that even single-brand aftermarkets require

_____

for assessing antitrust injury encompassed apps—not smartphone devices, as he had previously suggested at the hearing. Dkt. 82 at 12:10–13:12, 20:22–21:4. Mr. Isaacs omits Apple's further observations that it was "not clear what the outer boundaries of that [alleged market] are" and that it would be a "disfavored . . . single-brand market" for which Plaintiffs had failed to allege adequate supporting facts. *Id.* at 20:25–21:2. The Court correctly understood this point, recognizing both that Plaintiffs had to allege injury to a "market for transactions of apps . . . 'as a whole'" and that "Plaintiffs have not alleged facts required to justify defining these markets as *single-brand* markets." Order at 14, 22. Far from making any "admission" at the hearing, Apple (correctly, and successfully) pointed up the flaws in Plaintiffs' pleading regarding market definition.

particular factual allegations indisputably absent here).[2]  There is simply no basis to reconsider a judgment where, as here, the plaintiffs have "attempt[ed] to challenge only one of [several] independent grounds upon which the Court's prior order rests."  *Ceja v. Scribner*, 2016 WL 4035665, at *6 (C.D. Cal. Mar. 3, 2016); *see also*, *e.g.*, *Complete Med. Sales Inc. v. Genoray Am., Inc.*, 2021 WL 6210646, at *5 (C.D. Cal. Dec. 3, 2021) (similar); *Phelps v. Hill*, 2013 WL 4482688, at *2 (N.D. Cal. Aug. 19, 2013) (similar).

**B.     The Court Correctly Concluded That Plaintiffs' Allegations of Antitrust Injury Are Deficient**

The Court correctly concluded that Plaintiffs failed to allege antitrust injury.  Order at 22–27.  In its analysis, the Court carefully considered each "type[] of antitrust injury" Plaintiffs advanced, considered the allegations they offered to support each, and found all were "insufficient."  *Id.* at 24.  Plaintiffs do not purport to present new evidence or identify an intervening change in controlling law; rather, they appear to contend this conclusion was clearly erroneous for two reasons.  Pls.' Mot. at 18.  Each argument is meritless.

First, Plaintiffs claim that documents they purported to incorporate into the FAC established "that Apple's curation of apps raises anticompetition concerns."  Pls.' Mot. at 20.  But Plaintiffs already made this argument, Dkt. 55 at 11–12, which the Court rightly rebuffed as Plaintiffs failed to "connect" the assertions in these reports "to their theory and allegations of antitrust injury to the entire market."  Order at 26.  This attempt to retread an already-rejected argument is improper.  *See Exxon*, 554 U.S. at 485 n.5; *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001).  In any event, Plaintiffs now remove any doubt that no connection exists: They quote material from a House Subcommittee report referencing Apple's alleged removal of "rival . . . screen-time apps," Pls.' Mot. at 19, for example, but did not develop a screen-time app—nor, as the Court observed, any app that competes with Apple's apps.  Order at 26.

---

[2]  Any suggestion that the Plaintiffs did not in fact allege single-brand markets also runs afoul of their own allegations.  *See* Pls.' Mot. at 11.  The FAC alleged an "*iOS* Institutional App market," FAC ¶ 12 (emphasis added), and the alleged downstream markets also are concededly single-brand markets.  *Id.* ¶¶ 163, 166; *see also* Order at 16.

Second, Plaintiffs seek to identify for the first time an antitrust injury derived from Apple's alleged "ranking suppression." Pls.' Mot. at 21–22. Up until this point, Plaintiffs had failed to respond to Apple's arguments explaining why no such injury was or could be alleged. *See* Dkt. 64 at 14. Their new argument—that "ranking suppression requires complex game theory and statistical analysis of discovery data by experts," Pls.' Mot. at 22—has always been available to them and is based on no new evidence or authority. Because this argument "could and should have been presented to the district court prior to the judgment," *Sanai v. Kozinski*, 2021 WL 2383333, at *2 (N.D. Cal. June 10, 2021) (quotation marks omitted), Plaintiffs cannot use it to seek reconsideration now. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) ("A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to amend [under Rule 59(e)].").

Plaintiffs' untimely argument is also without merit. The apparent thrust is that discovery will crystallize an at-best amorphous theory into a cognizable antitrust injury. *See* Pls.' Mot. at 22. Plaintiffs buttress that argument with a bevy of new alleged facts—that "Apple cherry picks the first several results [in the App Store rankings] amongst the three million apps" and that "most users only look at the first ranking result," *id.*—none of which can be found in the FAC. This too is an invitation to error, for on a motion to reconsider "the Court may not consider new facts or new arguments that could have been previously alleged or argued." *Salazar v. Regents of Univ. of Cal.*, 2017 WL 4594455, at *5 (N.D. Cal. Aug. 7, 2017). And even if the Court could do so, a complaint cannot survive dismissal based merely on the assurance that a cognizable theory will emerge in discovery. *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021) ("Our case law does not permit plaintiffs to rely on anticipated discovery to satisfy Rules 8 and 12(b)(6); rather, pleadings must assert well-pleaded factual allegations to advance to discovery."). Plaintiffs bore the burden to allege sufficient facts, accepted as true, to state a claim for relief; the Court rightly dismissed the FAC when they failed to carry that burden. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[3]

