

Portfolio Media. Inc. | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# COVID App Programmer Accuses Gibson Dunn Of 'Retaliation'

By **Bryan Koenig**

Law360 (October 26, 2021, 8:08 PM EDT) -- A coronavirus tracking app developer hinted Monday that it may seek to disqualify Gibson Dunn & Crutcher LLP from representing Apple against antitrust claims that the tech giant blocked competing COVID-19 apps from the App Store, telling a California federal court the firm improperly attacked the app's programmer out of "political retaliation."

Coronavirus Reporter notified the court to a pair of U.S. Supreme Court petitions that app programmer Jeffrey D. Isaacs submitted last week, the latest moves in a 14-year saga over Isaacs' expulsion from the University of Southern California's Keck School of Medicine that he says has dogged him throughout his career. That case, according to Coronavirus Reporter, has now spilled over into **its spat with Apple**, thanks to Gibson Dunn's attack on Isaacs' credentials that it allegedly had a hand in impugning.

"The petitions relate to this case because they describe how Gibson Dunn cited sealed, false, and expunged records from the USC Medical School, with whom they are co-defendant in RICO charges, to dismiss this 'landmark Apple antitrust case,'" the app said.

"The petitions implore the Supreme Court to invoke original jurisdiction and assign a special master to ensure that those proceedings — and potentially this case — are not contaminated by Gibson Dunn's political retaliation against Dr. Isaacs," it continued. "The petitions further request the high court issue a declaratory judgement on the matter, to avoid burdening this court with a complex ancillary issue that has been touched by five different venues over fourteen years."

In their proposed class action, Coronavirus Reporter and CALID Inc. claim that Apple used trumped-up excuses to keep rival COVID-19 trackers out of the App Store so it wouldn't face any competition when it launched its own version of the app, which they say remains "still widely unavailable in the United States."

The plaintiffs are seeking a preliminary injunction, due for a hearing next week, that would bar Apple from blocking third-party apps from the App Store.

In opposing that bid, Apple argued that the plaintiffs' "only apparent connection to health or medicine" is the fact that Isaacs serves as CALID's CEO. Apple referred to Isaacs as "a former physician" who had his medical license revoked by the New Hampshire Board of Medicine because he'd failed to disclose prior attendance, and disciplinary proceedings, at a medical school other than the American University of the Caribbean from which he'd earned a medical degree.

"Since that time, Mr. Isaacs has waged an unsuccessful litigation campaign across federal courts," Apple said in the Aug. 23 opposition brief.

Indeed, Isaacs has spent years in court, often representing himself and pursuing claims in federal district court and appellate court, as well as in now half a dozen Supreme Court petitions — four of which have been rejected — against the likes of the Keck School of Medicine, Dartmouth-Hitchcock Medical Center and the New Hampshire Board of Medicine.

But according to Coronavirus Reporter and Isaacs, who's representing himself pro se in the instant litigation and is represented by Coronavirus Reporter counsel in the new high court petitions, the app's credentials are far stronger than Apple contends.

Namely, the startup is headlined by "renowned cardiologist Dr. Robert Roberts," developer of the leading test used to diagnose heart attacks, according to court filings. Yet Roberts is mentioned in Apple's opposition brief just once.

Apple argues that Roberts' involvement is insufficient to warrant inclusion in the App Store while spending more time on Isaacs' credentials. Those credentials, Isaacs contends, should never have been raised in the first place because he cut a settlement with Keck that should've sealed his records and treated stalking allegations against him as "acquitted."

"Gibson Dunn suggests that the acquitted matter is somehow relevant to dismissing [the] case, despite the fact that Dr. Isaacs, the app programmer, is Dr. Roberts' junior and subordinate with regards to medical authority," the plaintiffs said.

"Nonetheless, Gibson Dunn vengefully and illogically posits that a world-renowned physician, who invented the gold-standard test for heart attacks, couldn't bring Dr. Isaacs into his team, because Apple would then be permitted by the Sherman Act to deny any app written by Isaacs," they continued. "There can be little doubt Gibson Dunn unethically (perhaps without their knowledge) used Apple to assert a false, damaging, and rather desperate claim against Dr. Isaacs."

Gibson Dunn attorneys representing Apple did not immediately respond Tuesday to requests for comment.

Coronavirus Reporter attorney Keith Mathews of Associated Attorneys of New England — who also serves as the app's chief legal officer — told Law360 on Tuesday that it's a "possibility" he'll seek Gibson Dunn's disqualification from the case. The firm, he noted, is a named defendant in at least some of Isaacs' cases because of its work representing Keck.

Isaacs sued the school over his treatment and eventual expulsion. He argued that conduct amounted to retaliation from otherwise benign interactions with a female student because Isaacs threatened to disclose that his classmate bragged about getting into the school only through the intervention of her father, a National Institutes of Health official who allegedly bribed the school using federal funding.

That litigation, according to Isaacs, resulted in settlements in 2007 and 2008 that were supposed to seal his records and treat the stalking allegations against him as acquitted. While the New Hampshire medical board refers to stalking allegations, Isaacs insists that his dismissal was on academic grounds.

What Isaacs says he didn't find out until years later was that Keck nevertheless put those records on an online profile for medical residency applicants, which ultimately led to his firing from a Dartmouth residency and the New Hampshire board decision to suspend his medical license over the omission of those details from his residency application.

Years and multiple lawsuits later, Isaacs' only small legal victory has been in a dissenting Ninth Circuit opinion, in a case where the appellate court's majority held him liable for hundreds of thousands of dollars in attorney fees for breaching the Keck settlements' bar on him filing further related litigation. Isaacs does however point to findings from the American Academy of Medical Colleges and the New Hampshire Employment Tribunal that he says concluded he should have been able to disavow any discipline at USC.

Isaacs filed that suit — the subject of one of the new Supreme Court petitions — over the online details he said were shared in violation of the sealing agreement. The dissenting Ninth Circuit judge said that any claims based on breach of those agreements should not have yielded attorney fees for USC.

On Tuesday, Mathews argued that all of Isaacs' cases have been rejected on procedural grounds, such as the statute of limitations. When it comes to Gibson Dunn's involvement, Mathews argued it's "offensive" that the firm would attack Isaacs' credentials given that he previously sued the firm over its role in putting a black mark on those credentials. The firm, Mathews said, served as "a gatekeeper in the prior case."

The plaintiffs are represented by Keith Mathews of Associated Attorneys of New England and S. Michael Kernan of the Kernan Law Firm.

Apple is represented by Mark A. Perry, Rachel S. Brass and Julian W. Kleinbrodt of Gibson Dunn & Crutcher LLP.

The case is Coronavirus Reporter et al. v. Apple Inc. et al., case number 3:21-cv-05567, in the U.S. District Court for the Northern District of California.

--Additional reporting by Hailey Konnath and Nadia Dreid. Editing by Michael Watanabe.

*Correction: A previous version of this story misstated the context of Isaacs' battles to clear his reputation. The error has been corrected.*

All Content © 2003-2022, Portfolio Media, Inc.