GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (SBN 212532)
  mperry@gibsondunn.com
RACHEL S. BRASS (SBN 219301)
  rbrass@gibsondunn.com
JULIAN W. KLEINBRODT (SBN 302085)
  jkleinbrodt@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: (415) 393-8200
Facsimile:  (415) 374-8429

*Attorneys for Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CORONAVIRUS REPORTER, CALID INC., PRIMARY PRODUCTIONS LLC, DR. JEFFREY D. ISAACS, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., FEDERAL TRADE COMMISSION,<br><br>Defendants. | Case No. 3:21-CV-05567-EMC<br><br>**DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION FOR AN ORDER SUMMARILY DENYING PLAINTIFF JEFFREY D. ISAACS' MOTIONS FOR SANCTIONS OR, IN THE ALTERNATIVE, SETTING A DEADLINE FOR A SINGLE RESPONSE**<br><br>The Honorable Edward M. Chen |

1    Pursuant to Civil L.R. 7-11, Defendant Apple Inc. ("Apple") respectfully seeks an order summarily denying Plaintiff Jeffrey D. Isaacs' two motions for sanctions (Dkts. 96 & 97) or, in the alternative, an order setting the deadline for a single response to both motions for fourteen days after any order denying Apple's request for summary denial of the motions.

The Court entered final judgment in this case on November 30, 2021 and ordered the Clerk of Court to "close the file in this matter." Dkt. 86.  Local Rule 7-8(d) provides that "[u]nless otherwise ordered by the Court, no motion for sanctions may be served and filed more than 14 days after entry of judgment by the District Court."  The deadline for any motions for sanctions in this case, therefore, was December 14, 2021.

On January 19, 2022, *fifty days* after judgment was entered, Isaacs filed an untimely motion for sanctions against Apple and its counsel on plainly frivolous grounds—largely, that they have referred to him as "Mr. Isaacs" in court filings.  Dkt. 96 at 3.  Isaacs also complains, citing no evidence or legal authority, that Apple and its counsel "engaged in fraud on the Court" by "blocking" him "from communicating with" counsel.  Dkt. 96 at 3.  The Court set the due date for Apple's response to Isaacs' motion for February 2, 2022.  Yesterday, January 24, Isaacs filed yet another untimely motion for sanctions against Apple, which contains more pages but the same complaints as the January 19 motion—including, again, that Apple has referred to him as "Mr. Isaacs" and engaged in purported "witness tampering" or "fraud on the court."  Dkt. 97 at 16 n.5, 17.  The Court set the due date for Apple's response to that motion for February 7, 2022.

The Court should summarily deny these motions as time-barred under Local Rule 7-8(d).  The deadline for any such motion has passed.  Isaacs has sought no court order permitting him to file a motion for sanctions.  The Court has not entered any order permitting such a motion—nor would there be any basis to do so.  The motions that Isaacs *has* filed are frivolous.  For instance, Isaacs' chief complaint is that Apple's filings have not referred to him as "Dr."  To start, Isaacs is not a medical doctor—he is a former doctor-in-residency whose license was revoked for unethical behavior.  *See* Dkt. 62 at 6 (detailing prior proceedings relating to Isaacs' medical license).  In any event, the honorific given to him bears no relation to any of his purported bases for sanctions.  *See* Fed. R. Civ. P. 11(c); 37(b).  Indeed, standard convention is to simply refer to a party by their last name.  And the Court itself

referred to Isaacs as "Mr. Isaacs" during a hearing on Apple's motion to dismiss the amended complaint on November 4, 2021, demonstrating that doing so is not a breach of decorum. *See* Dkt. 82 at 12:8; 18:22.

Isaacs' "fraud on the court" and "witness intimidation" assertions are equally meritless, as Apple has previously explained to both Isaacs and the Court. Dkt. 94 at 9 n.6 (explaining that Isaacs' "attempt to proceed pro se . . . while simultaneously serving as the principal of the plaintiff entities" represented by counsel is impermissible under 28 U.S.C. § 1654 and puts "Apple's counsel in [an] ethical dilemma"). Likewise, any argument about evidence "spoliation," Dkt. 96 at 3, is both meritless—Apple has complied with all document retention obligations—and moot, because the Court has dismissed the complaint with prejudice, Dkt. 86, and thus this case will not proceed to discovery. There is absolutely no merit to any of Isaacs' other allegations of misconduct, as Apple will explain if the Court desires a response.

If the Court does not summarily deny the motions under Local Rule 7-8(d), Apple respectfully requests that the Court allow Apple to file a single opposition to both motions no later than fourteen days after any order denying Apple's request for summary denial. Granting this relief would not prejudice Isaacs in any way. It would, by contrast, streamline the presentation of issues by allowing Apple to file a single brief. This in turn would economize the parties' resources and also conserve the Court's time.

Counsel for Apple has conferred with counsel for Plaintiffs. *See* Decl. of Rachel S. Brass ¶ 2. As explained in the accompanying declaration, Plaintiffs would not respond as to whether they would stipulate to any of the relief requested herein. *Id.*

Dated:     January 25, 2022            Respectfully submitted,

By:     */s/ Rachel S. Brass*
              Rachel S. Brass

GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (SBN 212532)
  mperry@gibsondunn.com
RACHEL S. BRASS (SBN 219301)
  rbrass@gibsondunn.com
JULIAN W. KLEINBRODT (SBN 302085)
  jkleinbrodt@gibsondunn.com

2
DEFENDANT APPLE INC.'S ADMIN. MOT. FOR ORDER SUMMARILY DENYING MOTIONS FOR SANCTIONS
CASE NO. 3:21-CV-05567-EMC

| | |
|---|---|
| 1 | 555 Mission Street, Suite 3000 |
| 2 | San Francisco, CA 94105-0921<br>Telephone: (415) 393-8200 |
| 3 | Facsimile:  (415) 374-8429 |
| 4 | *Attorneys for Apple Inc.* |