GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (SBN 212532)
  mperry@gibsondunn.com
RACHEL S. BRASS (SBN 219301)
  rbrass@gibsondunn.com
JULIAN W. KLEINBRODT (SBN 302085)
  jkleinbrodt@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: (415) 393-8200
Facsimile:  (415) 374-8429

*Attorneys for Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CORONAVIRUS REPORTER, CALID INC., PRIMARY PRODUCTIONS LLC, DR. JEFFREY D. ISAACS, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., FEDERAL TRADE COMMISSION,<br><br>Defendants. | Case No. 3:21-CV-05567-EMC<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**<br><br>The Honorable Edward M. Chen |

The Court should reject Plaintiff Jeffrey Isaacs' Request for Judicial Notice (Dkt. 101). Judicial notice does not extend to facts "subject to reasonable dispute." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting Fed. R. Evid. 201(b)). Courts therefore may take notice of the fact that briefs are filed in other cases but may "not take judicial notice of the truth of [their] content." *Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020); *accord Sundby v. Marquee Funding Grp., Inc.*, 2020 WL 434487, at *2 (S.D. Cal. Jan. 28, 2020) (a "brief's legal arguments cannot be noticed"). It is undisputed that the government filed an amicus brief in *Epic Games, Inc. v. Apple Inc.*, No. 21-16506 (9th Cir.). Yet Isaacs asks this Court to take judicial notice of "authoritative DOJ guidance"—in other words, to consider as fact the *legal arguments* within a brief filed in a different case, in a different court, by an entity that is not a party to this case, after the judgment was entered in this case. Dkt. 101. That is plainly impermissible. *See*, *e.g.*, *Sundby*, 2020 WL 434487, at *2 (declining to take judicial notice of the contents of an amicus brief filed in a parallel Ninth Circuit case); *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004) (similar); *Frank v. Chavez*, 65 F. Supp. 3d 677, 691 (N.D. Cal. 2014) (similar).

Indeed, Isaacs' Request for Judicial Notice is an improper attempt to argue the merits of his pending motion for reconsideration after the close of briefing. The Local Rules forbid "additional memoranda, papers or letters" after a reply and make clear that even notice of "a relevant judicial opinion" (which this is not) must be submitted "without argument." N.D. Cal. Civ. L.R. 7-3(d); *see also Blye v. Cal. Supreme Court*, 2014 WL 295022, at *1 (N.D. Cal. Jan. 21, 2014) ("A request for judicial notice is not a proper vehicle for legal argument."). Isaacs' Request for Judicial Notice nevertheless contains five pages of argument purporting to "summarize[] the implications" of the DOJ's brief. Dkt. 101 at 2. Apple will refrain from impermissible argument about the meritless positions taken in Isaacs' Request, and the Court should disregard the improper argument therein. *See Fox Television Stations, Inc. v. BarryDriller Content Sys., PLC*, 915 F. Supp. 2d 1138, 1142 (C.D. Cal. 2012) (denying request for judicial notice of amicus briefs because it "is an implicit attempt" to circumvent "page limits without leave").

Dated: January 31, 2022        Respectfully submitted,

By:    */s/ Rachel S. Brass*
        Rachel S. Brass

GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (SBN 212532)
 mperry@gibsondunn.com
RACHEL S. BRASS (SBN 219301)
 rbrass@gibsondunn.com
JULIAN W. KLEINBRODT (SBN 302085)
 jkleinbrodt@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: (415) 393-8200
Facsimile: (415) 374-8429

*Attorneys for Apple Inc.*