UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORONAVIRUS REPORTER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 21-cv-05567-EMC<br><br>**ORDER DENYING PLAINTIFFS' MOTIONS FOR RECONSIDERATION AND RELIEF FROM JUDGMENT**<br><br>Docket Nos. 87, 91 |

## I.  INTRODUCTION

Plaintiffs brought this action for antitrust and RICO violations, and breach of contract and fraud against Apple, Inc. ("Apple") to challenge Apple's allegedly monopolist operation of its "App Store" through "curation" and "censor[ship]" of smartphone apps. Docket No. 41 ("FAC") ¶¶ 1-2. On November 30, 2021, the Court dismissed Plaintiffs' claims with prejudice for failure to state claims and entered judgment. Docket Nos. 85, 86.

Now pending are Plaintiffs motions for reconsideration and relief from judgment pursuant to Fed. R. Civ. P. 59(e), 60(b). Docket Nos. 87, 91. The Court finds this matter suitable for disposition without oral argument and **VACATES** the hearing set for February 10, 2022. For the reasons explained below, the Court **DENIES** Plaintiffs' motions.

## II.  BACKGROUND

The Court's November 30, 2021 order dismissing Plaintiffs' claims against Defendant Apple provides a full summary of Plaintiffs' allegations and the procedural history of this case. Docket No. 85 ("Order") at 2-8. Since then, Plaintiffs filed a notice of appeal of the Court's dismissal order to the Ninth Circuit Court of Appeals. Docket No. 88. The Ninth Circuit

1  subsequently dismissed Plaintiffs' appeal for failure to prosecute. Docket No. 99.

2  Now pending are Plaintiffs' motions for reconsideration of the Order and relief from
3  judgment pursuant to Fed. R. Civ. P. 59(e), 60(b). Docket Nos. 87 (motion by Plaintiffs
4  Coronavirus Reporter, Primary Productions and CALID), 91 (motion by Plaintiff Jeffrey D.
5  Isaacs).

### III.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a judgment may be altered or amended only where "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quotation marks omitted); *see also Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (noting that a party must overcome a "high hurdle" to obtain relief under Rule 59(e)). It "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quotation marks omitted). Relief under Federal Rule of Civil Procedure 60(b) similarly requires new evidence or extraordinary circumstances, and is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008).

### IV.     ANALYSIS

A.     Antitrust Claims (Counts 1-7)

The Court dismissed Plaintiffs' antitrust claims because they failed "to allege facts sufficient to meet two threshold conditions to proceed on any antitrust theory: (1) Plaintiffs fail to allege a plausible relevant market for their claims, and (2) Plaintiffs fail to allege antitrust injury." *See* Order at 9-27. Plaintiffs advance various arguments for why the Court should reconsider its dismissal of their antitrust claims, but none satisfy Plaintiffs' burden under Rule 59 or Rule 60.

United States District Court
Northern District of California

1. Deficiencies in Market Definitions

Plaintiffs contend that the Court erred in rejecting their "institutional app market" and/or certain downstream markets. Docket No. 87 ("Pls. Motion") at 5-10, 11-13.

Plaintiffs, however, rely on the exact arguments that they advanced in their briefing related to Apple's motion to dismiss and raised at the motion hearing. *See e.g.,* Docket No. 51 (Plaintiffs' Motion to Strike Apple's Motion to Dismiss") ¶ 15; Pls. Motion at 6 (quoting transcript of Plaintiff Isaacs' argument at hearing). The Court considered these very arguments as to the propriety of Plaintiff's proposed "institutional app market" and related downstream markets, analyzed them at length, and rejected them in its Order. *See* Order at 13-22. In moving for reconsideration, Plaintiffs fail to grapple with the Court's reasoning; they fail to present any citations to law at all, let alone cite new facts or legal authority casting doubt on the Court's decision. Plaintiffs *fail to cite a single case* supporting their argument that the Court erred in rejecting their proposed market definitions. *Cf.* Pls. Motion at 5-10.

More fundamentally, the Court rejected Plaintiffs' proposed "institutional app market" because it inappropriately described a one-sided market when the FAC itself conceded that the economic reality of the relevant market "is a two-sided market of transactions." Order at 21; *see also* FAC ¶ 12 ("The iOS Institutional App market is downstream from the single-product iOS Smartphone Enhanced Internet Access Device marketplace. Similar to the aforementioned national app market, the iOS App market is two-sided."); *Reilly v. Apple Inc.*, No. 21-cv-04601-EMC, Docket No. 41 at 13 n.3 (N.D. Cal. Jan. 7, 2022) (recognizing that the relevant market must be "two-sided" because the App Store "functions as an intermediary between the respective sides – app developers and end users"). A motion for reconsideration is not a vehicle through which Plaintiffs can revisit their own allegations.

