GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (SBN 212532)
  mperry@gibsondunn.com
RACHEL S. BRASS (SBN 219301)
  rbrass@gibsondunn.com
JULIAN W. KLEINBRODT (SBN 302085)
  jkleinbrodt@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: (415) 393-8200
Facsimile:   (415) 374-8429

*Attorneys for Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORONAVIRUS REPORTER, CALID INC., on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 3:21-CV-05567-EMC<br><br>**ADMINISTRATIVE MOTION TO RELATE ACTIONS**<br><br>Hon. Edward M. Chen |

Pursuant to Local Rule 3-12(b), Defendant Apple Inc. ("Apple") hereby moves this Court to relate *Coring Co. v. Apple Inc.*, No. 22-cv-1044 (N.D. Cal.), which was recently transferred to this District, to the above-captioned action, in which this Court granted Apple's motion to dismiss and entered judgment.[1] In an admitted attempt to avoid the preclusive effects of this Court's judgment, *Coring* was filed in the Southern District of Florida two weeks later, asserting substantively identical antitrust claims. Jeffrey Isaacs is the driving force behind both lawsuits. The Florida court transferred *Coring* to this District in part because of its relation and similarity to *Coronavirus Reporter*. Given that the cases involve the same real-parties-in-interest, the same subject matter, and this Court already is familiar with the substance of the allegations, the Court should relate the two cases.

## I. Background

This Court already has detailed the extensive history of *Coronavirus Reporter* and other related cases filed against Apple by Isaacs and entities with which he is affiliated. *Coronavirus Reporter v. Apple Inc.*, 2021 WL 5936910, at *5 (N.D. Cal. Nov. 30, 2021). In brief: Following initial filing and multiple amendments in the District of New Hampshire, as well as a voluntary dismissal by plaintiffs, *Coronavirus Reporter* ended up before this Court in July 2021. Dkt. 1. Meanwhile, a separate case filed in the District of Maine was soon transferred to this District and related to *Coronavirus Reporter*. Dkts. 40, 43. Plaintiffs in *Coronavirus Reporter* then amended yet again, this time adding Isaacs as a plaintiff. Dkt. 41 ("CR FAC"). This First Amended Complaint ("FAC") (which was in reality the seventh complaint filed by Isaacs and his entities against Apple) complained that the App Store business model, pursuant to which Apple reviews each app developed using Apple's proprietary software before permitting it to be distributed on the App Store, violates the Sherman Act. It also asserted fraud, contract, and RICO claims. CR FAC ¶¶ 270, 276, 297.

On November 30, 2021, after full briefing and a hearing—as well as ancillary motions

---

[1] Filing in this action is required under Local Rule 3-12(b). When an action is "related to an action which is *or was* pending in this District" (emphasis added), Local Rule 3-12(b) requires the filing of an administrative motion "in the lowest-numbered case." This action is the lowest-numbered related case, and it is of no moment that *Coronavirus Reporter* has reached final judgment, nor that it is currently on appeal. *See Harry v. KCG Am. LLC*, 2021 WL 3473938, at *1–2 (N.D. Cal. July 28, 2021) (noting that a party has "followed the Civil Local Rules to the letter" when it files in the lowest-numbered case, even where that case has reached final judgment).

Gibson, Dunn & Crutcher LLP

1  practice—this Court issued a 34-page order dismissing all claims with prejudice. *Coronavirus Reporter*, 2021 WL 5936910, at *1, 5. The Court found that plaintiffs had not adequately alleged either a relevant market or antitrust injury—both essential elements of a private antitrust claim. *Id.* at *3, *6. The Court also dismissed the remaining claims. *Id.* at *15–18. The Court further stated that "it would be futile to grant leave to Plaintiffs to bring an *eighth* amended complaint," and therefore "dismisse[d] the claims with prejudice." *Id.* at *18.

Even while *Coronavirus Reporter* remained pending, Isaacs began (on September 20, 2021) to threaten Apple with additional litigation, including a "patent infringement claim." *Coring* Dkt. 25-16 at 1. In subsequent emails, Isaacs' counsel Keith Mathews confirmed that Isaacs intended to "file[] a patent infringement claim against Apple in Florida." *Coring* Dkt. 25-16. And on December 8—just one week after this Court's final judgment in *Coronavirus Reporter*—Mathews and Isaacs each reiterated in separate emails that they would sue Apple for "the patent central to the Florida case" as well as "RICO [and] antitrust." *Coring* Dkt. 25-18, at 1, 3.

