UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE PLAY STORE ANTITRUST LITIGATION | MDL Case No. <u>21-md-02981-JD</u><br>Member Case No. 20-cv-05671-JD<br><br>**VERDICT FORM** |

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your verdict must be unanimous.

We, the jury, return these answers as our verdict in this case:

### Monopolization (Sherman Act Section 2)

**Question No. 1:**

Did Epic prove, by a preponderance of the evidence and in accordance with the instructions given to you, the existence of a relevant antitrust market?

<u>X</u> YES  \_\_\_\_ NO

**If you answered "Yes" to Question 1 then continue to Question 2.**

**If you answered "No" to Question 1 then continue to Question 6.**

2

**Question No. 2:**

If you answered "yes" to Question 1, please specify each relevant product market and associated geographic market that Epic proved:

| Relevant Product Market | Relevant Geographic Market |
|---|---|
| 1) Android app distribution market | Worldwide excluding China |
| 2) Android in-app billing services for digital goods and services transactions | Worldwide excluding China |

**Continue to Question 3.**

**Question No. 3:**

Did Epic prove, by a preponderance of the evidence and in accordance with the instructions given to you, that Google willfully acquired or maintained monopoly power by engaging in anticompetitive conduct in any market that you specified in response to Question 2?

　　　X　YES　　　　　NO

　　If you answered "Yes" to Question 3 then continue to Question 4.

　　If you answered "No" to Question 3 then continue to Question 6.

3

**Question No. 4:**

If you answered "yes" to Question 3, please specify each relevant product market and associated geographic market for your answer:

| Relevant Product Market | Relevant Geographic Market |
|---|---|
| 1) Android app distribution market | Worldwide excluding China |
| 2) Android in-app billing services for digital goods and services transactions | Worldwide excluding China |

**Continue to Question 5.**

**Question No. 5:**

If you answered "yes" to Question 3, did Epic prove, by a preponderance of the evidence and in accordance with the instructions given to you, that it was injured as a result of Google's violation of the antitrust laws?

    X YES     ____ NO

**Continue to Question 6.**

4

**Unlawful Restraint of Trade (Sherman Act Section 1 and California State Law)**

**Question No. 6:**

Did Epic prove, by a preponderance of the evidence and in accordance with the instructions given to you, that Google entered into one or more agreements that unreasonably restrained trade in a relevant antitrust market?

  X  YES  ____ NO

If you answered "Yes" to Question 6 then continue to Question 7.

If you answered "No" to Question 6 then continue to Question 10.

**Question No. 7:**

If you answered "yes" to Question 6, which of these agreements did you find to be unreasonable restraint(s) of trade in accordance with the instructions given to you?

  X   DDA agreements

  X   Agreements with Google's alleged competitors or potential competitors under Project Hug or Games Velocity Program

  X   Agreements with OEMs that sell mobile devices (including MADA and RSA agreements)

**Continue to Question 8.**

5

**Question No. 8:**

If you answered "yes" to Question 6, please specify each relevant product market and associated geographic market for your answer:

| Relevant Product Market | Relevant Geographic Market |
|---|---|
| 1) Android app distribution market | Worldwide excluding China |
| 2) Android in-app billing services for digital goods and services transactions | Worldwide excluding China |

**Continue to Question 9.**

**Question No. 9:**

If you answered "yes" to Question 6, did Epic prove, by a preponderance of the evidence and in accordance with the instructions given to you, that it was injured as a result of Google's violation of the antitrust laws?

      X\_YES    \_\_\_\_NO

**Continue to Question 10.**

6

### Tying (Sherman Act Section 1 and California State Law)

**Question No. 10:**

Did Epic prove, by a preponderance of the evidence and in accordance with the instructions given to you, that Google unlawfully tied the use of the Google Play Store to the use of Google Play Billing?

    ✗ YES      ___ NO

**If you answered "Yes" to Question 10 then continue to Question 11.**

**If you answered "No" to Question 10 then go to the bottom of the form.**

**Question No. 11:**

If you answered "yes" to Question 10, did Epic prove, by a preponderance of the evidence and in accordance with the instructions given to you, that it was injured as a result of Google's violation of the antitrust laws?

    ✗ YES      ___ NO

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the courtroom deputy that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

DATED: 11 Dec 2023

Signed:

_____
Presiding Juror

7