RACHEL S. BRASS, SBN 219301
    RBrass@gibsondunn.com
JULIAN W. KLEINBRODT, SBN 302085
    JKleinbrodt@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA  94111-3715
Telephone:    415.393.8200
Facsimile:    415.393.8306

*Attorneys for Defendant*
*APPLE INC.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CORONAVIRUS REPORTER, CALID INC., PRIMARY PRODUCTIONS LLC, DR. JEFFREY D. ISAACS, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., FEDERAL TRADE COMMISSION<br><br>Defendants. | CASE NO. 3:21-CV-05567-EMC<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF JEFFREY ISAACS' MOTION FOR RELIEF FROM JUDGMENT**<br><br>Date:       May 23, 2024<br>Time:       1:30 p.m.<br>Location:  San Francisco Courthouse, Courtroom 5 – 17th Fl.<br>Judge:      Hon. Edward M. Chen |

Gibson, Dunn &
Crutcher LLP

---

DEFENDANT APPLE INC.'S OPPOSITION TO ISAACS' MOTION FOR RELIEF FROM JUDGMENT
CASE NO. 3:21-CV-05567-EMC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

**TABLE OF CONTENTS**

<u>**Page**</u>

INTRODUCTION.................................................................................................................1

BACKGROUND.................................................................................................................2

LEGAL STANDARD .........................................................................................................4

ARGUMENT .....................................................................................................................4

I. Isaacs' Rule 60 Motion Is Barred By Law Of The Case ..................................4

II. Isaacs Has Not Met His Burden Under Rule 60 ............................................6

A. There Is No Right to Relief Under Rule 60(b)(5). ...................................6

B. There Is No Right to Relief Under Rule 60(b)(6). ...................................8

III. There Is No Basis For An Evidentiary Hearing Or Discovery ...................13

CONCLUSION ................................................................................................................14

DEFENDANT APPLE INC.'S OPPOSITION TO ISAACS' MOTION FOR RELIEF FROM JUDGMENT
CASE NO. 3:21-CV-05567-EMC

# TABLE OF AUTHORITIES

**Cases**

**Page(s)**

*Aquino v. Cnty. of Monterey Sheriff's Dep't*,
  2018 WL 3845718 (N.D. Cal. Aug. 12, 2018)...........................................................................5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).....................................................................................................................14

*Biancur v. Hickey*,
  221 F. App'x 546 (9th Cir. 2007) ............................................................................................5

*Cascade Health Sols. v. PeaceHealth*,
  515 F.3d 883 (9th Cir. 2008) ....................................................................................................13

*Coltec Indus., Inc. v. Hobgood*,
  280 F.3d 262 (3rd Cir. 2002) ....................................................................................................7

*Comfort v. Lynn Sch. Comm.*,
  560 F.3d 22 (1st Cir. 2009) .......................................................................................................7

*Coronavirus Rep. v. Apple Inc.*,
  85 F.4th 948 (9th Cir. 2023).............................................................1, 3, 4, 8, 11, 12, 13

*Edmondson v. RCI Hosp. Holdings, Inc.*,
  2021 WL 4499031 (S.D.N.Y. Oct. 1, 2021) ................................................................ 10, 11

*Eichman v. Fotomat Corp.*,
  880 F.2d 149 (9th Cir. 1989) ....................................................................................................5

*Epic Games, Inc. v. Apple Inc.*,
  559 F. Supp. 3d 898 (N.D. Cal. 2021).................................................................................2

*Epic Games, Inc. v. Apple, Inc.*,
  67 F.4th 946 (9th Cir. 2023)......................................................................................................8

*Fantasyland Video, Inc. v. Cty. of San Diego*,
  505 F.3d 996 (9th Cir. 2007)....................................................................................................7

*Fed. Trade Comm'n v. Hewitt*,
  68 F.4th 461 (9th Cir. 2023)....................................................................................................11

*Gen. Ins. Co. of Am. v. Corp. Control, Inc.*,
  2005 WL 1592918 (E.D. Cal. June 27, 2005)....................................................................8

*Gibbs v. Maxwell House*,
  738 F.2d 1153 (11th Cir. 1984) ..............................................................................................7

*Godecke v. Kinetic Concepts, Inc.*,
  2016 WL 11673222 (C.D. Cal. Nov. 16, 2016)....................................................................5

*Harris v. Vector Mktg. Corp.*,
  2010 WL 11484769 (N.D. Cal. Aug. 17, 2010)................................................................11

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S OPPOSITION TO ISAACS' MOTION FOR RELIEF FROM JUDGMENT
CASE NO. 3:24-CV-00476-RS

*Harvest v. Castro*,
    531 F.3d 737 (9th Cir. 2008) ....................................................................................... 4

*Hiramanek v. Clark*,
    2016 WL 11033962 (N.D. Cal. Mar. 29, 2016) ........................................................... 4

*Horne v. Flores*,
    557 U.S. 433 (2009) .............................................................................................. 8, 13

*Illinois Tool Works Inc. v. Independent Ink, Inc.*,
    547 U.S. 28 (2006) ..................................................................................................... 13

*In re International Fibercom, Inc.*,
    503 F.3d 933 (9th Cir. 2007) ....................................................................................... 8

*Isaacs v. Arizona Bd. of Regents*,
    608 F. App'x 70 (3d Cir. 2015) ............................................................................ 11, 12

*Johnston v. Cigna Corp.*,
    14 F.3d 486 (10th Cir. 1993) ..................................................................................... 10

*Karam v. Corinthian Colleges, Inc.*,
    2015 WL 13593539 (C.D. Cal. Mar. 4, 2015) ............................................................ 6

*Knopp v. Life Ins. Co. of N. Am.*,
    2009 WL 5215395 (N.D. Cal. Dec. 28, 2009) ........................................................... 11

*Kreidler v. Pixler*,
    2010 WL 1536842 (W.D. Wash. Apr. 15, 2010) ........................................................ 9

*LaShawn A. v. Barry*,
    87 F.3d 1389 (D.C. Cir. 1996) (en banc) .................................................................... 5

*Latshaw v. Trainer Wortham & Co.*,
    452 F.3d 1097 (9th Cir. 2006) ................................................................................. 4, 8

*Maraziti v. Thorpe*,
    52 F.3d 252 (9th Cir. 1995) ..................................................................................... 6, 7

*Martinez v. Allstate Ins. Co.*,
    2001 WL 37124841 (D.N.M. Aug. 5, 2001) .............................................................. 9

