UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORONAVIRUS REPORTER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendants. | Case No. 21-cv-05567-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE**<br><br>Docket No. 118 |

## I.     INTRODUCTION

Plaintiffs Coronavirus Reporter, CALID, Inc., Primary Productions LLC, and Dr. Jeffrey D. Isaacs ("Plaintiffs") sued Defendant Apple ("Defendant") for allegedly maintaining a monopoly of the Apple App Store, among other claims. The Court dismissed Plaintiffs' claims because Plaintiffs failed to adequately plead several essential elements of their claims. *See* Docket Nos. 85 and 103. The Ninth Circuit affirmed, and the Supreme Court denied certiorari. *See Coronavirus Rep. v. Apple Inc.,* 85 F.4th 948, 953 (9th Cir. 2023); *see Coronavirus Rep. v. Apple, Inc.*, No. 23A718, 2024 WL 421280, at *1 (U.S. Feb. 5, 2024). Now pending before the Court is Dr. Jeffrey D. Isaac's motion to reopen the case. The Court finds the matter suitable for disposition on the papers under Civil Local Rule 7-1(b). For the reasons explained herein, the Court **DENIES** the motion.

## II.     BACKGROUND

On November 30, 2021, the Court granted Apple's motion to dismiss all of Plaintiffs' claims against Apple. Docket No. 85. There, the Court also denied as moot Plaintiffs' motions for preliminary injunction, to strike and to append claim, as well as Apple's motion to quash. *Id.*

On February 2, 2022, the Court denied Plaintiffs' motions for reconsideration and relief from judgment. Docket No. 103.

On November 3, 2023, the Ninth Circuit affirmed. *Coronavirus*, 85 F.4th at 953. There, the Ninth Circuit held:

> While the district court dismissed the Plaintiffs-Appellants' first amended complaint in this case, Plaintiffs-Appellants were given a total of seven opportunities to amend similar complaints across jurisdictions and between various permutations of plaintiffs, but still failed to state their claims here adequately. It is within the district court's discretion to determine that an eighth opportunity would produce a similar result.

*Id.* at 958.

On February 5, 2024, the Supreme Court denied certiorari. *Coronavirus*, 23A718, 2024 WL 421280, at *1 (U.S. Feb. 5, 2024).

Dr. Jeffrey D. Isaacs ("Plaintiff") now moves to reopen the case. Docket No. 118.

### III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b), a party may seek relief from a final judgment or order under specific circumstances. A court may grant relief if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). However, "Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests." *Horne v. Flores*, 557 U.S. 433, 447 (2009). A court may also grant relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, Rule 60(b)(6) applies in the "rare case in which extraordinary circumstances" justify relief. *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011).

### IV.    DISCUSSION

The Court denies Plaintiff's Rule 60 motion.

First, the Court may deny Plaintiff's motion because it disregards Local Rule 7-2(b), which states that motions must not exceed 25 pages in length. N.D. Cal. Civ. R. 7-2(b).

Second, the law of the case bars Plaintiff's motion to reopen the case. Under the doctrine concerning the law of the case, the Ninth Circuit's rulings bind the trial court as to any "issues

actually addressed and explicitly or implicitly decided upon in the court's previous disposition." *United States v. Garcia-Beltran*, 443 F.3d 1126, 1130 (9th Cir. 2006); *see Optional Cap., Inc. v. DAS Corp.*, 66 F.4th 1188, 1192 (9th Cir. 2023) (holding that the relevant Ninth Circuit "rulings are the law of the case, and the district court [is]… bound to follow them"). More specifically, where "the latest relief sought [is]…directly contrary to [the Ninth Circuit's] rulings in this case," relief under Rule 60 is not warranted. *Optional*, 66 F.4th at 1189.

The Ninth Circuit's decision is the law of this case. In its decision, the Ninth Circuit affirmed this Court's dismissal of Plaintiffs' complaint because Plaintiffs failed to adequately plead several essential elements of their claims. *Coronavirus*, 85 F.4th 948. Specifically, the Ninth Circuit held that Plaintiffs failed to: 1) adequately define the relevant market, as needed to state a restraint of trade or monopolization claim under the Sherman Act, 2) sufficiently allege a single-brand market, sufficient to satisfy the 'relevant market' element under the relevant claims of the Sherman Act; 3) demonstrate a breach of a license agreement; and 4) allege an enterprise other than the manufacturer as a corporation, as required to state a Racketeer Influenced and Corrupt Organizations Act (RICO) claim. *Id.*

Now, Plaintiff Dr. Jeffrey D. Isaacs seeks relief from a final judgment dismissing the case under Rule 12(b)(6) because of the European Union's implementation of the Digital Markets Act ("DMA") and the verdict in *In re Google Play Store Antitrust Litigation* (MDL Cases No. 21-md-02981-JD, Member Case No. 20-cv-05671-JD). *See* Docket No. 118 (Plaintiff's motion to reopen). However, a foreign jurisdiction's legislation and a verdict in another district court are not grounds to contravene the Ninth Circuit's published opinion affirming this Court's dismissal of Plaintiffs' claims.

As the court held in *In re Zermeno-Gomez*, "[u]nder our 'law of the circuit doctrine,' a published decision of this court constitutes binding authority 'which must be followed unless and until overruled by a body competent to do so.'" *In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017) (quoting *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012)). The Ninth Circuit's opinion, affirming this Court's finding that Plaintiffs failed to state a claim as a matter of law, binds this Court. *Coronavirus*, 85 F.4th at 953.

3

Further, as the Ninth Circuit held in *Optional*, denial of a party's Rule 60 motion is valid where "the arguments on which [the Rule 60 motion] was based 'ignore[d] significant portions' of [the Ninth Circuit's] opinion and…granting the relief requested would 'contravene[ ] the law of the case and the rule of mandate.'"  *Optional*, 66 F.4th at 1189 (quoting *United States v. 475 Martin Lane, Beverly Hills, California*, 2022 WL 4117109, at *1 (C.D. Cal. Aug. 5, 2022)).  While the specific motion in *Optional* was a Rule 60(a) motion, rather than a Rule 60(b) motion as is here, the Ninth Circuit's reasoning behind affirming the district court's denial of the party's Rule 60 motion applies here.

As stated, Plaintiffs' failure to adequately plead several essential elements of their claims informed the Ninth Circuit's decision to affirm this Court's dismissal of their claims.  *Coronavirus*, 85 F.4th at 953.  Plaintiff Dr. Jeffrey D. Isaacs's arguments regarding external developments do not cure deficiencies in Plaintiffs' own allegations, which this Court and the Ninth Circuit found insufficient under Rule 12(b)(6).

Therefore, the Court **DENIES** Plaintiff's motion to reopen the case.   Correspondingly, neither an evidentiary hearing nor further discovery is warranted.

## V.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to reopen the case.

**IT IS SO ORDERED**.

Dated: October 28, 2024

_____
EDWARD M. CHEN
United States District Judge

4