RACHEL S. BRASS
rbrass@gibsondunn.com
JULIAN W. KLEINBRODT
jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
Suite 2600
San Francisco, California  94111-3715
Telephone:	415.393.8200
Facsimile:	415.393.8306

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **Coronavirus Reporter et al.**  *on behalf of themselves and all others similarly situated.*  Plaintiffs,  v.  **Apple Inc.**  Defendant. | CASE NO. 21-CV-05567-EMC  **ADMINISTRATIVE MOTION TO RELATE ACTIONS**  Honorable Edward M. Chen |

Pursuant to Local Rule 3-12(b), Defendant Apple Inc. ("Apple") hereby moves this Court to relate *Coronavirus Reporter Corporation v. Apple Inc.*, No. 24-cv-08660 (N.D. Cal.) (*Coronavirus II*), to the above-captioned action (*Coronavirus I*).

**I.	Background**

On March 5, 2024, Plaintiffs filed *Coronavirus II* in the District of Wyoming. *Coronavirus II*, No. 24-cv-53, Dkt. 1 ¶ 127 (D. Wyo. Mar. 5, 2024). The original *Coronavirus II* complaint was a carbon copy of this case. It was brought by Coronavirus Reporter and Calid Inc., also Plaintiffs here; asserted the same claims; and was filed by the same counsel as this action. Plaintiffs have since amended their complaint to add new parties and allegations, but *Coronavirus II* continues to raise the

same claims and issues resolved in *Coronavirus I*. As in *Coronavirus I*, Plaintiffs in *Coronavirus II* complain about the alleged rejection of their COVID-related app and "suppress[ion]" of the Calid and Webcaller videoconferencing apps. *See* Ex. 1 ¶¶ 94–134. Plaintiffs similarly allege markets for "app distribution services," "smartphone apps," and "iPhone Notary Stamps." Ex. 1 ¶¶ 205, 213, 219. And they continue to assert a Section 1 tying claim involving "notary stamps" and the App Store; a Section 2 claim challenging Apple's $99 developer fee; and a claim for ranking "suppression" or "manipulation," among others. Ex. 1 ¶¶ 287–337. These are among the same claims, undergirded by the same allegations, dismissed with prejudice in *Coronavirus I*, 2021 WL 5936910, at *2–3 (N.D. Cal. Nov. 30, 2021), *aff'd*, 85 F.4th 948 (9th Cir. 2023); *see also* MDL No. 3113, Dkt. 40 at 2 (J.P.M.L. Oct. 3, 2024) (refusing to transfer *Coronavirus II* into a pending MDL in part because it is "similar" to *Coronavirus I*).

Apple moved to transfer *Coronavirus II* to the Northern District of California. *Coronavirus II*, No. 24-cv-53, Dkt. 19 (D. Wyo. June 20, 2024). The United States District Court for the District of Wyoming granted that motion and transferred *Coronavirus II* to the Northern District of California. On December 3, 2024, the Clerk of this Court docketed *Coronavirus II* as Civil Action No. 24-cv-08660. That case is currently assigned to Hon. Joseph C. Spero.

**II.    The Two Cases Are Related**

Cases are related when "(1) [t]he actions concern substantially the same parties, property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a). *Coronavirus I* and *Coronavirus II* easily meet this standard. The parties, allegations, claims, issues, and counsel in these cases overlap. As a result, this Court is best positioned to resolve the questions presented by *Coronavirus II*; indeed, Plaintiffs previously agreed that resolving *Coronavirus II* in this Court would "add[] efficiency" given the Court's familiarity with the history of this litigation. No. 24-cv-53, Dkt. 38-1 at 2 (D. Wyo. Oct. 11, 2024). There is no plausible reason why these actions should not be related.

### 1. The Cases Concern Substantially the Same Parties

This case was brought by "Coronavirus Reporter," Calid Inc., Primary Productions LLC, and Jeffrey Isaacs on behalf of a putative class of "[a]ll U.S. iOS developers of any app that was excluded through disallowance and/or ranking suppression on the App Store," Dkt. 42 ¶ 149, with an asserted focus on "developers of free apps." *Id.* ¶ 131. That mirrors *Coronavirus II*, which was also filed by Coronavirus Reporter Corporation and Calid Inc. (*Coronavirus II*, Dkt. 1 ¶ 23–24 (D. Wyo. Mar. 5, 2024), with a near-identical putative class of "[a]ll U.S. Smartphone developers of any free app (zero-priced) that suffered economic losses through disallowance, censorship, and/or ranking suppression on the App Store." Ex. 1 ¶ 252. Thus, these cases are brought by the same group of plaintiffs on behalf of nearly identical putative classes.[1]

