**Items in BLACK are near verbatim to DOJ v. Apple complaint in NJD**
**Items in RED have some significant overlap to Isaacs v. Apple, cv-5567-EMC FAC.**
**Items in BLUE are unique to CRC FAC**

**Of the FAC's 102 pages, about 60 are verbatim DOJ content, about 27 have substantive overlap with Isaacs, and about 15 are unique to either. A significant number of key events alleged in the FAC occurred after 2022, notably including four years of $99 class action fees totaling over $2billion, and therefore were not possibly referenced in Case No. 5567.**

I.   Introduction ................................................................................................................ 4

II.  **Defendant Apple Inc.** ............................................................................................. 10
A.   Apple launched the iPod, iTunes, and the iTunes Store against the backdrop of *United States v. Microsoft* ............................................................................................................. 12
B.   Apple invited third-party investment on the iPhone and then imposed tight controls on app creation and app distribution .................................................................................... 14
III. **Class Action Plaintiffs** ........................................................................................... 18
IV.  **Smartphones As Platforms** .................................................................................... 19
V.   **Related Global Antitrust Proceedings** ................................................................... 23
VI.  **Apple Unlawfully Maintains Its Monopoly Power** ............................................... 26
A.   Apple harms competition by imposing contractual restrictions, fees, and taxes on app creation and distribution ............................................................................................. 26
i.   COVID-19 Tracking Apps: Apple's Exclusionary Tactics Against Independent Scientists and Developers ........................................................................................................... 29
B.   Apple uses APIs and other critical access points in the smartphone ecosystem to control the behavior and innovation of third parties in order to insulate itself from competition ........... 38
i.   Cross-platform Videoconferencing: Apple protects its smartphone monopoly by degrading and undermining cross-platform video apps ................................................. 38
C.   Apple's "moat" around its smartphone monopoly is wide and deep: it uses a similar playbook to maintain its monopoly through many other products and services ................ 46
VII. **Anticompetitive Effects** ........................................................................................ 49
A.   Apple's conduct harms the competitive process .................................................... 49
B.   Apple has every incentive to use its monopoly playbook in the future ................. 53
C.   Antitrust Injury Experienced by Class Member Developers of Free Apps ............ 54
VIII. **Privacy, Security, and Other Alleged Countervailing Factors Do Not Justify Apple's Anticompetitive Conduct** ........................................................................................ 56
IX.  **The Smartphone Industry** ....................................................................................... 58
A.   Background ............................................................................................................. 58
B.   Smartphone Hardware ............................................................................................ 59
C.   Smartphone Operating Systems, Applications, and Other Software ..................... 60
D.   Relevant Markets .................................................................................................... 62
i.   Performance smartphones are a relevant product market ...................................... 63
ii.  Smartphones are a broader relevant product market .............................................. 64
iii. App Distribution Services ("App Stores") is a relevant market ........................... 65
iv.  There is a relevant Sherman market for US Smartphone Apps ("software") ....... 66

| | | |
|---|---|---|
| v. | There is a relevant Sherman market for iPhone Notary Stamps | 69 |
| vi. | The United States is a relevant geographic market for performance smartphones and smartphones and downstream markets | 72 |
| E. | Apple has monopoly power in the smartphone and performance smartphone markets | 74 |
| **X.** | **Jurisdiction and Venue** | **78** |
| **XI.** | **Putative Class Definitions** | **79** |
| **XII.** | **Violations Alleged** | **82** |
| A. | First Claim for Relief: Monopolization of the Performance Smartphone Market in the United States in Violation of Sherman Act § 2 | 82 |
| B. | Second Claim for Relief, in the Alternative: Attempted Monopolization of the Performance Smartphone Market in the United States in Violation of Sherman Act § 2 | 83 |
| C. | Third Claim for Relief: Monopolization of the Smartphone Market in the United States in Violation of Sherman Act § 2 | 84 |
| D. | Fourth Claim for Relief, in the Alternative: Attempted Monopolization of the Smartphone Market in the United States in Violation of Sherman Act § 2 | 85 |
| E. | Fifth Claim for Relief: Illegal Tying Between [Performance] Smartphones/iPhone Devices and Notary Stamps / App Stores | 86 |
| F. | Sixth Claim for Relief: Supra-competitive $99 Fee Class Action Recovery Fund | 90 |
| G. | Seventh Claim for Relief: *Aspen Skiing Co. v. Aspen Highlands* Exclusionary Conduct | 92 |
| H. | Eighth Claim for Relief: Ranking Manipulation | 95 |
| I. | Ninth Claim for Relief: Violation of Wyoming Consumer Protection Act and California Unfair Competition Law | 97 |
| **XIII.** | **Request for Relief** | **102** |