---

[3] Any other arguments—such as those about Apple's weekly app rejections, COVID-19 submission requirements, and the size of Android app stores in China, Pls.' Mot. at 21—merely reiterate points Plaintiffs already advanced and that fail for all the reasons the Court already stated. *See* Order at 22–27; *see also Reilly*, No. 21-cv-04601-EMC, Dkt. 41 at 11–13 & n.3 (similarly explaining that the alleged rejection of certain apps does not state a marketwide injury, particularly one involving two-sided transaction platforms in which curation may increase output and improve quality).

**C.    The Court Correctly Rejected Plaintiffs' Other Claims**

Plaintiffs' remaining arguments can be summarily dispatched.

They first argue that the Court erred in dismissing Count VII, which purported to incorporate the entire complaint from *Cameron v. Apple*.  *See* FAC ¶¶ 241–43.  But they fail to identify any error in the Court's dismissal of this claim based on the absence of a cognizable market or antitrust injury.  Order at 9, 11–13.  Nor have they explained how the markets alleged in *Cameron* are at all relevant to *their* claims and allegations.[4]  Similarly, Plaintiffs resuscitate their argument that alleged screenshots of communications from Apple suffice to plead their RICO and fraud claims with particularity, Pls.' Mot. at 22–23, without acknowledging that these screenshots merely demonstrate that Apple was making decisions "consistent with [its] Guidelines."  Order at 29.  The fundamental problem remains that the FAC does not explain with specificity *how* those communications were false.  *See Maxwell v. Kaylor*, 2020 WL 4732340, at *10 (N.D. Cal. Aug. 14, 2020); *see also* Order at 29 (rejecting the argument that alleged violations of Apple's guidelines by other apps shows the grounds given for rejecting Plaintiffs' apps were false).

The balance of Plaintiffs' arguments also are repeat performances.  The Court already rejected Plaintiffs' argument that Apple can be liable under RICO through a *respondeat superior* theory because the FAC's allegations clearly identify *Apple itself* as the enterprise.  Order at 30 (quoting *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984)).  And the Court likewise held that Plaintiffs could not salvage their claims through the proposed FAC "addendum," *id.* at 31, which was itself meritless given their lack of standing to challenge lobbying conduct protected by the *Noerr-Pennington* doctrine (among other things), *id.* at 32.  Plaintiffs' "[m]ere disagreement with a court's order . . . does not provide a basis for reconsideration."  *Supreme Court of Cal. v. Kinney*, 2015 WL 3833321, at *3 (N.D. Cal. June 19, 2015).

**D.    The Court Properly Exercised Its Discretion to Dismiss the Case With Prejudice**

Plaintiffs' final argument is that the Court should reconsider its dismissal with prejudice to

---

[4]  As Apple explained, this claim fails for the additional reason that a plaintiff cannot incorporate the complaint from another case in full.  *See* Dkt. 64 at 18.  Nor is Apple somehow estopped from this argument, Pls.' Mot. at 10–11, as Apple has already explained, Dkt. 64 at 18–19.

allow two amendments: New allegations concerning the (proposed) relevant markets and the addition of allegations regarding a newly reissued patent, both of which now have been asserted in *Coring Co. v. Apple Inc.*, 21-cv-82235 (S.D. Fla.)—the latest case filed against Apple by an entity affiliated with Mr. Isaacs.  In other words, Plaintiffs seek to vacate the judgment in this case so that they can assert the very allegations and claims they have already filed in another lawsuit.  But even setting aside the nonsensical result they seek to achieve, none of Plaintiffs' arguments warrant reconsideration.

First, Plaintiffs fail to explain why the markets alleged in *Coring* could not "have been raised prior to the entry of judgment."  *Exxon*, 554 U.S. at 485 n.5 (quotation marks omitted).  After all, Plaintiffs suggest they are "based almost entirely upon a case brought by the DOJ and 26 State Attorney Generals against Google"—an apparent reference to *Utah v. Google LLC*, No. 3:21-cv-05227-JD (N.D. Cal.).  Pls.' Mot. at 14.  But that suit was filed in July 2021, months before Plaintiffs filed the FAC here.  *See Utah v. Google LLC*, No. 3:21-cv-05227-JD, Dkt. 1 (N.D. Cal. July 7, 2021).[5]  Nor did Plaintiffs suggest these purported changes when they sought leave to amend before the Court dismissed their claims.  *See* Dkt. 52.  Evidently, Plaintiffs thought their best chance lay in the FAC's fifteen alleged markets, which they crafted not only after the government filed its lawsuits against Google but also with the benefit of multiple, fully briefed motions to dismiss from Apple.  *See* Order at 31.  They cannot revisit that strategic choice now.