Moreover, Plaintiffs have also already presented their arguments regarding their proposed derivative downstream "userbase access rights" and "application loader and notary stamp" markets. *See* Docket No. 55 at 7–8. Again, Plaintiffs ignore the Court's reasoning, fail to cite a single case casting doubt on the Court's decision; nor do they contest the Court's conclusion that these markets are divorced from economic reality because they do not acknowledge the two-sided

nature of relevant market. Order at 21; c*f.* Pls. Motion at 11-13.

Plaintiffs also fail to address independent grounds on which the Court dismissed the markets proposed in the FAC. For example, the Court concluded that Plaintiffs failed to define any market with "sufficient clarity." Order at 13. Moreover, Plaintiffs do not dispute the Court's conclusion that the FAC failed to allege facts that could support the single-brand markets they alleged. Order at 14–17. Thus, Plaintiffs' argument that the Court did not expressly address the FAC's attempt to incorporate the entirety of the complaint in the *Cameron* litigation, Pls. Motion at 10-11, fails as a ground for reconsideration because Plaintiffs do not explain how anything in the *Cameron* complaint would alter the Court's analysis of the deficiencies in Plaintiffs' proposed markets. Put differently, Plaintiffs are not entitled to reconsideration of the Court's rejection of their proposed market definitions because Plaintiffs fail to undermine the various "independent grounds upon which the Court's prior order rests."[1] *Ceja v. Scribner*, 2016 WL 4035665, at *6 (C.D. Cal. Mar. 3, 2016); *Complete Med. Sales Inc. v. Genoray Am., Inc.*, 2021 WL 6210646, at *5 (C.D. Cal. Dec. 3, 2021) (similar); *Phelps v. Hill*, 2013 WL 4482688, at *2 (N.D. Cal. Aug. 19, 2013) (similar).

Plaintiffs, thus, fail to show that the Court erred, let alone "clearly erred" as required under Rule 59(e), in its consideration of market definition and are not entitled to reconsideration on these grounds. *Sch. Dist. No. 1J*, 5 F.3d at 1263. Nor have Plaintiffs demonstrated new evidence or extraordinary circumstances warranting relief from judgment pursuant to Rule 60(b). *Castro*, 531 F.3d at 749.

### 2. Deficiencies in Allegations of Antitrust Injury

Plaintiffs disagree with the Court's rejection of their theories of antitrust injury. Order at 22-27. Plaintiffs do not purport to present new evidence or identify an intervening change in controlling law. Rather, they contend the Court's conclusion was clearly erroneous for two

---

[1] Plaintiff Isaacs' request for judicial notice of the Department of Justice's amicus filing in *Epic Games, Inc. v. Apple Inc.*, No. 21-16506 (9th Cir.), Docket No. 101, does not salvage Plaintiffs' failure to contest the Court's reasoning and independent bases for rejecting Plaintiffs' antitrust claims. The arguments the DOJ put forward in its amicus brief do not address the issues of market definition and antitrust injury on which the Court ruled in this case. The request for judicial notice is denied.

1  reasons.  Pls. Motion at 18.

2        First, Plaintiffs claim that documents they sought to incorporate into the FAC established
3  "that Apple's curation of apps raises anticompetition concerns." *Id.* at 20.  But Plaintiffs already
4  made this argument, Docket No. 55 at 11–12, which the Court considered and rejected because
5  Plaintiffs failed to "connect" the assertions in those reports "to their theory and allegations of
6  antitrust injury to the entire market." Order at 26.  Plaintiffs attempt to re-litigate the same
7  arguments it already advanced and that the Court already considered does not provide a basis for
8  reconsideration.  *See Exxon*, 554 U.S. at 485 n.5.