The *Coring* lawsuit was filed against Apple in the Southern District of Florida on December 15, 2021. *Coring* Dkt. 1. It was filed on behalf of "The Coring Company"—an entity that did not exist at the time. *Coring* Dkt. 35-5. Once again, Isaacs was the real-party-in-interest. *Coring* Dkt. 25 at 6–7; *Coring* Dkt. 35 at 3; *see also Coring* Dkt. 34 at 12 (Coring conceding that its patent claims are "Isaacs' patent claims"). Following *Coring*'s filing, the *Coronavirus Reporter* plaintiffs filed two motions for reconsideration that make clear Isaacs' centrality to *Coring* and the relation between the two cases. *See, e.g.*, Dkt. 91 at 56 (Isaacs' motion equating *Coring* patent claims with his own claims); Dkt. 95 at 1–2 (reply brief explaining same). This Court denied both of those motions. Dkt. 103.

Beyond the fact that the underlying real-parties-in-interest are the same in both cases, the claims asserted in *Coring* substantially overlap with those adjudicated in *Coronavirus Reporter*. For example, Coring complains that "Apple has used exclusionary design and restraints of trade to substantially foreclose potential competition from alternative means to download apps," and that the DPLA is the vehicle through which Apple effects its allegedly anticompetitive policies. *Coring* Compl. ¶¶ 72, 74; *see* CR FAC ¶¶ 126, 185–88, 198–200. Coring likewise reiterates the theory from *Coronavirus Reporter* that Apple's "ability to totally censor and control the apps that may be used on iOS device[s]"

is unlawful. *Coring* Compl. ¶ 102; *see* CR FAC ¶¶ 9, 127, 199. Indeed, Coring admits that its case was designed to evade "Ninth Circuit law" and retest Isaacs' theories in what it believed was a more favorable forum. *Coring* Compl. ¶¶ 97, 171.

Apple moved to transfer *Coring* to this Court because, among other reasons, some or all of the claims asserted are precluded by the final judgment in *Coronavirus Reporter*, and this Court can best make a fully informed decision about those questions of res judicata. *See Coring* Dkt. 25 at 9–10. The Florida court agreed, noting that "the existence of a previous Northern District of California action involving Plaintiff's principal [Isaacs] and similar claims . . . support[s] transfer." *Coring* Dkt. 36 at 5. The case was ordered transferred, and transfer effected, on February 18, 2022. *Coring* Dkts. 36, 37.

**II. *Coring* Is Related To *Coronavirus Reporter*, Recently Dismissed By This Court.**

Cases are related when: "(1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a). *Coring* and *Coronavirus Reporter* are related under this standard. In substance, the operative complaints are nearly identical, with overlapping allegations, classes, and theories of liability. The parties are likewise identical—Isaacs is the real-party-in-interest in both, suing Apple as defendant. The named plaintiffs in both actions are also represented by the same counsel. Although that counsel has previously told this Court that the issues in *Coring* are related to this case, Dkt. 95 at 3–4, he has now declined to "assent" to or "refus[e]" relation.[2] *See* Decl. of Rachel S. Brass ¶ 2. There is no plausible reason why these actions should not be related.

***1. The actions concern the same parties.***

*Coring* and *Coronavirus Reporter* are both helmed by Isaacs. Here, Isaacs presented argument purportedly pro se at the motion-to-dismiss hearing, Dkt. 77, and either controls, developed, or

---

[2] Although there is no requirement to meet-and-confer before filing a related cases motion, counsel for plaintiff requested that Apple include the following text in its motion:

> Coring has requested a Meet & Confer with Apple on this matter, and Apple has refused to do so, despite the aforementioned substantive issues that warranted discussion. Coring offered to provide evidence that the App Place was developed after closure of the Coronavirus Reporter case. As such, Coring's position is this motion is brought in disregard of local rules and FRCP.

managed communications with Apple for, each of the apps at issue, *see* Dkt. 63, Ex. 1 at 2 (explaining Isaacs' relationship to the apps); *see also Coring* Dkt. 25 at 4–5 (same). In *Coring*, the plaintiff has admitted that its patent claims are Isaacs' claims, *Coring* Dkt. 34 ¶ 12, and promises to soon unmask itself entirely by inserting Isaacs as a named plaintiff, *Coring* Dkt. 34 ¶ 9 n.1. Isaacs also has emailed Apple's counsel directly about Coring. *Coring* Dkt. 25-18 at 1–2. Moreover, filings in each case make allegations about the parties in the other action. *See, e.g.*, Dkt. 97 (unsuccessfully seeking sanctions against Apple for filing in *Coring*); *Coring* Compl. ¶ 96 (discussing *Coronavirus Reporter*); *Coring* Dkt. 26 at 3 (contending that proceedings in *Coronavirus Reporter* are "highly relevant" to *Coring*). The parties are, in reality, identical.[3]