*Martinez v. Shinn*,
    33 F.4th 1254, 1263 (9th Cir. 2022) ........................................................................... 9

*McKinney v. Boyle*,
    404 F.2d 632 (9th Cir. 1968) ...................................................................................... 8

*Miller v. Norton*,
    2008 WL 1902233 (E.D.N.Y. Apr. 28, 2008) ............................................................ 8

*Money Store, Inc. v. Harriscorp Fin., Inc.*,
    885 F.2d 369 (7th Cir. 1989) ...................................................................................... 8

iv

*Morse-Starrett Prod. Co. v. Steccone*,
    205 F.2d 244 (9th Cir. 1953) ............................................................................ 4, 13

*Newcal Industries Inc. v. Ikon Office Solution*,
    513 F.3d 1039 (9th Cir. 2008) ................................................................................ 8

*In re Optionable Sec. Litig.*,
    2009 WL 1653552 (S.D.N.Y. June 15, 2009) ........................................................ 6

*Optional Capital, Inc. v. DAS Corp.*,
    66 F.4th 1188 (9th Cir. 2023) ................................................................................. 5

*Polites v. United States*,
    364 U.S. 426 (1960) ....................................................................................... 1, 8, 9

*Reese v. McGraw-Hill Companies, Inc.*,
    293 F.R.D. 617 (S.D.N.Y. 2013) ............................................................................ 6

*Rivas Rosales v. Barr*,
    2020 WL 1505682 (N.D. Cal. Mar. 30, 2020) ...................................................... 11

*Rufo v. Inmates of Suffolk County Jail*,
    502 U.S. 367 (1992) ................................................................................................ 7

*Selkridge v. United of Omaha Life Ins. Co.*,
    360 F.3d 155 (3d Cir. 2004) .................................................................................. 13

*Shoom, Inc. v. Eletronic Imaging Systems of America, Inc.*,
    2006 WL 1529983 (N.D. Cal. May 31, 2006) ...................................................... 14

*Tapper v. Hearn*,
    833 F.3d 166 (2d Cir. 2016) .................................................................................... 7

*Twelve John Does v. D.C.*,
    841 F.2d 1133 (D.C. Cir. 1988) .............................................................................. 7

*United Airlines, Inc. v. Brien*,
    588 F.3d 158 (2d Cir. 2009) .................................................................................... 9

*United States v. Bermudez*,
    2014 WL 2111496 (N.D. Cal. May 20, 2014) ...................................................... 13

*United States v. Buenrostro*,
    638 F.3d 720 (9th Cir. 2011) .................................................................................. 4

*United States v. Garcia-Beltran*,
    443 F.3d 1126 (9th Cir. 2006) ................................................................................ 5

*United States v. Jallali*,
    587 F. App'x 583 (11th Cir. 2014) ......................................................................... 5

*United States v. Montalvo*,
    2009 WL 2591356 (E.D. Cal. Aug. 21, 2009) ....................................................... 9

Gibson, Dunn &
Crutcher LLP

v

*United States v. Pacific Gas and Electric Co.*,
2016 WL 3255069 (N.D. Cal. June 14, 2016) ............................................................. 13

*In re Zermeno-Gomez*,
868 F.3d 1048 (9th Cir. 2017) ..................................................................................... 6

**Rules**

Fed. R. Civ. P. 60 ..........................................................................1, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13

N.D. Cal. L.R. Civ. 7-2(b) ......................................................................................................4

Gibson, Dunn &
Crutcher LLP

DEFENDANT APPLE INC.'S OPPOSITION TO ISAACS' MOTION FOR RELIEF FROM JUDGMENT
CASE NO. 3:24-CV-00476-RS

**INTRODUCTION**

The Court dismissed this case with prejudice, denied two requests for preliminary injunctions, and refused reconsideration.  Dkts. 85 & 103.  The Ninth Circuit affirmed.  *Coronavirus Rep. v. Apple Inc.*, 85 F.4th 948, 953 (9th Cir. 2023).  That Plaintiffs did "not adequately define[] the relevant market"—"[a] threshold step in any antitrust case"—and also "did not demonstrate that [Apple] undertook anticompetitive conduct" is law of the case.  *Id.* at 955–57.  So is Plaintiffs' failure to state a claim under any of the myriad other theories in their Complaint.  *Id.* at 957–58.  Yet Plaintiff Jeffrey Isaacs ("Isaacs") returns to this Court under the misimpression that the merits of his allegations remain an open question.  They are not: Federal Rule of Civil Procedure 60 does not allow Isaacs to relitigate his failed arguments yet again.  Isaacs' extraordinary request—to vacate an already-affirmed judgment—should be rejected.

First, Isaacs' arguments are foreclosed by law of the case.  The Ninth Circuit held that the Complaint did not "state *any* claim."  *Coronavirus Rep.*, 85 F.4th at 959 (emphasis added).  That decision was based on the allegations in Plaintiffs' Complaint, none of which can be changed by developments in the world at large.  All of Isaacs' arguments—which reduce to an attempt to reargue that he articulated a valid antitrust claim—run afoul of the Ninth Circuit's mandate.  The Court should deny Isaacs' motion for this reason alone.

Second, Isaacs does not meet the requirements for relief under Federal Rules of Civil Procedure 60(b)(5) or 60(b)(6).  As to Rule 60(b)(5), the Court's judgment was not, as required, prospective; there has been no change in controlling law; and Isaacs identifies no inequity in maintaining a judgment that has already been affirmed.  So too under Rule 60(b)(6).  None of the "developments" to which Isaacs points, Mot. 1—from European legislation to ongoing district-court proceedings in different antitrust cases—affect (or even could affect) the "governing law" in this case.  *Polites v. United States*, 364 U.S. 426, 433 (1960).  And Isaacs' false accusations of discrimination as well as his other attempts to relitigate the merits of his tying claim fall far short of demonstrating the extraordinary circumstances needed to disturb a final judgment.  *Id.*

Nor is there any basis to indulge Isaacs' requests for discovery and an evidentiary hearing.  This case failed on the pleadings, and no amount of testimony can change that.  Plaintiffs had their days in

court and lost.  The Court should summarily deny Isaacs' motion.