### 2. The Cases Concern Substantially the Same Transactions or Events

Although Plaintiffs have added some allegations to *Coronavirus II*—by lifting a handful of disconnected allegations from the Department of Justice's antitrust complaint against Apple—the Amended Complaint continues to pursue the same fundamental theories, based on the same underlying allegations, as *Coronavirus I*. In both cases, Plaintiffs challenge the alleged rejection or "suppression" of their apps—such as Coronavirus Reporter or Webcaller. Dkt. 41 ¶ 317; Ex. 1 ¶¶ 94–134. Similarly, Plaintiffs asserted in both cases, often using identical language, that Apple implemented restriction of smartphone "userbase access" (Dkt. 41 ¶¶ 160–79; Ex. 1 ¶¶ 229, 254, 308); restricted access to "essential facilities" (Dkt. 41 ¶¶ 180–94; Ex. 1 ¶¶ 320–24); "t[ied] the App Store, notary stamps, and software onboarding to the iOS device market" (Dkt. 41 ¶¶ 213–30; Ex. 1 ¶¶ 287–305); and "violat[ed] . . . [the] Sherman Act § 2 - $99 fee illegality" (Dkt. 41 ¶¶ 231–40; Ex. 1 ¶¶ 306–14). As they admitted, Plaintiffs refiled their allegations in the District of Wyoming not to pursue a different case but because

---

[1] The Amended Complaint in *Coronavirus II* added as a plaintiff Greenflight Venture Corp.—another entity affiliated with Jeffrey Isaacs. *See Whitepages, Inc. v. Isaacs*, 196 F. Supp. 3d 1128, 1130 (N.D. Cal. 2016) (noting that Greenflight "is a startup company founded by CEO Jeffrey Isaacs"); *see also* No. 24-cv-53, Dkt. 42 at 5 (D. Wyo. Nov. 1, 2024) (explaining the overlap between the parties and claims in *Coronavirus I* and *Coronavirus II*); *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) (holding that complete identity of parties is not required for *res judicata* if there is "sufficient commonality of interest").

they wanted to evade "Ninth Circuit law" that would "prevent redress." *Coronavirus II*, No. 24-cv-53, Dkt. 1 ¶ 127 (D. Wyo. Mar. 5, 2024). Thus, the crux of each case is the same.

### 3. Relating the Cases Will Promote Judicial Economy and Reduce the Risk of Conflicting Results

Because the complaints in these two cases are largely identical, relation will avoid "unduly burdensome duplication of labor and expense." Civ. L.R. 3-12(a)(2). To start, Apple intends to move to dismiss *Coronavirus II* as barred under *res judicata* given the judgment in *Coronavirus I*. Because this Court oversaw *Coronavirus I*, it "is in the best position to determine which claims or issues in the instant complaint are precluded by its own decision." *Reiggin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 57 (D.D.C. 2000). That is particularly true here because Plaintiffs also have indicated that they intend to argue Apple is estopped from invoking *res judicata* in *Coronvirus II* based on its arguments in this case. *See Coronavirus II*, Dkt. 39 at 6–12 (D. Wyo. Oct. 15, 2024).

In addition, the overlap in allegations and claims means that *Coronavirus II* will raise many of the same arguments—on a near-identical record—as those resolved in *Coronavirus I*. That includes arguments that the alleged markets (including those copied from *Coronavirus I*) are implausible and inadequately alleged, as well as arguments that Plaintiffs' allegations (which repeat those in *Coronavirus I*) do not plead antitrust injury—just as this Court found in dismissing *Coronavirus I*. *See* 2021 WL 5936910, at *8–*15. As but one more example, *Coronavirus II*, like *Coronavirus I*, claims that Apple's rejection of Plaintiffs' apps was an unlawful refusal to deal by denying access to "essential facilities" (*see* Dkt. 41 ¶¶ 180–94; Ex. 1 ¶¶ 315–31), and Apple's response in *Coronavirus II* will therefore mirror the arguments already put forth in *Coronavirus I*. *See* 2021 WL 5936910 at *14. Requiring different judges to analyze and oversee near-identical cases would waste the resources of the Court and risk "inconsistent results." *Rodriguez v. City of San Jose*, 930 F.3d 1123, 1131 (9th Cir. 2019).

### III. Conclusion

For the foregoing reasons, Apple respectfully requests that the Court grant this Motion and deem the cases related under Rule 3-12.

DATED: December 5, 2024

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Julian W. Kleinbrodt*
    Julian W. Kleinbrodt

RACHEL S. BRASS
rbrass@gibsondunn.com
JULIAN W. KLEINBRODT
jkleinbrodt@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
Suite 2600
San Francisco, California 94111-3715
Telephone:   415.393.8200
Facsimile:   415.393.8306

*Attorneys for Defendant*

Gibson, Dunn & Crutcher LLP