In any event, the markets alleged in *Coring* are no better than those dismissed in this case.  The supposed markets there—a "Smartphone App Distribution Market" and a market for "Smartphone Apps," Pls.' Mot. at 13–14—were already rejected in this case.  *See*, *e.g.*, FAC ¶¶ 6, 11, 209 (asserting a "smartphone app distribution market" and market for "smartphone apps").  And the *Coring* complaint even admits that Plaintiffs replicated their theories in a different venue to avoid the "Ninth Circuit law" that "has defeated numerous valid Apple antitrust claims."  Dkt. 87-2 ¶¶ 97, 171.  A litigant cannot avoid the preclusive effect of a judgment through such forum-shopping.  *See Lawson v. Ocwen Loan Servicing*, 2020 WL 2121420, at *3 (C.D. Cal. Feb. 20, 2020).  But to the extent Plaintiffs believe these

---

[5]  If Plaintiffs intend to refer to the litigation brought against Google by the DOJ and certain State Attorneys General related to search services and search advertising, that case is even older.  *See United States v. Google LLC*, No. 1:20-cv-03010, Dkt. 1 (D.D.C. Oct. 20, 2020).

theories are not barred by *res judicata* or another applicable preclusion doctrine, they can make those arguments in *Coring* if and when Apple moves to dismiss that case (in the appropriate forum).

Second, there is no basis to vacate the judgment here to permit the addition of allegations regarding a newly reissued patent (the focus of Mr. Isaacs' separate motion). The FAC never asserted a patent infringement claim—nor did Plaintiffs intimate to the Court that they might wish to do so, despite threatening Apple with such a claim well before Plaintiffs filed their opposition brief, Dkt. 91-2 at 2—and "a motion for reconsideration under Rules 59(e) and 60(b) is an improper vehicle for bringing new claims not previously raised." *Belinda K. v. Baldovinos*, 2012 WL 3249481, at *3 (N.D. Cal. Aug. 7, 2012). For the same reason, the relevant patent's reissuance is not, as Mr. Isaacs claims, "newly discovered evidence" relevant to any of the claims pleaded in the FAC or, concomitantly, material to any of the rulings made by the Court in its Order. *See Yanting Zhang v. Safeco Ins. Co. of Am., Inc.*, 2013 WL 6058307, at *3–4 (N.D. Cal. Nov. 14, 2013) ("'newly discovered evidence' does not provide grounds for reconsideration" where it "would not have changed the outcome of this case"). Indeed, the motion for reconsideration offers no explanation of any possible connection the reissued patent has to any claim that was or could have been asserted in this litigation. *See* Isaacs' Mot. at 4; *see also In re Myford Touch Consumer Litig.*, 2015 WL 5118308, at *2 n.1 (N.D. Cal. Aug. 31, 2015) (Chen, J.) (arguments offered for the first time on reply are waived).[6]

---

[6] Plaintiffs accuse Apple's counsel of "witness intimidation" and "fraud on the court." Isaacs' Mot. at 5; Pls.' Mot. at 17. Unfortunately, these unsupported allegations merely reflect a continued barrage of personal attacks—despite a court warning early in this litigation to refrain from "the use of *ad hominem* references to opposing counsel." *Primary Prods. LLC v. Apple Inc.*, No. 2:21-cv-00137-JDL, Dkt. 19 (D. Me. July 20, 2021); *see also* Order at 33 (rejecting unsupported assertions that Apple's counsel have a conflict of interest or are subject to disqualification). As Apple informed this Court and repeatedly explained to Plaintiffs, Mr. Isaacs' attempt to proceed pro se—while simultaneously serving as the principal of the plaintiff entities (and as a result, Mr. Mathews' "client")—is an improper attempt to circumvent 28 U.S.C. § 1654 that unfairly puts Apple's counsel in the ethical dilemma of not knowing "when it is permissible to contact [Mr. Isaacs] or when it is not." Dkt. 63, Ex. 1 at 2 (quoting *Samaan v. Sauer*, 2008 WL 2489004, at *2 (E.D. Cal. June 17, 2008)). To ensure compliance with applicable ethical rules, Apple's counsel therefore explained that it would only correspond with Mr. Isaacs' counsel. *See id.* The baseless assertion that this constituted "witness intimidation," "fraud on the court," or any other form of misconduct is flat wrong; the letter (Dkt. 63, Ex. 1), as well as the correspondence attached to Plaintiffs' motion (Dkt. 91-2), speak for themselves.

9

1

## IV. CONCLUSION

For these reasons, Apple respectfully requests that the Court deny Plaintiffs' motions for reconsideration.

Dated:    January 10, 2021                        Respectfully submitted,

By:    _/s/ Rachel S. Brass_
                Rachel S. Brass

GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (SBN 212532)
  mperry@gibsondunn.com
RACHEL S. BRASS (SBN 219301)
  rbrass@gibsondunn.com
JULIAN W. KLEINBRODT (SBN 302085)
  jkleinbrodt@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: (415) 393-8200
Facsimile:  (415) 374-8429

_Attorneys for Apple Inc._