9        Second, Plaintiffs seek to identify, for the first time, an antitrust injury derived from
10  Apple's alleged "ranking suppression." Pls. Motion at 21–22.  Up until this point, Plaintiffs had
11  failed to respond to Apple's arguments explaining why no such injury was or could be alleged.
12  *See* Docket No. 64 at 14.  Plaintiffs' new argument—that "ranking suppression requires complex
13  game theory and statistical analysis of discovery data by experts," Pls. Motion at 22—has always
14  been available to them and is based on no new evidence or authority.  Because this argument
15  "could and should have been presented to the district court prior to the judgment," *Sanai v.*
16  *Kozinski*, 2021 WL 2383333, at *2 (N.D. Cal. June 10, 2021) (quotation marks omitted), Plaintiffs
17  entitled to reconsideration on this basis now.  *See Zimmerman v. City of Oakland*, 255 F.3d 734,
18  740 (9th Cir. 2001) ("A district court does not abuse its discretion when it disregards legal
19  arguments made for the first time on a motion to amend [under Rule 59(e)].").

20        Regardless, Plaintiffs' argument fares no better on the merits.  Despite Plaintiffs failure to
21  substantiate their theory of injury from ranking suppression in their opposition briefing during the
22  motion to dismiss stage, the Court considered, analyzed and rejected the FAC's allegations of
23  injury stemming from ranking suppression because such harm is the not the type "antitrust laws
24  were designed to protect."  Order at 25-26.  As this Court noted, for instance, Plaintiffs have not
25  alleged that Apple employed ranking suppression in order to favor its own competing product. *Id.*
26  at 26.  Plaintiffs, again, fail to cite any authority casting doubt on the Court's reasoning.

27        Plaintiffs have failed to meet their burden to persuade the Court to reconsider its decision
28  as to the sufficiency of Plaintiffs' allegations of antitrust injury.  The Court, thus, declines to

1  reconsider its dismissal of Plaintiffs antitrust claims.

2  B.   RICO and Fraud Claims (Counts 10-11)

3  Plaintiffs seek reconsideration of the Court's dismissal of their RICO and fraud claims, Order at 28-30, but their arguments amount to recitations of the allegations RICO and fraud in the FAC and a rehash of the arguments they advanced in their prior briefing, Pls. Motion at 22-25. Again, Plaintiffs fail to grapple with any of the Court's reasoning, describe the Court's alleged "manifest error," nor cite any legal authority in support of their request for reconsideration. *Cf. id.* The Court has no basis to reconsider its reasoning, grounded in the application of law to Plaintiffs' factual allegations, when Plaintiffs fail to provide any legal reasoning of their own, let alone refute the Court's analysis. *See Supreme Court of Cal. v. Kinney*, 2015 WL 3833321, at *3 (N.D. Cal. June 19, 2015) ("Mere disagreement with a court's order . . . does not provide a basis for reconsideration.").

C.   Dismissal with Prejudice

Finally, Plaintiffs request reconsideration of the Court's dismissal of the FAC with prejudice to allow two amendments: (1) new allegations concerning proposed relevant markets and (2) the addition of allegations regarding a newly reissued patent – both of which have been asserted in different litigation against Apple. *See* Pls. Motion at 13-17, Docket No. 91 ("Isaacs Motion"). Neither argument is persuasive.

First, Plaintiffs fail to explain why their new allegations of proposed relevant markets could not have been included when they filed the FAC, or, even as proposed amendments in opposition to Apple's motion to dismiss. *See Exxon,* 554 U.S. at 485 n.5 (Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

Second, there is no basis to vacate the judgment here to permit the addition of allegations regarding a newly reissued patent which has no connection to the claims that the Court dismissed. Indeed, the FAC never asserted a patent infringement claim; thus, the patent Plaintiff Isaacs references is not relevant to the claims that the Court considered and adjudicated. *See Belinda K. v. Baldovinos,* 2012 WL 3249481, at *3 (N.D. Cal. Aug. 7, 2012) ("a motion for reconsideration

6

under Rules 59(e) and 60(b) is an improper vehicle for bringing new claims not previously raised.").

Thus, Plaintiffs have failed to satisfy their burden demonstrate clear error, manifest injustice, relevant new evidence, or extraordinary circumstances to warrant reconsideration or relief from the Court's dismissal of the FAC with prejudice under Rules 59(e) or 60(b).  *Sch. Dist. No. 1J*, 5 F.3d at 1263; *Castro*, 531 F.3d at 749.

## V.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' motions for reconsideration and relief from judgment.

This order disposes of Docket Nos. 87 and 91.

**IT IS SO ORDERED**.

Dated: February 2, 2022

_____
EDWARD M. CHEN
United States District Judge