### 2. The actions concern substantially the same transactions or events.

Both actions challenge the App Store and its policies under the Sherman Act. Coring's two alleged markets, the "Smartphone App Distribution" and "Smartphone Apps" markets, *Coring* Compl. at 39, were each asserted and rejected in *Coronavirus Reporter*. *See* CR FAC ¶¶ 11, 121, 209; *Coronavirus Reporter*, 2021 WL 5936910, at *3, *6–13. Coring also asserts substantively cloned claims based on these overlapping markets: Monopoly maintenance of Apple's control of the App Store under § 2 of the Sherman Act, denial of access to the same "essential facility" of iOS and its underlying code, unreasonable restraint of trade based on the same provisions of the DPLA, tying of iOS devices to the App Store under § 1 of the Sherman Act, and so on. *Compare Coring* Compl. ¶¶ 118–174, *with* CR FAC ¶¶ 160–240. In essence, "each case stems from the use of the exact same technology and the economics regarding that same technology." Order, ECF No. 156 at 1, *Pepper v. Apple Inc.*, No. 11-cv-6714-YGR (N.D. Cal. June 27, 2019).

---

[3] The Plaintiffs in *Coring* and *Coronavirus Reporter* have obscured the question of ownership of the various apps by failing to file the corporate disclosure statements required in each action. *See* N.D. Cal. Civ. L.R. 3-15(a) (requiring disclosure statement to be filed upon first appearance); *see also* Fed. R. Civ. P. 7.1 (same). Regardless, even taking the named plaintiffs' identities at face value, they are all similarly positioned app developers seeking to challenge Apple's conduct relating to its app review process and associated policies. Indeed, Coring falls within the class proposed in *Coronavirus Reporter* as a "U.S. iOS developer[] of any app that was excluded" from the App Store. CR FAC ¶ 149. These "overlapping classes," *In re Facebook Privacy Litig.*, 2010 WL 5387616, at *1 (N.D. Cal. Dec. 21, 2010), alone merit relation. *Cf. Zakinov v. Ripple Labs, Inc.*, 2020 WL 2768966, at *2 (N.D. Cal. May 28, 2020) (noting that actions concern the same parties for relation purposes where the plaintiff in one action would "fall within the putative class" in another action).

Coring's patent claim likewise is part of the litigation record in *Coronavirus Reporter*: Isaacs' unsuccessful motion for reconsideration sought to amend the FAC *to insert the patent claim*. Dkt. 91 at 5–6. And Coring has asserted that "Isaacs' patent claims are intertwined with" the "Sherman and RICO claims" that have already been dismissed with prejudice in this case. *Coring* Dkt. 31 ¶ 12.

Coring's counsel has asserted in correspondence that the App Place app was developed in the two-week period after this Court's *Coronavirus Reporter* judgment, and that "[t]here is no way that the cases relate [because] one was dismissed before the other was fully conceived." Brass Decl. Ex. A, at 2. Setting plausibility aside, these assertions are no barrier to relating these two lawsuits. Cases routinely are related when the underlying issues are the same, even if some allegations differ. *See, e.g.*, Order, ECF No. 24, *Epic Games, Inc. v. Apple Inc.*, No. 20-cv-5640 (N.D. Cal. Aug. 19, 2020) (relating single-plaintiff App Store case arising out of events in August 2020 to class-action App Store case); *see also JaM Cellars, Inc. v. Wine Grp. LLC*, 2020 WL 2322992, at *1 (N.D. Cal. May 11, 2020) (relating "cases involv[ing] the same parties and the same underlying legal claims," even where "the underlying products, marks, and some portion of evidence differ").

***3. Relating the actions will promote judicial economy and reduce the risk of conflicting results.***

Because the complaints in these two actions are substantively nearly identical, there is an obvious risk of an "unduly burdensome duplication of labor and expense" that would occur if the cases are "conducted before different Judges." Civ. L.R. 3-12(a)(2). Requiring different judges to analyze and oversee near-identical cases would be a tremendous waste of the resources of the parties and the Court. It also would present a serious risk of inconsistent or "conflicting results," *id.*, with respect to the duplicative legal issues posed by each complaint. Finally, relation is particularly warranted because, as the Florida court recognized in transferring the case to this District, *Coring* presents issues of res judicata relating to this Court's November 30, 2021 judgment that are best resolved by this Court. *See Coring* Dkt. 36 at 4. Apple will present those issues to the Court for resolution in due course.

**III. Conclusion**

For the foregoing reasons, this Motion should be granted and the cases deemed related under Rule 3-12.

Dated: February 25, 2022

Respectfully submitted,

By:    */s/ Rachel S. Brass*
        Rachel S. Brass

GIBSON, DUNN & CRUTCHER LLP
MARK A. PERRY (SBN 212532)
 mperry@gibsondunn.com
RACHEL S. BRASS (SBN 219301)
 rbrass@gibsondunn.com
JULIAN W. KLEINBRODT (SBN 302085)
 jkleinbrodt@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: (415) 393-8200
Facsimile: (415) 374-8429

*Attorneys for Apple Inc.*