## BACKGROUND

On September 6, 2021, Plaintiffs filed the operative complaint (Dkt. 41)—the seventh iteration of their suit against Apple.  Dkt. 85 at 8.  Plaintiffs alleged that they were the developers of five apps. Dkt. 41 ¶ 8.  They complained that Apple had rejected two of their apps pursuant to its App Review Guidelines, which address "issues of safety, privacy, performance, and reliability" and are "used in appropriate ways for appropriate purposes."  *Epic Games, Inc. v. Apple Inc.*, 559 F. Supp. 3d 898, 949 (N.D. Cal. 2021); *see also* Dkt. 85 at 2–4 (summarizing Plaintiffs' allegations).  Plaintiffs claimed their other apps had been "suppressed" on the App Store because Isaacs had a patent infringed by Apple's supposed "crony"—even though Plaintiffs conceded the patent had been invalidated (and, moreover, that Plaintiffs had abandoned at least one of their "suppressed" apps).  Dkt. 85 at 3–4.  Plaintiffs asserted eleven causes of action against Apple.  *Id.* at 6–7; *accord* Dkt. 41 ¶¶ 160–323.  Their seven antitrust claims turned on a counterfactual theory that Apple somehow restrained or monopolized "at least fifteen different relevant markets" by "'purchas[ing]' apps from developers—by approving them through the App Review process—and then resell[ing] them to consumers on its own terms."  Dkt. 85 at 4–5.  Plaintiffs also advanced two contract claims, a RICO claim, and a fraud claim.  *Id.* at 6–7; *accord* Dkt. 41 ¶¶ 160–323.

Although the case never progressed past the pleadings, Plaintiffs polluted the docket with meritless requests.  Plaintiffs filed two motions for preliminary injunctions without a shred of evidence. Dkts. 20 & 55.  Plaintiffs responded to Apple's motion to dismiss with a motion to strike, Dkt. 51, even though "[t]here is no basis for a party to strike a motion," Dkt. 85 at 31.  Plaintiffs filed a "procedurally improper attempt to amend their complaint" that was "a nullity because Plaintiffs did not notice a motion for such relief, much less compl[y] with the Court's procedures for doing so."  *Id.*  Plaintiffs also propounded baseless discovery requests, including serving improper state-court subpoenas and "notices to appear" upon Apple employees for a hearing at which the Court had not authorized live testimony.  *See* Dkt. 74.  Although all of these efforts were meritless and properly rejected, they consumed significant resources.  *See, e.g.*, Dkts. 32, 62, 72, 76 (extensive briefing required to address some of Plaintiffs' baseless requests).

On November 30, 2021, the Court dismissed Plaintiffs' Complaint with prejudice in a detailed, 34-page order.  Dkt. 85.  The Court dismissed Plaintiffs' antitrust claims on two threshold grounds. First, there were at least three independent problems with Plaintiffs' attempt to define the relevant markets: The "fifteen different markets" were confused, overlapping, and ill-defined, *id.* at 10–13; Plaintiffs also "fail[ed] to plead facts . . . under the standard rules for *any* market," including, as to their five alleged single-brand markets, failing to "allege[] facts required to justify defining these markets as *single-brand* markets," *id.* at 14–20; and "the markets Plaintiffs allege[d] fail[ed] to grapple with their own admission and economic reality that the 'iOS App market is two-sided,'" *id.* at 20–22. Second, Plaintiffs failed to allege antitrust injury—advancing a "theory of injury … that *their* apps were rejected from the App Store or subjected to alleged ranking suppression," without "harm[ing] competition *in the market* beyond Plaintiffs' conclusory allegations." *Id.* at 22.  The Court found that Plaintiffs' contract, RICO, and fraud claims also failed on multiple grounds. *Id.* at 27–30.  The Court then denied Plaintiffs' motion for reconsideration and Isaacs' motion for sanctions.  *See* Dkts. 100 & 103.

The Ninth Circuit affirmed this Court's analysis and disposition on all counts.  *Coronavirus Rep.*, 85 F.4th at 954–959.  In a unanimous published opinion, the court held that Plaintiffs' antitrust claims faltered at the "threshold step" of market definition for the same three reasons this Court found: The "scattergun" markets were inadequately defined, the Complaint failed to support the alleged markets with sufficient factual allegations, and Plaintiffs "fail[ed] to properly allege a relevant [two-sided] market . . . to the extent that [they] attempt[ed]" to do so.  *Id.* at 956–57.  The Ninth Circuit further affirmed the Court's alternative holding that Plaintiffs "did not demonstrate that [Apple] undertook anticompetitive conduct in that market sufficient to harm the competitive process as a whole."  *Id.* at 957.  The court also agreed that Plaintiffs' other claims were meritless, *id.* at 957–58, and affirmed the denial of leave to amend since Plaintiffs had been "given a total of seven opportunities to amend similar complaints across jurisdictions and between various permutations of plaintiffs, but still failed to state their claims here adequately," *id.* at 958.  The panel then denied Plaintiffs' petition for rehearing.  *Coronavirus Rep. et al. v. Apple Inc.*, 22-15166 (9th Cir.) Dkt. 80.

Plaintiffs next petitioned the Supreme Court.  They first applied for a writ of injunction, asking

1    the Supreme Court to issue the preliminary injunction this Court rejected.  *See* Decl. of Julian

2    Kleinbrodt Ex. 1.  Justice Kagan and then the full Court rejected that application.  *Id.*  Plaintiffs have

3    now sought a writ of certiorari.  *See* Dkt. 117.  Although that petition remains pending, Isaacs filed this

4    26-page motion—seeking to vacate the already-affirmed judgment under Federal Rule of Civil

5    Procedure 60(b)(5) and 60(b)(6)—on April 12, 2024.  *See* Mot. 4–5.[1]

6                                                **LEGAL STANDARD**

7                "The procedure provided by Rule 60(b) is not a substitute for an appeal."  *Morse-Starrett Prod.*

8    *Co. v. Steccone*, 205 F.2d 244, 249 (9th Cir. 1953).  Because it disturbs "the interest of preserving the

9    finality of judgments," "[l]iberal application [of Rule 60] is not encouraged."  *Latshaw v. Trainer*

10   *Wortham & Co.*, 452 F.3d 1097, 1104 (9th Cir. 2006).  The rule is instead "used sparingly."  *Harvest*

11   *v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008).  Under Rule 60(b)(5), a court may vacate a judgment only

12   if it "has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed

13   or vacated; or applying it prospectively is no longer equitable."  Fed. R. Civ. P. 60(b)(5).  Rule 60(b)(6)

14   applies only in the "rare case in which extraordinary circumstances" justify relief.  *United States v.*

15   *Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (citing Fed. R. Civ. P. 60(b)(6)).

16                                                **ARGUMENT**

17               Isaacs' overlength motion violates Local Rule 7-2(b) and should be denied on that basis alone.

18   *See Hiramanek v. Clark*, 2016 WL 11033962, at *2 (N.D. Cal. Mar. 29, 2016).  His arguments also fail

19   on the merits.  First, Isaacs' request is barred by the law of the case.  Second, Isaacs does not approach

20   the extraordinary proof required for relief under Rules 60(b)(5) or 60(b)(6).  Nor is there any basis for

21   further discovery or an evidentiary hearing, both of which would only be used to prolong these

22   proceedings further.

23   **I.    ISAACS' RULE 60 MOTION IS BARRED BY LAW OF THE CASE**

24               The Court found that Plaintiffs' Complaint failed to state a claim as a matter of law.  Dkt. 85 at

25   1.  The Ninth Circuit affirmed that conclusion, agreeing with this Court that each of Plaintiffs' claims

26   failed on the pleadings and amendment would be futile.  *Coronavirus Rep.*, 85 F.4th at 954–959.  The

27   Ninth Circuit's decision is final, its mandate issued.  Dkt. 116.  Accordingly, Plaintiffs' inability to

28

Gibson, Dunn &
Crutcher LLP

---

[1] Plaintiffs Coronavirus Reporter, CALID, and Primary Productions did not join Isaacs' motion.

DEFENDANT APPLE INC.'S OPPOSITION TO ISAACS' MOTION FOR RELIEF FROM JUDGMENT
CASE NO. 3:24-CV-00476-RS

1   allege a viable claim is law of the case that this Court "on remand . . . is bound to follow." *United*

2   *States v. Garcia-Beltran*, 443 F.3d 1126, 1129 (9th Cir. 2006); *see also Eichman v. Fotomat Corp.*,

3   880 F.2d 149, 157 (9th Cir. 1989) (a court of appeal's "explicit decisions as well as those issues decided

4   by necessary implications" are law of the case and "must be followed in all subsequent proceedings in

5   the same case").

6       Isaacs' motion runs afoul of this "time-honored doctrine[]." *LaShawn A. v. Barry*, 87 F.3d

7   1389, 1393 (D.C. Cir. 1996) (en banc).  Here, he seeks to vacate a judgment entered because his

8   *allegations* failed to state a claim as a matter of law.  *See* Dkt. 85 at 1.  The sufficiency of those

9   allegations has already been considered and resolved by both this Court and the Ninth Circuit, and the

10  Complaint has not changed in any way since that time.  Any argument that the Complaint states a

11  plausible antitrust claim, *see* Mot. 10–21, thus challenges "explicit decisions" or "issues decided by

12  necessary implication[]." *Eichman*, 880 F.2d at 157; *see also LaShawn*, 87 F.3d at 1393 ("[T]he *same*

13  issue presented a second time in the *same case* in the *same court* should lead to the *same result*.").

14      Indeed, Isaacs' motion is foreclosed by *Optional Capital, Inc. v. DAS Corp.*, 66 F.4th 1188 (9th

15  Cir. 2023).  There, like here, the movant sought relief under Rule 60 by making arguments "that [were]

16  directly contrary to, and squarely foreclosed by, the rulings in [the Ninth Circuit's] prior opinion." *Id.*

17  at 1192.  The Ninth Circuit summarily affirmed the denial of that motion, holding that Rule 60

18  "obviously" cannot be used to circumvent law of the case doctrine. *Id.* at 1191–93.  Isaacs' motion—

19  which also is "utterly meritless," "frivolous," and serves only to "vexatiously multiply[] these

20  proceedings"—should be dispatched in similarly short order. *Id.* at 1193; *see also*, *e.g.*, *United States*

21  *v. Jallali*, 587 F. App'x 583, 586 (11th Cir. 2014) (Rule 60 motion denied under the law of the case);

22  *Biancur v. Hickey*, 221 F. App'x 546, 547 (9th Cir. 2007) (same); *Aquino v. Cnty. of Monterey Sheriff's*

23  *Dep't*, 2018 WL 3845718, at *1 (N.D. Cal. Aug. 12, 2018) (same).

24      Isaacs appears to argue that the Court should disregard the Ninth Circuit's mandate because the

25  Digital Markets Act went into effect in the European Union and a jury found against Google in a

26  different antitrust case.  *See* Mot. at 9, 16–17.  Neither meets the high standard to depart from law of

27  the case.  *See Godecke v. Kinetic Concepts, Inc.*, 2016 WL 11673222, at *5 (C.D. Cal. Nov. 16, 2016).

28  It goes without saying that European Union legislation and a verdict in a different district court cannot

1    countermand the Ninth Circuit's published affirmance of the dismissal in this case. *See In re Zermeno-*
2    *Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017) ("[A] published decision of this court constitutes binding
3    authority which must be followed unless and until overruled by a body competent to do so.").  Nor do
4    the Digital Markets Act ("DMA") or verdict against Google unsettle the result here: Plaintiffs lost this
5    case at the pleading stage because *their allegations* failed on multiple grounds.  No number of
6    developments in the world at large can change the insufficiency of Plaintiffs' Complaint. *See In re*
7    *Optionable Sec. Litig.*, 2009 WL 1653552, at *4 (S.D.N.Y. June 15, 2009) (refusing to vacate dismissal
8    order despite emergence of new evidence from government investigation because "Plaintiffs chose to
9    file on insufficient allegations"); *Karam v. Corinthian Colleges, Inc.*, 2015 WL 13593539, at *5–7
10   (C.D. Cal. Mar. 4, 2015) (similar); *Reese v. McGraw-Hill Companies, Inc.*, 293 F.R.D. 617, 622
11   (S.D.N.Y. 2013) (similar).  Isaacs' motion should be denied.

12   **II.     ISAACS HAS NOT MET HIS BURDEN UNDER RULE 60**

13          Isaacs' motion also should be denied because he does not establish any entitlement to relief
14   under Federal Rule of Civil Procedure 60 itself.  First, Rule 60(b)(5) does not apply because the
15   judgment is not prospective, nor does Isaacs demonstrate any inequity in leaving that judgment
16   undisturbed.  Second, Isaacs' resort to irrelevant developments across the globe, false claims of
17   discrimination, and a bare assertion that every court to have considered his claims got it all wrong does
18   not justify relief under Rule 60(b)(6).

19          **A.     There Is No Right to Relief Under Rule 60(b)(5).**

20          Federal Rule of Civil Procedure 60(b)(5) allows relief from a final judgment where "the
21   judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been
22   reversed or vacated; or applying it prospectively is no longer equitable."  Fed. R. Civ. P. 60(b)(5).
23   Isaacs does not seek relief under either of the first two prongs.  Rather, he argues that "applying the
24   previous dismissal prospectively is no longer equitable due to a significant shift in the legal landscape."
25   Mot. 8.  This argument fails for three reasons.

26          First, the Court's judgment does not have prospective application—as required for a judgment
27   to be "unfair under Fed. R. of Civ. P. 60(b)(5)." *Maraziti v. Thorpe*, 52 F.3d 252, 254 (9th Cir. 1995).
28   Prospective judgments are those that are not merely "executory" and instead involve "the supervision

of changing conduct or conditions." *Id.*  So while dismissing a case has "reverberations into the future insofar as it precludes relitigation, such judgments are executory and have no 'prospective application' for the purposes of Rule 60(b)(5)." *Id.* (order dismissing party from lawsuit was not prospective); *see also Fantasyland Video, Inc. v. Cty. of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007) (summary judgment not prospective even though it precluded plaintiff from challenging constitutionality of ordinance).  As a result, courts routinely find that orders dismissing cases with prejudice are not prospective under Rule 60(b)(5). *See, e.g.*, *Tapper v. Hearn*, 833 F.3d 166, 171 (2d Cir. 2016); *Comfort v. Lynn Sch. Comm.*, 560 F.3d 22, 27–28 (1st Cir. 2009); *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 271–72 (3rd Cir. 2002); *Gibbs v. Maxwell House*, 738 F.2d 1153, 1155–56 (11th Cir. 1984); *Twelve John Does v. D.C.*, 841 F.2d 1133, 1139–40 (D.C. Cir. 1988).  Isaacs offers no contrary authority or argument.[2]

Second, "controlling legal principles" have not "shift[ed]."  Mot. 4.  Isaacs focuses on the verdict returned for Epic in its recent antitrust case against Google. *See id.*  Setting aside that a jury verdict cannot supersede the considered opinion of the Ninth Circuit (*see supra* 5), Isaacs far overstates the overlap between Epic's case and his.  In that case, the jury found that Google had engaged in anticompetitive conduct—including through agreements with potential rival app stores and original smartphone equipment manufacturers—in worldwide markets (excluding China) for Android app distribution and Android in-app billing services. *See In re Google Play Store Antitrust Litigation*, 21-md-02981, Dkt. 866 at 3–7.  That is very different than the challenges here to Apple's Guidelines, review process, and search algorithms across numerous, ill-defined, domestic markets. *See, e.g.*, Dkt. 85 at 4–5 (summarizing the "claim theory" and 15 markets alleged by Plaintiffs, most explicitly limited to iOS).  The *Google* verdict does not and cannot control the outcome of this litigation.

That the jury in *Google* found a single-brand market does not mean there was a change in "controlling legal principles."  Mot. 4.  The viability of single-brand markets remains governed by *Newcal Industries Inc. v. Ikon Office Solution*, 513 F.3d 1039, 1049–50 (9th Cir. 2008), *Epic Games*,

---

[2] *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367 (1992), cited by Isaacs (Mot. 9), does not suggest otherwise.  The movant there sought to modify "an institutional reform consent decree" with extensive, ongoing obligations—a classic prospective judgment subject to Rule 60(b)(5).  502 U.S. at 383.  Nor do the improvements in prison conditions at issue in *Rufo* resemble the supposedly changed circumstances to which Isaacs points here. *See id.* at 375–77.

*Inc. v. Apple, Inc.*, 67 F.4th 946, 977 (9th Cir. 2023), and their progeny.  That was the standard applied in this case, *Coronavirus Rep.*, 85 F.4th at 956–57; to the extent Isaacs argues a different standard was applied in *Google*, that would point to error in that case, not this one.  Nor would a change in the law on this issue warrant relief: Plaintiffs' failure to plead a single-brand market was only one of many independent shortcomings with the alleged markets, and Plaintiffs pled no antitrust injury to boot.  *Id.* at 954–959; *see also* Dkt. 85 at 22–27.

Third, "Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests."  *Horne v. Flores*, 557 U.S. 433, 447 (2009).  But Isaacs seeks to do just that. He gestures to a series of external developments, none bearing on the insufficiencies of the Complaint, and asks for a do-over.  *See* Mot. 16–17.  That is improper.  *See Money Store, Inc. v. Harriscorp Fin., Inc.*, 885 F.2d 369, 372 (7th Cir. 1989) ("Rule 60(b)(5) 'does not allow relitigation of issues which have been resolved by the judgment.'").  Far from furthering "justice and equity," Mot. 29, "both would be offended by rewarding [Isaacs'] needless relitigation" of arguments that have been made and rejected—particularly since Isaacs does not even attempt to dispute many of the grounds supporting the judgment.  *Gen. Ins. Co. of Am. v. Corp. Control, Inc.*, 2005 WL 1592918, at *4 (E.D. Cal. June 27, 2005).  Because none of Isaacs' arguments approach the high bar for relief, his request to vacate the judgment under Rule 60(b)(5) should be rejected.

## B. There Is No Right to Relief Under Rule 60(b)(6).

"While drafted broadly," Federal Rule of Civil Procedure 60(b)(6) is "very narrow."  *Miller v. Norton*, 2008 WL 1902233, at *2 (E.D.N.Y. Apr. 28, 2008).  It provides an "'equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'"  *In re International Fibercom, Inc.*, 503 F.3d 933, 941 (9th Cir. 2007) (quoting *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006)).  This requires especially egregious circumstances, such as gross fraud, *McKinney v. Boyle*, 404 F.2d 632 (9th Cir. 1968), or a "clear and authoritative change in governing law," *Polites*, 364 U.S. at 433.  Although Isaacs' arguments are anything but clear, he appears to advance three points: (1) that developments since the Court's dismissal justify relief, Mot. 9–11, 15–17, 19–21; (2) that the Court's decision was tainted by alleged discrimination, Mot. 11–13;

1    and (3) that he stated a plausible *per se* tying claim, Mot. 2–3, 10.  Each of these arguments fails.

2                    **1.    There Are No Extraordinary Developments Warranting Relief**

3            For a change in governing law to constitute extraordinary circumstances under Rule 60(b)(6),

4    it must, at a minimum, be one that affects *the outcome of the judgment.  Martinez v. Shinn*, 33 F.4th

5    1254, 1263 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 584 (2023) (holding that "only legal rulings that

6    may have affected the outcome of the judgment the petitioner seeks to review should weigh toward a

7    finding of extraordinary circumstances") (cleaned up).  None of the four "developments" Isaacs cites—

8    the Department of Justice's March 21, 2024 complaint against Apple, Mot. 19–20, Apple's compliance

9    with the DMA in the European Union, Mot. 11–13, 21, the verdict in *In re Google Play Store*, 21-md-

10   02981, Mot. 1, 4, 7, 16–17, and Apple's compliance with the injunction in *Epic Games, Inc. v. Apple*

11   *Inc.*, 20-cv-05640, Mot. 9–11—meet this bar.

12           To start, none of these developments even affect the "governing" law in this case.  *Polites*, 364

13   U.S. at 433.  The Department of Justice's complaint is just that—an initial pleading—with no

14   precedential force.  *See Kreidler v. Pixler*, 2010 WL 1536842, at *1 (W.D. Wash. Apr. 15, 2010) ("The

15   [government's] allegations against [a party], are, at this point, just allegations.").  The DMA has no

16   bearing on U.S. antitrust law.  *See* DMA, Regulation (EU) 2022/1925, Ch. 1, Art. 1, ¶ 2.  And no

17   proceedings in *In re Google Play Store*, No. 21-md-02981 (N.D. Cal.) or *Epic Games, Inc. v. Apple*

18   *Inc.*, No. 20-cv-05640 (N.D. Cal.), could suffice as even disparate decisions in district courts are not

19   "by [themselves], sufficiently 'extraordinary' to justify reopening [a] judgment."  *United Airlines, Inc.*

20   *v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009); *see also Martinez v. Allstate Ins. Co.*, 2001 WL 37124841,

21   at *2 (D.N.M. Aug. 5, 2001) ("The fact that another judge has issued a decision that may contain a

22   different conclusion from that of this Court does not mean that enforcement of this judgment is

23   inequitable.").  The Ninth Circuit held on multiple grounds that Plaintiffs' claims failed—a decision

24   that is now the law of this Circuit—and pleadings by a litigant, statutes by a foreign sovereign, and

25   ongoing district-court proceedings in different cases cannot supersede that.  *See United States v.*

26   *Montalvo*, 2009 WL 2591356, at *3 (E.D. Cal. Aug. 21, 2009) (rejecting Rule 60(b)(6) motion where

27   "intervening authority . . . does not change the governing law").

28           Isaacs also fails to identify anything "beyond any question inconsistent" with the Court's

rulings here.  *Edmondson v. RCI Hosp. Holdings, Inc.*, 2021 WL 4499031, at *2 (S.D.N.Y. Oct. 1, 2021).  For example, Isaacs claims that the DMA "ha[s] brought to light the actuality and significance of 'iOS notary stamps' as a distinct market."  Mot. 8.  That is so, he says, because the "Core Technology Fee" that forms part of Apple's new business terms available for developers' apps in the European Union is "a de facto 'Notary Stamp Fee' for Apple's notarization process."  *Id.* at 8.  That invented interpretation of Apple's Core Technology Fee is unsupported and untrue.  More to the point, it is completely irrelevant to the issues in this case: New business terms that Apple has made available in the European Union have no bearing on whether Plaintiffs adequately alleged a relevant market in this case—all of which, Plaintiffs argued, were limited to the United States.  *Coronavirus Rep. et al. v. Apple Inc.*, 22-15166 (9th Cir.) Dkt. 17 at 50*; see also, e.g.*, *Johnston v. Cigna Corp.*, 14 F.3d 486, 497 (10th Cir. 1993) ("Absent a post-judgment change in the law in a factually-related case, however, we have held that 'a change in the law or in the judicial view of an established rule of law' does not justify relief under Rule 60(b)(6).").[3]

So too for the other litigation Isaacs cites.  The motion pending before Judge Gonzalez Rogers challenges Apple's compliance with an injunction issued under the California Unfair Competition Law concerning so-called "anti-steering provisions" that were once in Apple's Guidelines.  *See Epic Games, Inc. v. Apple Inc.*, No. 20-cv-05640, Dkts. 897 & 915 (N.D. Cal.).  But Plaintiffs never challenged Apple's anti-steering provisions here, much less under the Unfair Competition Law.  Dkt. 41 ¶¶ 160–323.  Indeed, Isaacs has repeatedly argued that *Epic* stands "in contrast" to this case.  *Coronavirus Rep. et al. v. Apple Inc.*, 22-15166 (9th Cir) Dkt. 17 at 11.  As explained above, Epic's lawsuit against Google also was fundamentally different from this case.  *Supra* 7.  And the Department of Justice's allegations, unlike those in this case, focus on messaging apps, cloud streaming apps, smartwatches,

---

[3] Isaacs asserts without citation that "Apple also conceded during appeal that Notarization stamps are a tangible thing . . . refuting their MTD submission to this Court that the Notarization Stamps aren't a product"—an argument he also pressed to the Ninth Circuit.  Mot. 6; *see also Coronavirus Rep. et al. v. Apple Inc.*, 22-15166 (9th Cir.) Dkt. 69-1 at 5.  But as Apple has explained previously, it "in fact argued the opposite: Notary stamps are 'not a standalone product that can form the basis for a market, much less a single brand one as is alleged here . . . because they are 'not a product' that 'Apple is . . . buying and selling,' but rather a mere 'technical process' that can 'identify a particular piece of software as having been approved.'"  *Coronavirus Rep. et al. v. Apple Inc.*, 22-15166 (9th Cir.) Dkt. 71 at 10 (quoting video of oral argument at 22:50–23:32).

DEFENDANT APPLE INC.'S OPPOSITION TO ISAACS' MOTION FOR RELIEF FROM JUDGMENT
CASE NO. 3:24-CV-00476-RS

Gibson, Dunn &
Crutcher LLP

"super apps," and digital wallets, *United States, et al. v. Apple Inc.*, No. 24-cv-04055, Dkt. 1 ¶¶ 61–117 (D.N.J. Mar. 21, 2024).  At bottom, all of Isaacs' supposed "developments" have no bearing on this Court's evaluation of Plaintiffs' *allegations in this case*.  *See Edmondson*, 2021 WL 4499031 at *2–4 (denying Rule 60(b)(6) motion where decision was not clearly irreconcilable with "new law").

What is more, Isaacs fails to grapple with the multiple, independent grounds on which his antitrust claims faltered.  His arguments focus on single-brand markets.  *See* Mot. 1, 4, 5, 6, 15–17 & n.1.  But his failure to adequately allege the prerequisites to a single-brand market was only one of many failures with the Complaint: Isaacs does not even attempt to argue that the law has changed with regard to any of the other dispositive defects identified by this Court and the Ninth Circuit.  *See* Dkt. 85 at 10–22; *Coronavirus Rep.*, 85 F.4th at 954–959.  Without addressing these other grounds for dismissal, the supposed changes in law cannot affect "the outcome of the judgment the petitioner seeks to review."  *Shinn*, 33 F.4th at 1263.  For this reason too, Isaacs' motion should be denied.[4]

### 2.    Isaacs' allegation of "discrimination" is false.

Isaacs also claims that this case was "marred" because Apple and its counsel "target[ed] [his] medical condition" and thereby "poisoned the Court's perception of the case."  Mot. 16.  That is not true.  Isaacs' chief complaint is the description of his disability as a "neuropsychiatric illness."  Mot. 17.  Setting aside that he has acknowledged as much in his own filings (*see*, *e.g.*, Mot. 12; Dkt. 118-10 ¶ 17), the description that Isaacs condemns is neither Apple's nor its counsel's.  It is from the United States Court of Appeals for the Third Circuit: In affirming the dismissal of another lawsuit brought by Isaacs, that court observed that he "suffers from a neuropsychiatric illness."  *Isaacs v. Arizona Bd. of Regents*, 608 F. App'x 70, 72 (3d Cir. 2015).  Nor was this "irrelevant," as Isaacs suggests.  Mot. 17.  Plaintiffs put Isaacs' "interdisciplinary expertise" at issue, Dkt. 41 ¶ 30, sought a preliminary injunction challenging the denial of their app as "pretextual at best," Dkt. 20 ¶ 46, and thereby put Apple to its

---

[4] Although courts sometimes also consider other factors such as the movant's diligence, the effect of vacatur on past, executed effects of the judgment, and the delay between the final judgment and seeking relief, *Fed. Trade Comm'n v. Hewitt*, 68 F.4th 461, 469 (9th Cir. 2023), Isaacs makes no arguments that any of these factors support his motion.  Having failed to make these arguments in his motion, he cannot do so for the first time in reply.  *See Rivas Rosales v. Barr*, 2020 WL 1505682, at *9 (N.D. Cal. Mar. 30, 2020) (Chen, J.) (finding that issues not raised until reply are waived); *Harris v. Vector Mktg. Corp.*, 2010 WL 11484769, at *3 (N.D. Cal. Aug. 17, 2010) (Chen, J.) (same); *Knopp v. Life Ins. Co. of N. Am.*, 2009 WL 5215395, at *2 (N.D. Cal. Dec. 28, 2009) (Chen, J.) (same).

Gibson, Dunn &
Crutcher LLP

1   proof of explaining that a former physician who lost his license and then unsuccessfully sued the

2   medical school at which he lost his residency for disability discrimination over his "neuropsychiatric

3   illness," *Isaacs*, 608 F. App'x at 72–73, did not meet the Guidelines' requirement that a COVID-19

4   app developer be a "legal entity that provides [healthcare] services." Dkt. 32 at 6. Relying in part on

5   a federal court's description of the plaintiff to make that showing was not discriminatory or improper,

6   much less grounds for extraordinary relief under Rule 60(b)(6).[5]

7          Isaacs' argument is only the latest of his many complaints about phantom slights and imaginary

8   persecution at the hands of Apple or Gibson Dunn. *See, e.g.*, Dkt. 62 at 20 & n.4; Dkt. 96 at 3; Dkt. 97

9   at 11–12; *Jeffrey Isaacs et al. v. Apple Inc.*, 22-15167 (9th Cir.) Dkt. 8 at 24; *Coronavirus Rep. et al.*

10  *v. Apple Inc.*, 22-15167 (9th Cir.) Dkt. 8 at 24; Kleinbrodt Decl. Ex. 4. In each instance, Isaacs'

11  allegations have been untrue, unsupported by even a shred of evidence, and rejected as such. *See, e.g.*,

12  Dkt. 85 at 33 (rejecting unsupported assertions that Apple's counsel has a conflict of interest). The

13  same is true here: The notion that Apple sought to attack Isaacs to "evade substantive legal debate,"

14  Mot. 13, is disabused by even a cursory review of Apple's submissions in this case. Only Plaintiffs

15  have been chastised for their pejorative references in place of sound legal argument in this litigation.

16  *See Primary Prods. LLC v. Apple Inc.*, No. 2:21-cv-00137-JDL, Dkt. 19 (D. Me. July 20, 2021)

17  (admonishing plaintiffs about "the use of ad hominem references to opposing counsel").

18         In any event, Isaacs cites no authority that supposed "discrimination" in legal filings is grounds

19  for relief under Rule 60, and nothing suggests that the Court's judgment was tainted by any improper

20  considerations. The Court heard argument from Isaacs and, by his own admission, "underst[ood]" his

21  arguments "quite well." *Coronavirus Rep. v. Apple Inc.*, 22-15166 (9th Cir.) Dkt. 17 at 32. The Court

22  then issued a detailed opinion that (correctly) resolved this case on its merits—without any reference

23  to the assertions Isaacs now finds offensive. Dkt. 85 at 9–31; *see also Coronavirus Rep.*, 85 F.4th at

24  954–959. Although Isaacs ascribed many faults to this Court in his appeal (*see, e.g., Coronavirus Rep.*

25  *et al. v. Apple Inc.*, 22-15166 (9th Cir.) Dkt. 17 at 11, 21, 20, 32), ruling on the basis of disability

26

27      [5] Isaacs also takes issue with the assertion that he is "steering the ship" of this litigation. Mot. 14.
    Isaacs is not only a named plaintiff, Dkt. 41, but also the self-described "client" of counsel for the
28  entities in this litigation. Dkt. 63 Ex. 1 (explaining how Isaacs is "the driving force behind the
    *Coronavirus Reporter* lawsuit"). Regardless, none of this is a basis for relief under Rule 60.

1   discrimination was not one of them.  His manufactured theory should be rejected.

2                   **3.    There is no plausible *per se* tying claim.**

3          Finally, Isaacs appears to claim that he has alleged a plausible *per se* tying claim.  *See* Mot. 2–

4   3, 11.  But the time for this argument has passed.  Even if there had been "legal error" (and there was

5   not), that "does not by itself warrant the application of Rule 60(b)."  *Selkridge v. United of Omaha Life*

6   *Ins. Co*., 360 F.3d 155, 173 (3d Cir. 2004).  Rather, the "correction of legal errors" generally  "is the

7   function of the Courts of Appeals."  *Id.*  Isaacs pressed his arguments to the Ninth Circuit and lost.  He

8   cannot continue to relitigate the same disputes under the guise of Rule 60.  *See, e.g.*, *Horne*, 557 U.S.

9   at 447; *Morse-Starrett Prod.*, 205 F.2d at 249.

10         Moreover, Isaacs' arguments are wrong as a matter of antitrust law.  While he says his "*per se*

11  tying claim" describes "pernicious conduct," Mot. 6, such a claim still requires the plaintiff to define

12  the relevant markets.  *See, e.g.*, *Illinois Tool Works Inc. v. Independent Ink, Inc.*, 547 U.S. 28, 35–37,

13  46 (2006); *Cascade Health Sols. v. PeaceHealth*, 515 F.3d 883, 913 (9th Cir. 2008).  Both this Court

14  and the Ninth Circuit found that Plaintiffs failed to do so.  *See supra* 3; Dkt. 85 at 9–31; *Coronavirus*

15  *Rep.*, 85 F.4th at 954–959.  Nor was that the only problem with Plaintiffs' claim: Any tying claim also

16  failed for lack of antitrust injury—an independent basis for the Court's judgment that Isaacs does not

17  even try to call into question, *see* Dkt. 85 at 22–27—as well as on various other grounds too.  *See* Dkt.

18  45 at 16–17 (explaining Plaintiffs' failure to allege two separate products as well as their lack of

19  standing to bring a tying claim).  Isaacs' third bite at this argument is no more meritorious than his first

20  two, and it provides no basis for relief under Rule 60.

21  **III.    THERE IS NO BASIS FOR AN EVIDENTIARY HEARING OR DISCOVERY**

22         Isaacs' request for an evidentiary hearing should be denied.  *See* Mot. 25–26.  Such hearings

23  serve no purpose when a motion can be resolved on the papers and existing record.  *See, e.g.*, *United*

24  *States v. Bermudez*, 2014 WL 2111496, *4 (N.D. Cal. May 20, 2014) ("[T]he court finds an evidentiary

25  hearing unnecessary since the motion, relevant files and underlying record conclusively show that

26  Petitioner is not entitled to relief."); *United States v. Pacific Gas and Electric Co.*, 2016 WL 3255069,

27  *3 n.5 (N.D. Cal. June 14, 2016) (same); *Shoom, Inc. v. Eletronic Imaging Systems of America, Inc.*,

28  2006 WL 1529983, *4 n.2 (N.D. Cal. May 31, 2006) (same).  That is the case here.  Isaacs appears to

1   seek a hearing so that he can "testify … in further detail," Dkt. 118-10, ¶ 15, but there is nothing more

2   to say.  He has already submitted a declaration, *id.*, and further proceedings would only waste time:

3   This case was resolved on the pleadings as a matter of law, and no amount of testimony can change the

4   insufficiency of Plaintiffs' complaint.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009) ("Evaluating

5   the sufficiency of a complaint is not a 'fact-based' question of law.").

6          For similar reasons, there is no basis for Isaacs' request to take discovery.  *See* Mot. 25–26.

7   Isaacs cites no authority supporting this request, and post-judgment discovery is typically limited to

8   "aid [in] the judgment or [its] execution"—not extended to litigants who have lost on the merits yet

9   still want to harass their counterparty with fishing expeditions.  Fed. R. Civ. P. 69; *see also Gresset v.*

10  *City of New Orleans*, 2019 WL 459182, at *3 (E.D. La. Feb. 6, 2019) (finding court "correctly denied

11  plaintiff's request for a subpoena because plaintiff's claims had already been dismissed when he

12  requested the subpoena"); *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 2024 WL 128608, at *6 (E.D.

13  La. Jan. 11, 2024) ("Since Plaintiff unquestionably attempted to issue the subpoenas after her case was

14  dismissed, the subpoenas were issued without this Court's authority, are null and void, and were never

15  enforceable.").  Isaacs should not be afforded an opportunity to resume abusive discovery tactics.  *See*,

16  *e.g.*, Dkt. 74 at 1–11 (describing Plaintiffs' attempt to subpoena Apple employees to a motion hearing

17  and impose premature production obligations on Apple); Kleinbrodt Decl. Ex. 4 (recent

18  correspondence outlining Isaacs' professed intent to serve burdensome discovery).  This long-closed

19  case should remain so.

20                                    **CONCLUSION**

21          "At some point, litigation must come to an end."  *Facebook, Inc. v. Pac. Nw. Software, Inc.*,

22  640 F.3d 1034, 1042 (9th Cir. 2011).  Plaintiffs have had ample opportunity to state a claim and argue

23  their case—to this Court, the Ninth Circuit, and the Supreme Court.  At each stage, Plaintiffs have

24  consumed extensive party and judicial resources, and at each stage they have lost.  Isaacs' motion

25  should be denied.

26

27

28

Gibson, Dunn &
Crutcher LLP

                                            14
DEFENDANT APPLE INC.'S OPPOSITION TO ISAACS' MOTION FOR RELIEF FROM JUDGMENT
                          CASE NO. 3:24-CV-00476-RS

DATED: April 26, 2024

GIBSON, DUNN & CRUTCHER LLP
RACHEL S. BRASS
JULIAN W. KLEINBRODT

By: */s/ Julian W. Kleinbrodt*
      Julian W. Kleinbrodt

*Attorneys for Defendant APPLE INC.*

DEFENDANT APPLE INC.'S OPPOSITION TO ISAACS' MOTION FOR RELIEF FROM JUDGMENT
CASE NO. 3:24-CV-00476-RS

Gibson, Dunn &
Crutcher LLP